# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **ROUND ROCK RESEARCH, LLC** § | Civil Action No. 4:11-cv-332-MHS-ALM |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Jury Trial Requested |
| § | |
| **ORACLE CORPORATION and** § | |
| **DELL INC.** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT DELL INC.'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

**TABLE OF CONTENTS**

Page

I.    STATEMENT OF ISSUE TO BE DECIDED ................................................................. 1

II.   INTRODUCTION ............................................................................................................ 1

III.  FACTUAL BACKGROUND ........................................................................................... 2

IV.   ARGUMENT .................................................................................................................... 4

      A.   Legal Standard ...................................................................................................... 4

      B.   Round Rock's Complaint Does Not State a Claim for Direct Infringement
           Because It Fails to Sufficiently Identify the Accused Products or Asserted
           Claims. .................................................................................................................. 4

      C.   Round Rock's Complaint Fails to State a Claim for Direct Infringement of
           the Asserted Method Patents. ................................................................................ 6

      D.   Round Rock's Complaint Fails to Plead the Requisite Elements of a Cause
           of Action for Indirect Infringement. ..................................................................... 7

           1.   Round Rock has failed to sufficiently allege any act of direct
                infringement underlying Dell's purported indirect infringement. ............. 8

           2.   Round Rock has not adequately pled induced infringement or
                contributory infringement. ......................................................................... 9

      E.   Round Rock's Complaint Fails to Adequately Pray for Injunctive Relief. ......... 10

V.    CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702, 2011 U.S. Dist. LEXIS 65003 (W.D. Tex. June 17, 2011) .................... 9

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) ............................................................................. 7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................. 1, 4, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 1, 4, 7, 8

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  576 F.3d 1348 (Fed. Cir. 2009) ...................................................................................... 6

*Clear With Computers LLC v. Bergdorf Goodman, Inc.*,
  No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079 (E.D. Tex. Mar. 29, 2010) ........................ 7

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ...................................................................................... 9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ...................................................................................... 8

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
  No. 10-cv-03972, 2011 U.S. Dist. LEXIS 34076 (N.D. Cal. Mar. 29, 2011) ...................... 9

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ............................................................................................ 6

*i4i Ltd. P'ship v. Microsoft Corp.*,
  598 F.3d 821 (Fed. Cir. 2010) ........................................................................................ 6

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ............................................................................... 6, 8, 9

*Mirror Worlds, LLC v. Apple, Inc.*,
  No. 6-08-cv-00088, 2011 U.S. Dist. LEXIS 36451 (E.D. Tex. Apr. 4, 2011) ..................... 6

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005) ................................................................................... 6, 8

*Southern Christian Leadership Conference v. Supreme Ct.*,
　252 F.3d 781 (5th Cir. 2001) ..................................................................................................4

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
　No. 2:03-1329, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010)..................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
　581 F.3d 1317 (Fed. Cir. 2009)...........................................................................................9, 10

*Xpoint Techs., Inc. v. Microsoft Corp.*,
　730 F. Supp. 2d 349 (D. Del. 2010)........................................................................................9

## DOCKETED CASES

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
　No. 6:09-cv-499 (E.D. Tex. Mar. 29, 2010) .......................................................................9, 10

*Landmark Tech. LLC v. Aeropostale*,
　No. 6:09-cv-262 (E.D. Tex. Mar. 29, 2010) .............................................................................5

*Prompt Medical Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*,
　No. 6:10-cv-71 (E.D. Tex. Feb. 11, 2011) ...............................................................................5

*Realtime Data, LLC v. Morgan Stanley*,
　No. 6:09-cv-326 (E.D. Tex. May 7, 2010)...............................................................................5

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
　No. 2:03-1329, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010) ....................................8

## FEDERAL STATUTES

35 United States Code
　§ 271(b)....................................................................................................................................9
　§ 271(c)...............................................................................................................................9, 10

Federal Rules of Civil Procedure
　8(a) ...................................................................................................................................1, 4, 7
　12(b)(6) ............................................................................................................................1, 2, 4
　Form 18 ..................................................................................................................................11

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Dell Inc. ("Dell") hereby moves to dismiss the Complaint by Plaintiff Round Rock Research, LLC ("Round Rock") for failure to state a claim upon which relief can be granted.

## I.  STATEMENT OF ISSUE TO BE DECIDED

Should Round Rock's Complaint, which contains eighteen substantively identical charging paragraphs covering nine different patents (with more than 300 claims) against two defendants, be dismissed under Rule 12(b)(6) as to Dell for failure to state a claim for either direct or indirect patent infringement?

## II.  INTRODUCTION

Round Rock's Complaint lumps together allegations of infringement of nine patents against two defendants. It fails to identify the accused products that allegedly infringe the asserted patents with sufficient specificity to establish a plausible claim for relief, as required by Federal Rule of Civil Procedure 8(a). Instead, Round Rock's Complaint relies upon boilerplate generalities, copied and pasted across all nine Counts, to allege infringement by both defendants for a category of products vaguely identified as "servers implementing a remote monitoring system," only one of which is named. The Supreme Court held this approach impermissible in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, which both underscore that threadbare recitals of conclusory allegations are insufficient to state a claim under the Federal Rules.

Nor does the Complaint provide any notice to Dell as to which of the 303 claims contained in the nine patents are allegedly infringed. It is no answer that Round Rock must eventually provide the level of specificity required by Local Patent Rule 3-1. Before allowing a case of this magnitude to proceed, Round Rock should at least sufficiently identify the asserted claims and the Dell products that allegedly infringe. As it stands, the Complaint fails to provide

Dell with fair notice of what it must defend and fails to establish a plausible claim for relief. Round Rock's direct infringement claims are also deficient as they pertain to the four asserted patents with only method claims. Round Rock asserts that Dell directly infringes these patents in ways that it cannot, as a matter of law. Consequently, Round Rock's direct infringement claims should be dismissed.

Round Rock's indirect infringement claims against Dell are also inadequate. Round Rock fails to sufficiently allege underlying acts of direct infringement, as required to plead a claim of indirect infringement. Round Rock also does not allege any facts sufficient to establish the required elements of either contributory infringement or induced infringement.

Due to the deficiencies in Round Rock's direct and indirect infringement allegations, Dell is unable to evaluate the claims against it, identify relevant individuals and documents, or properly respond to the Complaint without risking prejudice. Accordingly, Dell respectfully requests that the Court dismiss the Complaint against Dell pursuant to Federal Rule of Civil Procedure 12(b)(6). Dell further requests that to the extent Round Rock intends to seek an injunction, the Court require it to expressly and adequately pray for such relief.

### III. FACTUAL BACKGROUND

On June 8, 2011, Round Rock filed its Complaint against Dell and Oracle Corporation. The Complaint alleges that both defendants infringe nine patents: U.S. Patent Nos. 6,088,816 ("the '816 patent"); 6,145,098 ("the '098 patent"); 6,170,067 ("the '067 patent"); 6,199,173 ("the '173 patent"); 6,243,838 ("the '838 patent"); 6,266,721 ("the '721 patent"); 6,425,006 ("the '006 patent"); 6,553,416 ("the '416 patent"); and 6,681,342 ("the '342 patent") (collectively, "the patents-in-suit").

The nine patents-in-suit contain a total of 303 claims. Four of the patents—'816, '173,

'838, and '416 (collectively, "the asserted method patents")—contain only method claims. The patents-in-suit are not related. They do not share the same specification, or even the same inventors (though there is some overlap). Each patent bears a different title and appears directed to a discrete invention. Nevertheless, Round Rock's Complaint sets out identical infringement allegations against Dell as to each of the nine patents, changing only the number of the patent at issue. Paragraph 20 is representative of each of the nine, alleging:

> 20. Dell has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems, including, but not limited to, servers implementing a remote monitoring system, such as the Dell Remote Access Card ("DRAC"). Dell has also indirectly infringed and continues to indirectly infringe the '816 Patent by encouraging its customers to implement and practice the claims of the '816 Patent, including Dell's customers who make, use, sell, and/or offer to sell servers implementing Dell's remote monitoring systems, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc.

Compl. ¶ 20; *see also id.* ¶¶ 25, 30, 35, 40, 45, 50, 55, and 60. The Complaint makes substantively identical allegations in nine other paragraphs against Defendant Oracle, substituting "Oracle" for "Dell," and changing only the names of the illustrative product and customer(s). Compl. ¶¶ 19, 24, 29, 34, 39, 44, 49, 54, and 59. Thus, all eighteen of the operative charging paragraphs indiscriminately repeat, word-for-word, the same allegations of infringement against both defendants and for each of the nine patents.

In a subsequent paragraph for each patent, Round Rock accuses Dell of willful infringement, alleging that Dell "received written notice of its infringement from Round Rock Research" and/or knew of the patent through "its own patent prosecution activities." Compl. ¶ 22; *see also id.* ¶¶ 27, 32, 37, 42, 47, 52, 57, and 62. Round Rock pleads nothing other than these boilerplate allegations as to Dell's purported direct and indirect infringement of each of the asserted patents.

- 3 -

## IV. ARGUMENT

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To satisfy the standards of Federal Rule of Civil Procedure 8(a), a complaint must allege sufficient facts to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal citation omitted).

### B. Round Rock's Complaint Does Not State a Claim for Direct Infringement Because It Fails to Sufficiently Identify the Accused Products or Asserted Claims.

The Court must dismiss Round Rock's allegations of direct infringement against Dell because the Complaint (1) only vaguely identifies the accused Dell products as "infringing systems, including, but not limited to, servers implementing a remote monitoring system, such as the Dell Remote Access Card ('DRAC')"; and (2) fails to specify which of the 303 claims of the nine patents-in-suit are asserted against Dell. As a result of these deficiencies, the Complaint does not give Dell fair notice of Round Rock's claims against it.

Courts in this District have dismissed claims that fail to identify the allegedly infringing

products with sufficient specificity. *See, e.g.*, *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (dismissing complaint because identification of "products and services using electronic commerce systems" was too vague); *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-326, slip op. at 6 (E.D. Tex. May 7, 2010) (Love, M.J.) (recommending dismissal of complaint because identification of "data compression products and/or services" was too vague); *Prompt Medical Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*, No. 6:10-cv-71, slip. op. at 1 (E.D. Tex. Feb. 11, 2011) (Davis, J.) (holding that complaint's "identification of 'and/or other products' [did] not inform Defendants as to what other products [were] accused"). Round Rock's Complaint is equally deficient in that it broadly asserts infringement by an unspecified collection of "infringing systems, *including, but not limited to*, servers implementing a remote monitoring system, *such as* the Dell Remote Access Card[.]" *See, e.g.*, Compl. ¶ 20 (emphases added). Given this exceedingly vague language, Dell is unable to determine which of its numerous "systems" Round Rock accuses of infringement.

      This deficiency, coupled with the Complaint's failure to specify which of the 303 claims of the patents-in-suit it asserts against Dell, severely hampers Dell's ability to prepare for this potentially massive litigation. Dell cannot respond to the generic allegations in Round Rock's Complaint without risk of substantial prejudice. Moreover, without knowing which of its numerous "systems" Round Rock accuses of infringement, Dell is unable to determine where and from whom to seek information relevant to its defense against this action, or to ensure that it is preserving the documents it will need to collect in accordance with its discovery obligations.

      Dell recognizes that this District's Local Patent Rules will require Round Rock to provide more detail regarding its infringement contentions against Dell. But the Supreme Court has held that "a motion to dismiss a complaint for insufficient pleadings does not turn on the controls

placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953. Thus, early discovery obligations imposed by local rules do not substitute for the well-pled complaint required by Rule 8. In light of its deficiencies, Round Rock's Complaint should be dismissed.

### C. Round Rock's Complaint Fails to State a Claim for Direct Infringement of the Asserted Method Patents.

The Court should dismiss Round Rock's allegations of direct infringement by Dell in Counts I, IV, V, and VIII to the extent those allegations are based on making, selling, offering to sell, or importing allegedly infringing systems. These four counts allege infringement of the asserted method patents, and Dell cannot, as a matter of law, directly infringe a method claim in any of those manners.

"To infringe a method claim, a person must have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)). "Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005). Indeed, this is the only logical interpretation of the statute, given that "[d]irect infringement occurs only when someone *performs* the claimed method." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 821, 850 (Fed. Cir. 2010) (emphasis added). Making, offering to sell, selling, or importing a system capable of performing a method is not the same as *performing* that method. *See, e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process within the meaning of section 271(a).") (internal citations and quotations omitted); *Mirror Worlds, LLC v. Apple, Inc.*, No. 6-08-cv-00088, 2011 U.S. Dist. LEXIS 36451, *20 (E.D. Tex. Apr. 4, 2011) (Davis, J.) ("The law is clear that the sale or offer for sale is insufficient to

- 7 -

prove direct infringement of a method claim.").

This Court has "high expectations of a plaintiff's preparedness before it brings suit." *Clear With Computers LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 U.S. Dist. LEXIS 92079, *12 (E.D. Tex. Mar. 29, 2010) (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). Yet Round Rock has simply copied and pasted boilerplate allegations of direct infringement by Dell (and Oracle) across all nine counts of its Complaint, regardless of the subject matter of the relevant patent or even the types of claims it recites. As Dell could not possibly infringe the asserted method patents by making, selling, offering to sell, or importing its allegedly "infringing systems," Round Rock has failed to meet its obligation under Rule 8(a) to "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. The Court should therefore dismiss Counts I, IV, V, and VIII of the Complaint.

### D. Round Rock's Complaint Fails to Plead the Requisite Elements of a Cause of Action for Indirect Infringement.

The Court should also dismiss Round Rock's allegations of indirect infringement by Dell, as its Complaint does not specify whether it is alleging contributory or induced infringement and fails to plead facts sufficient to demonstrate a plausible basis to meet either standard. Round Rock fails to specify whether Dell allegedly contributes to the infringement of others, induces others' infringement, or both. Rather, as with its allegations of direct infringement, Round Rock simply copies and pastes the same generalized allegations nine times.

In all nine Counts, Round Rock sets forth the identical allegation that Dell indirectly infringes "by encouraging its customers to implement and practice the claims of the [patent], including Dell's customers who make, use, sell, and/or offer to sell servers implementing Dell's remote monitoring systems, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc." *See, e.g.*, Compl. ¶ 20. The Complaint's indirect infringement allegations

fail to sufficiently identify any allegedly infringing product and fall far short of pleading the elements of either contributory or induced infringement. Round Rock therefore has not provided Dell with the requisite fair notice under Rule 8. *See Twombly*, 550 U.S. at 545; *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 2:03-1329, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010) (holding that "the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims" and dismissing plaintiff's claims of induced and contributory infringement for failure to allege the requisite elements).

### 1. Round Rock has failed to sufficiently allege any act of direct infringement underlying Dell's purported indirect infringement.

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement[.]" *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Yet Round Rock's Complaint is devoid of any alleged facts demonstrating that any third parties practice the systems and methods of the patents-in-suit.

For all nine patents, Round Rock merely repeats the conclusory allegation that Dell's customers "make, use, sell, and/or offer to sell servers implementing Dell's remote monitoring systems." *See e.g.*, Compl. ¶ 20. The Complaint's "threadbare recital of the elements of a [direct infringement] cause of action" and use of "and/or" as a catch-all do not "plausibly suggest an entitlement to relief." *See Iqbal*, 129 S. Ct. at 1949, 1951.

Moreover, with respect to the four method patents, the Complaint is further deficient. It fails to allege—even in insufficient conclusory terms—that any third party has "practiced all steps of the claimed method[s]." *See Lucent Techs.*, 580 F.3d at 1317. As discussed in Section IV.C, above, one cannot, as a matter of law, directly infringe a method claim by making, selling, or offering to sell a product. *See NTP, Inc.*, 418 F.3d at 1319. Thus, absent any plausible

suggestion of underlying acts of direct infringement by third parties, Round Rock has failed to sufficiently allege indirect infringement against Dell.

### 2. Round Rock has not adequately pled induced infringement or contributory infringement.

Round Rock's bare allegation that Dell somehow "encourag[ed]" its customers' activities is insufficient to support a plausible inference of either contributory infringement or induced infringement. To succeed on a claim of contributory infringement, a plaintiff must, "in addition to proving an act of direct infringement," show (1) that the alleged infringer knowingly made the accused products especially for use to infringe the asserted patents, and (2) that the accused products have no substantial noninfringing uses. *Lucent Techs.*, 580 F.3d at 1320; 35 U.S.C. § 271(c). A claim for induced infringement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a *specific intent* to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)) (emphasis added); 35 U.S.C. § 271(b). "[T]he mere knowledge of possible infringement will not suffice" to establish the requisite intent. *Vita-Mix Corp.*, 581 F.3d at 1328.

This District and others have dismissed complaints that fail to "allege and plead any facts relating to any elements of the indirect infringement claims[.]" *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-cv-499, slip op. at 6 (E.D. Tex. Mar. 29, 2010) (Davis, J.); *see also, e.g.*, *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) ("[A] complaint stating a claim for inducement must allege the requisite knowledge and intent."); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702, 2011 U.S. Dist. LEXIS 65003, *11 n.24 (W.D. Tex. June 17, 2011) (same); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-03972, 2011 U.S. Dist. LEXIS 34076, *66 (N.D. Cal. Mar. 29, 2011) (dismissing contributory

infringement claims where plaintiff "concede[d] that it ha[d] not pled facts supporting each element" thereof). In *Joao Control*, the complaint not only failed to address the elements of either induced or contributory infringement, it did not even "identify which of the [asserted patents'] 264 claims [were] indirectly infringed." *Joao Control*, No. 6:09-cv-499, slip op. at 6. In granting defendants' motion to dismiss, the court observed that "[t]he complaint simply fail[ed] to inform [d]efendants as to what they must defend." *Id.*

Round Rock's Complaint is equally deficient in this regard. Nowhere does Round Rock specify which product(s) it accuses of indirect infringement, let alone allege that such products are "especially made" for infringing the patents-in-suit or that they have no "substantial noninfringing use." *See* 35 U.S.C. § 271(c). Round Rock also fails to plead that Dell specifically intended to induce the infringement of others. *See Vita-Mix Corp.*, 581 F.3d at 1328. While the Complaint makes the conclusory allegation that Dell had knowledge of the patents-in-suit, *see e.g.*, Compl. ¶ 22, "mere knowledge of possible infringement" does not substitute for intent. *Vita-Mix Corp.*, 581 F.3d at 1328. Given that Round Rock also does not specify which of the asserted patents' 303 claims it accuses Dell of indirectly infringing, it "simply fails to inform [Dell] as to what [it] must defend." *See Joao Control*, No. 6:09-cv-499, slip op. at 6. The Court should therefore dismiss the Complaint.

### E. Round Rock's Complaint Fails to Adequately Pray for Injunctive Relief.

The Complaint mentions injunctive relief only once. The eleventh prayer for relief seeks an award of "damages . . . up until the date Defendants are finally and permanently enjoined from further infringement." Compl. at 14. This is its only suggestion that Round Rock, a non-practicing entity, might seek an injunction. Round Rock's allusion to injunctive relief that it never explicitly requests fails to comply even with Form 18, the sample complaint for patent

- 10 -

infringement in the Appendix to the Federal Rules of Civil Procedure. FED. R. CIV. P. Form 18 ("plaintiff demands: (a) a preliminary and final injunction. . . ."). Round Rock's coy reference does not suffice. As Round Rock is well aware, the case law would not support a claim for injunctive relief, as it could not plausibly establish the requisite irreparable harm. The Court should dismiss this deficient prayer and require Round Rock either to properly and expressly set forth facts to support such a prayer for injunctive relief or to drop it from its Complaint.

## V. CONCLUSION

The Round Rock Complaint fails to provide even minimal notice to Dell of the products and claims implicated by the generalized allegations of the Complaint repeated identically for the nine patents-in-suit. Dell respectfully requests that the Court dismiss Round Rock's Complaint for failure to state a claim.

Dated: August 15, 2011                    RESPECTFULLY SUBMITTED,

/s/ Deron Dacus
Deron Dacus (TX State Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

<div style="text-align:center">- 12 -</div>

<div style="margin-left: 40%">
Douglas R. Young (CA State Bar No. 73248)<br>
(*pro hac vice* pending)<br>
dyoung@fbm.com<br>
Roderick M. Thompson (CA State Bar No. 96192)<br>
(*pro hac vice* pending)<br>
rthompson@fbm.com<br>
Eugene Y. Mar (CA State Bar No. 227071)<br>
(*pro hac vice* pending)<br>
emar@fbm.com<br>
FARELLA BRAUN & MARTEL LLP<br>
235 Montgomery Street, 17th Floor<br>
San Francisco, CA  94104<br>
Telephone:  (415) 954-4400<br>
Facsimile:  (415) 954-4480<br>
<br>
ATTORNEYS FOR DEFENDANT DELL INC.
</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of August 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

<div style="margin-left: 50%">
 /s/ Deron Dacus<br>
Deron Dacus
</div>

<div style="text-align:center">- 12 -</div>

26975\2694532.2