## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| ROUND ROCK RESEARCH LLC,<br><br>    Plaintiff<br><br>v.<br><br>ORACLE CORPORATION and DELL, INC.,<br><br>    Defendants. | Civil Action No. 4:11CV332<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ORACLE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF ISSUES TO BE DECIDED ............................................................... 1

II. INTRODUCTION ............................................................................................................ 1

III. ROUND ROCK'S INSUFFICIENT ALLEGATIONS ..................................................... 2

IV. ROUND ROCK'S CLAIMS AGAINST ORACLE SHOULD BE DISMISSED UNDER RULE 12 FOR FAILURE TO STATE A CLAIM ............................................. 3

    A. The Complaint's Direct Infringement Allegations Fail to Identify the Asserted Claims and the Allegedly Infringing Products ......................................... 4

    B. The Complaint's Indirect Infringement Allegations Fail to Identify the Asserted Claims and the Allegedly Infringing Products and Fail to Allege the Requisite Knowledge of the Patents and their Infringement ........................... 6

        1. The Complaint Fails to Identify the Asserted Claims or the Allegedly Infringing Products ....................................................................... 6

        2. The Complaint Also Fails to Allege the Requisite Knowledge of Either the Patents-In-Suit or Their Infringement by Others ...................... 8

        3. Round Rock Fails to Properly Plead Another Requisite Element of Contributory Infringement—Lack of Substantial Noninfringing Use ............................................................................................................... 9

V. IN THE ALTERNATIVE, ROUND ROCK SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS AGAINST ORACLE UNDER RULE 12 ...................................................................................... 10

VI. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**CASES**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................................1, 3, 4, 6, 8

*Bell Atlantic v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 3d 929 (2007) .....................................1, 3, 4, 6, 7

*Bender v. Motorola, Inc.,*
    No. C 09-1245, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ...................................................9

*BMC Res., Inc. v. Paymentech, L.P.,*
    498 F.3d 1373 (Fed. Cir. 2007) .................................................................................................8

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.,*
    No. 6:09-cv-481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ..............................................7

*Compare PA Advisors, LLC v. Google Inc.,*
    2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ............................................................................7

*Fotomedia Techs., LLC v. AOL, LLC,*
    2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) ..........................................................................7

*Global Tech Appliances, Inc. v. SEB S.A.,*
    131 S. Ct 2060 (2011) ............................................................................................................2, 8

*i2 Tech., Inc. v. Oracle Corp.,*
    No. 6:09-cv-194, slip op. (E.D. Tex. Mar. 29, 2010) ................................................................4

*In re Bill of Lading,*
    No. 1:09-md-2050, 2010 WL 749891 (S.D. Ohio Feb. 23, 2010) .............................................9

*Joao Bock Transaction Sys. of Texas, LLC v. Am. Nat. Bank,*
    No. 6:09-cv-368, slip op. (E.D. Tex. Mar. 29, 2010) ................................................................5

*Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc.,*
    No. 6:09-cv-208, slip op. (E.D. Tex. Mar. 29, 2010) ............................................................4, 6

*Joao Control & Monitoring Sys. of Texas, LLC v. Playboy Enters. Inc.,*
    No. 6:09-cv-499, slip op. (E.D. Tex. Mar. 29, 2010) ............................................................7, 8

## TABLE OF AUTHORITIES
## (continued)

Page

*Koninklijke Philips Elecs. v. The Ads Group*,
  Nos. 08-cv-04068, 08-cv-04070, 08-cv-04071, 2010 WL 938216 (S.D.N.Y. Mar. 12, 2010) ................................................................................................................................8

*Landmark Tech. LLC v. Aeropostale*,
  No. 6:09-cv-262, slip op. (E.D. Tex. Mar. 29, 2010) ................................................................5

*Mallinckrodt Inc. v. E-Z Em Inc,*
  670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................................9

*Parallel Networks LLC v. AEO, Inc.*,
  No. 6:20-cv-275, slip op. (E.D. Tex. Feb. 10, 2011) ................................................................7

*Prompt Medical Sys., L.P. v. AllScriptsMisys Healthcare Sol., Inc.*,
  No. 6:10-cv-71, slip. op. at 1 (E.D. Tex. Feb. 11, 2011) .....................................................5, 6

*Realtime Data, LLC v. Morgan Stanley*,
  No. 6:09-cv-326, slip op. (E.D. Tex. May 7, 2010) ..................................................................5

*Static Control Components, Inc. v. Future Graphics, LLC,*
  No. 07-00007, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008) ...................................................10

*Swierkiewicz v. Sorema NA.*,
  534 U.S. 506 (2002) ................................................................................................................10

*XPoint Techs., Inc. v. Microsoft Corp.,*
  Civ. No. 09-628-SLR, 2010 WL 3187025 (D. Del. Aug. 12, 2010) .........................................9

**STATUTES**

35 U.S.C. § 271 ................................................................................................................................3

35 U.S.C. § 271(c) ..........................................................................................................................8

**RULES**

Fed. R. Civ. P. 8 ..........................................................................................................................4, 8

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................3

# TABLE OF AUTHORITIES
## (continued)

**Page**

Fed. R. Civ. P. 11 ..................................................................................................................6, 10

Fed. R. Civ. P. 12 ..................................................................................................................3, 10

Fed. R. Civ. P. 12(b)(6) ......................................................................................................1, 2, 3

Fed. R. Civ. P. 12(e) .........................................................................................................1, 2, 10

Local Rule CV-5(a)(3) ..............................................................................................................12

Defendant Oracle Corporation ("Oracle") moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint filed against it by Round Rock Research, LLC ("Round Rock") for failure to state a claim upon which relief can be granted.  Alternatively, if the Court declines to dismiss the Complaint, Oracle seeks a more definite statement of the claims pursuant to Federal Rule of Civil Procedure 12(e).

## I.   STATEMENT OF ISSUES TO BE DECIDED

Should Round Rock's Complaint against Oracle be dismissed under Rule 12(b)(6) because it fails to state a claim for direct or indirect patent infringement or, in the alternative, should Round Rock be required to provide a more definite statement of its purported claims pursuant to Rule 12(e)?

## II.   INTRODUCTION

Round Rock's Complaint fails to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*.  The progeny of these cases hold that a patent infringement complaint must be sufficiently specific to inform the defendant what it must defend and must contain sufficient factual allegations to establish that a claim for relief is plausible.  Round Rock's Complaint falls short of these requirements.

The Complaint alleges infringement of nine patents.  The nine patents collectively include 303 claims, but the Complaint fails to identify which of these 303 claims Oracle is accused of infringing.  The Complaint also fails to meaningfully identify the Oracle products that allegedly infringe these claims, choosing instead to generally assert that Oracle sells "infringing systems," "including, but not limited to" "Oracle servers implementing a remote monitoring system," only one of which actually is identified in the Complaint.  Because these allegations do not meaningfully inform Oracle what it must defend, and because these allegations do not include sufficient factual detail to establish the plausibility of Round Rock's direct infringement claims, Round Rock's direct infringement claims are insufficient and should be dismissed.

Round Rock's indirect infringement claims against Oracle also are deficient. Nowhere does Round Rock allege, either generally or specifically, that Oracle had pre-suit knowledge of any of the nine patents-in-suit. This deficiency flies in the face of the Supreme Court's May 31, 2011, ruling in *Global-Tech Appliances Inc. v. SEB S.A.*, in which the Supreme Court held that an accused infringer must have knowledge of the asserted patent and its infringement (or be willfully blind to the existence of the patent and its infringement) in order for a patent holder to maintain an inducement claim. The Supreme Court's confirmation of this knowledge requirement was, as the Court noted, consistent with longstanding precedent holding that contributory infringement requires pre-suit knowledge of the asserted patent. Here, the Complaint fails to allege the requisite knowledge, a pleading deficiency that reflects a fundamental problem underlying Round Rock's purported claim—Round Rock has no good-faith basis to plead induced or contributory infringement as there is no basis for Round Rock to allege that Oracle had pre-suit knowledge of any of the patents-in-suit. Round Rock's indirect infringement claims should therefore be dismissed.

Accordingly, Oracle respectfully requests that the Court dismiss the Complaint against Oracle pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, require Round Rock to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

### III. ROUND ROCK'S INSUFFICIENT ALLEGATIONS

On June 8, 2011, Round Rock filed its Complaint against Oracle and Dell, Inc., accusing the defendants of infringing nine patents: U.S. Patent Nos. 6,088,816; 6,145,098; 6,170,067; 6,199,173; 6,243,838; 6,266,721; 6,425,006; 6,553,416; and 6,681,342 (collectively, "the patents-in-suit"). Dock. No.1 Compl., ¶ 4. The patents-in-suit include a total of 303 individual claims. *Id*., Exs. A-I.

Round Rock generally accuses Oracle of directly and indirectly infringing each patent-in-suit. *Id*. ¶¶ 19, 24, 29, 34, 39, 44, 49, 54, 59. Other than reciting the individual patent number,

Round Rock's generic infringement allegations are identical as to each patent:

> Oracle has infringed and continues to infringe the '816 patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing in the United States infringing systems, including, but not limited to, Oracle servers implementing a remote monitoring system, such as the Oracle Integrated Lights-Out Manager ("ILOM"). Oracle has also indirectly infringed and continues to indirectly infringe the '816 patent by encouraging its customers to implement and practice the claims of the '816 patent, including Oracle's customers who make, use, sell, and/or offer to sell servers implementing Oracle's remote monitoring systems, such as Verio, Inc.

*Id.* at ¶ 19; *see also* ¶¶ 24, 29, 34, 39, 44, 49, 54, 59.

This allegation does not identify which type of indirect infringement Round Rock is asserting against Oracle. However, the Complaint's prayer for relief provides some guidance, as it requests relief for both contributory and induced infringement. *Id*. at 14. Notably, Round Rock does not allege that Oracle willfully infringed any of the patents-in-suit – an allegation that would have required Oracle to have known of the patents. In contrast, Round Rock does allege that Dell had knowledge of the patents-in-suit before the filing of this lawsuit. *Compare id*. at ¶¶ 19, 24, 29, 34, 39, 44, 49, 54, 59, *with* 22, 27, 32, 37, 42, 47, 52, 57, 62.

IV. **ROUND ROCK'S CLAIMS AGAINST ORACLE SHOULD BE DISMISSED UNDER RULE 12 FOR FAILURE TO STATE A CLAIM**

When a party fails to state a claim upon which relief can be granted, those claims should be dismissed. Fed. R. Civ. P. 12(b)(6). To satisfy minimal pleading requirements, Round Rock must plead "a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added). Thus, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868, 874 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 3d 929, 949 (2007)).

"A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558.

"Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 559.  In *Twombly*, the Supreme Court noted that bare conclusions in a complaint should not be allowed to trigger, or be cured by, costly discovery.  550 U.S. at 558.

Round Rock's conclusory infringement allegations are deficient and fail to state a claim. Accordingly, its infringement claims against Oracle should be dismissed.

### A. The Complaint's Direct Infringement Allegations Fail to Identify the Asserted Claims and the Allegedly Infringing Products

The direct infringement allegations of Round Rock's Complaint violate the requirements of Federal Rule of Civil Procedure 8 because they do not identify the patent claims asserted against Oracle and because they fail to identify all of the accused products.  Specifically, the Complaint: (1) fails to identify which of the 303 claims of the nine patents-in-suit are asserted against Oracle; and (2) identifies only one allegedly infringing Oracle product among an otherwise undefined and indefinite category of "infringing systems, including, but not limited to, Oracle servers implementing a remote monitoring system."  As such, Oracle is left to guess which of the hundreds of patent claims are being asserted against it, and, with one exception, which of its many products are at issue.

This District has addressed the same pleading deficiencies that are present in the Round Rock Complaint in other patent infringement cases, ruling that direct infringement claims require a plaintiff to specifically identify asserted claims and accused products.  For example, in *Joao Bock Transactions Systems of Texas, LLC v. AT&T, Inc.*, the Court granted a motion to dismiss because, among other reasons, the plaintiff failed to identify which of the 424 patent claims were being asserted and failed to identify the accused products.  *Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc.*, No. 6:09-cv-208, slip op. at 5-6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (Dock. No. 195); *see also, i2 Tech., Inc. v. Oracle Corp.*, No. 6:09-cv-194, slip op. at 4-5 (E.D. Tex.

Mar. 29, 2010) (Dock. No. 79) (Davis, J.) (dismissing direct infringement claims because the Complaint failed to identify the asserted claims and the allegedly infringing products); *Joao Bock Transaction Sys. of Texas, LLC v. Am. Nat. Bank,* No. 6:09-cv-368, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Dock. No. 20) (same).

Similarly, in *Prompt Medical System, L.P. v. AllScriptsMisys Healthcare Sol., Inc.*, the Court granted in part a motion to dismiss because the direct infringement claim failed to sufficiently identify the products accused of infringement. *Prompt Medical Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*, No. 6:10-cv-71, slip. op. at 1 (E.D. Tex. Feb. 11, 2011) (Davis, J.) (Dock. No. 246). In that case, the patent holder alleged infringement by two specific products "and/or other products." *Id.* The Court granted the motion to dismiss as to the "and/or other products" allegation as it did not inform defendants which, if any, other products were accused of infringement. *Id., see also, Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (dismissing complaint because identification of "products and services using electronic commerce systems" was too vague); *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-326, slip op. at 6 (E.D. Tex. May 7, 2010) (Love, M.J.) (recommending dismissal of complaint because identification of "data compression products and/or services" was too vague). Here, Round Rock's Complaint provides even less notice than the claim rejected in *Prompt Medical* as Round Rock asserts infringement by "infringing systems, including, but not limited to," an undefined group of products that Round Rock vaguely labels "servers implementing a remote monitoring system," of which Round Rock identifies only a single example.

The unjustified burdens of allowing a plaintiff to proceed with such a threadbare Complaint are evident here. By failing to identify which of the 303 patent claims are being

asserted and which of Oracle's many products are accused of infringement, Round Rock has effectively tried to place the onus on Oracle to guess which claims may be at issue and which products Round Rock is accusing of infringement – tasks that Rule 11 required Round Rock to undertake before filing its lawsuit. Round Rock's deficient pleading also undermines Oracle's ability to identify the documents and employees within its organization that may have relevant information, which impedes Oracle's ability to: make informed judgments and issue timely and fully informed instructions about the preservation of relevant documents and other data; undertake a meaningful analysis of Round Rock's claims; and collect the relevant documents required for production under the Court's Local Rules. This is the exact situation *Twombly* and *Iqbal* sought to prevent. As a defendant, Oracle should not have to guess which of the 303 patent claims are being asserted or what products are being accused. Before proceeding further, this Court should "insist upon some specificity in [Round Rock's] pleading before allowing a potentially massive factual controversy [involving 303 claims] to proceed." *See Twombly*, 550 U.S. at 558; *see also Joao Bock,* No. 6:09-cv-208, slip op. at 5; *Prompt Med. Sys.*, No. 6:10-cv-71, slip. op. at 1.

      **B.**    **The Complaint's Indirect Infringement Allegations Fail to Identify the Asserted Claims and the Allegedly Infringing Products and Fail to Allege the Requisite Knowledge of the Patents and their Infringement**

          **1.**    **The Complaint Fails to Identify the Asserted Claims or the Allegedly Infringing Products**

The Complaint's indirect infringement allegations fail because, as also is the case with the direct infringement allegations, the Complaint is silent on the accused claims and fails to adequately identify the accused products. The totality of Round Rock's indirect infringement allegations state: "Oracle has also indirectly infringed and continues to indirectly infringe the '816 patent by encouraging its customers to implement and practice the claims of the '816

patent, including Oracle's customers who make, use, sell, and/or offer to sell servers implementing Oracle's remote monitoring systems, *such as* Verio, Inc." Dock. No. 1 Compl. ¶ 19 (emphasis added).  Thus, Round Rock's indirect infringement claims fail to identify which claims Oracle is allegedly indirectly infringing and fail to identify any allegedly infringing product.  The Complaint also identifies only one alleged third party direct infringer, but the Complaint's "such as" allegation suggests that Round Rock has other Oracle customers in mind and has chosen not to identify them. But the pleading requirements do not impose the burden on Oracle to guess; they require that Round Rock plead with specificity.  *Twombly*, 550 U.S. at 558.

While the courts in this District are split on the level of pleading necessary to survive a motion to dismiss an indirect infringement claim,[1] this District repeatedly has ruled that indirect infringement allegations cannot survive a motion to dismiss where the complaint fails to identify any asserted claims or the accused products.  *See Parallel Networks LLC v. AEO, Inc.*, No. 6:20-cv-275, slip op. at 5 (E.D. Tex. Feb. 10, 2011) (Davis, J.) (granting motion to dismiss in part because Parallel failed to identify which claims were indirectly infringed); *Joao Control & Monitoring Sys. of Texas, LLC v. Playboy Enters. Inc.*, No. 6:09-cv-499, slip op. at 6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (granting motion to dismiss because Joao did not allege any facts relating to any elements of the indirect infringement claims, nor did Joao identify which of the 264 claims were indirectly infringed or any allegedly infringing product); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss because plaintiff's indirect infringement allegations failed to

---

[1] *Compare PA Advisors, LLC v. Google Inc*., 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

identify which claims were indirectly infringed, which methods or systems indirectly infringed the claims, or the identities of the alleged direct infringers).

Round Rock's Complaint should be dismissed for its failure to: identify which of the 303 claims Oracle's customers are accused of directly infringing; adequately identify the products that allegedly are infringing; and adequately identify the alleged third party direct infringers.

### 2. The Complaint Also Fails to Allege the Requisite Knowledge of Either the Patents-In-Suit or Their Infringement by Others

Round Rock's indirect infringement allegations against Oracle also are deficient because they fail to plead required elements of inducement and contributory infringement. A claim for induced infringement requires that the defendant have knowledge of or have been willfully blind to both the asserted patents and of their alleged infringement by the direct infringer. *Global Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct 2060, 2068 (2011). A contributory infringement claim also requires knowledge of the patents and of their alleged infringement. *Id.* at 2067-68; 35 U.S.C. § 271(c); *see also*, *BMC Res., Inc. v. Paymentech, L.P*., 498 F.3d 1373, 1381 (Fed. Cir. 2007).

Round Rock's Complaint fails to state a claim of indirect infringement because it fails to allege that Oracle was aware of either the patents-in-suit or their alleged infringement by others. Round Rock's indirect infringement claims should therefore be dismissed. *See Iqbal*, 129 S. Ct. at 1952 (holding that the Rule 8 standard is not met when the complaint "does not contain any factual allegation sufficient to plausibly suggest [the required] state of mind"); *Joao Control & Monitoring Sys. of Texas, LLC v. Playboy Enters. Inc.*, No. 6:09-cv-499, slip op. at 6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (granting motion to dismiss because Joao did not allege any facts relating to any elements of the indirect infringement claims, among other defects); *Koninklijke Philips Elecs. v. The Ads Group*, Nos. 08-cv-04068, 08-cv-04070, 08-cv-04071, 2010 WL

938216, at *5 (S.D.N.Y. Mar. 12, 2010) (dismissing induced infringement claims for failure to plead specific intent); *Bender v. Motorola, Inc*., No. C 09-1245, 2010 WL 726739, at *4 (N.D. Cal. Feb. 26, 2010) (dismissing induced infringement claims for failure to plead specific intent and direct infringements).

Notably, Round Rock had no problem alleging that co-defendant Dell had pre-suit knowledge of each of the asserted patents: "Dell has willfully infringed and continues to willfully infringe the '816 Patent. Dell has continued its infringement despite its knowledge of the '816 Patent, as evidenced by its own patent prosecution activities, and despite having received written notice of its infringement from Round Rock Research." Dock. No. 1, Compl. ¶ 22. Tellingly, the Complaint includes no such allegations against Oracle. The reason for this is simple: there is no good faith basis for Round Rock to allege that Oracle had any pre-suit knowledge of any of the patents-in-suit.[2]

### 3. Round Rock Fails to Properly Plead Another Requisite Element of Contributory Infringement—Lack of Substantial Noninfringing Use

Round Rock's contributory infringement claims also fail because the Complaint fails to allege no substantial noninfringing use. *See In re Bill of Lading*, No. 1:09-md-2050, 2010 WL 749891, at *9 (S.D. Ohio Feb. 23, 2010) (dismissing contributory infringement claims for failing to adequately plead knowledge of the patents and substantial noninfringing uses). As such, Round Rock's insufficient contributory infringement allegations should be dismissed.

---

[2] Round Rock cannot cure its pleading deficiency based upon Oracle's current knowledge of the patents-in-suit because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *XPoint Techs., Inc. v. Microsoft Corp.,* Civ. No. 09-628-SLR, 2010 WL 3187025, at *6-7 (D. Del. Aug. 12, 2010); *see also Mallinckrodt Inc. v. E-Z Em Inc,* 670 F. Supp. 2d 349, 354, n.l (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge [for an indirect infringement claim] can be established by the filing of the Plaintiffs' Complaint.").

## V. IN THE ALTERNATIVE, ROUND ROCK SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS AGAINST ORACLE UNDER RULE 12

In the event the Court determines that Round Rock's Complaint should not be dismissed, Oracle requests the Court require a more definite statement of the infringement allegations against Oracle. Rule 12(e) states that "[a] party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). In this regard,"[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002).

Here, if Round Rock's Complaint is not dismissed, Round Rock should at a minimum be ordered to provide a more definite statement of its claims against Oracle, including: (1) an identification of which claims are being asserted; (2) an identification of all allegedly infringing Oracle products known to Round Rock; (3) an identification of all alleged third-party direct infringers known to Round Rock; (4) to the extent that Round Rock can do so under Rule 11 (which Oracle does not believe it can), factual allegations demonstrating Oracle's pre-suit knowledge of the patents-in-suit and their alleged infringement by the alleged direct infringers; and (5) to the extent that Round Rock can do so under Rule 11 (which Oracle does not believe it can), an allegation that the accused products lack any substantial noninfringing use. Fed. R. Civ. P. 12(e); *Static Control Components, Inc. v. Future Graphics, LLC,* No. 07-00007, 2008 WL 160827, at *1 (M.D.N.C. Jan. 15, 2008) (ordering a more definite statement where the plaintiff failed to identify any allegedly infringing products and, as a consequence, the defendant could not reasonably be required to frame a responsive pleading).

## VI. CONCLUSION

Oracle respectfully requests that the Court dismiss Round Rock's Complaint for failure to

state a claim or, in the alternative, that the Court enter an order directing Round Rock to re-plead its Complaint with sufficient specificity to give Oracle fair notice of the claims alleged against it.

              Respectfully submitted,

Dated: August 15, 2011

By: /s/ John M. Guaragna
Clyde M. Siebman
Siebman, Burg, Philips & Smith, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090
Tel: (903) 870.0070
Fax: (903) 870.0066

JOHN M. GUARAGNA (Bar No. 24043308)
AARON FOUNTAIN (Bar No. 24050619)
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

**Attorneys for Defendant**
**ORACLE CORPORATION**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 15th day of August 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                        /s/ John M. Guaragna
                                        John M. Guaragna