IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ROUND ROCK RESEARCH, LLC** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:11-cv-00332-MHS-ALM |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ORACLE CORPORATION and** ) | |
| **DELL, INC.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ROUND ROCK RESEARCH'S COMBINED OPPOSITION TO DELL AND ORACLE'S MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    INTRODUCTION ........................................................................................................... 1

II.    LEGAL STANDARD...................................................................................................... 2

III.    ARGUMENT ................................................................................................................... 4

    A.  The Complaint States A Claim For Direct Infringement Against Defendants Dell And Oracle. ...................................................................................................................... 4

        1. The Complaint States A Claim Of Direct Infringement Against Dell. ........................... 5

        2. The Complaint States A Claim Of Direct Infringement Against Oracle. ....................... 7

    B.  Round Rock Research Alleges Sufficient Facts To State A Claim For Indirect Infringement Against Defendants Dell And Oracle.............................................................. 8

    C.  Oracle's Motion For A More Definite Statement Is Without Merit And Should Be Denied. .................................................................................................................... 10

IV.    CONCLUSION............................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................................... 3

*Atwater Partners of Tex. LLC v. AT & T, Inc.*,
  No. 2:10-cv-175-TJW, 2011 WL 1004880 (E.D. Tex. Mar. 18, 2011) .................................. 3, 8

*Charles E. Hill & Assoc., Inc. v. Abt Elecs., Inc.*,
  No. 2:09-cv-313-TJW-CE, 2010 WL 3749514 (E.D. Tex. Aug. 31, 2010).............................. 10

*Clear with Computers, LLC. v. Bergdorf Goodman, Inc.*,
  No. 6:09-cv-481-LED, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) .................................. 4, 7

*Fotomedia Techs., LLC v. AOL, LLC*,
  No. 2:07-cv-255-TJW-CE, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) *adopted by* 2008 WL
  4373448 (E.D. Tex. Sept. 24, 2008)............................................................................... 10

*Global Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ................................................................................................. 11

*i2 Tech. Inc. v. Oracle Corp.*,
  No 6:09-cv-194-LED (E.D. Tex. Mar. 29, 2010) ................................................................ 9

*Intravisual, Inc. v. Fujitsu Microelecs. Am., Inc.*,
  No. 2:10-cv-90-TJW, 2011 WL 1004873 (E.D. Tex. Mar. 18, 2011) .................................. 4, 11

*Joao Bock Transaction Sys. of Tex. v. AT&T, Inc.*,
  No. 6:08-cv-208-LED (E.D. Tex. Mar. 29, 2010) ................................................................ 9

*Landmark Technology, LLC v. Aeropostale*, No. 6:09-cv-262-LED (E.D. Tex. Mar. 29, 2010)7, 9

*Lormand v. US Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009)........................................................................................... 2

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007)....................................................................................... 4

*Mitchell v. E-Z Way Towers, Inc.*,
  269 F.2d 126 (5th Cir. 1959).......................................................................................... 12

*Morgan v. Hubert*,
  335 F. Appx. 466 (5th Cir. 2009)..................................................................................... 3

*Morgan v. Plano Indep. Sch. Dist.*,
  No. 4:04-cv-447-RAS-DDB, 2007 WL 1030633 (E.D. Tex. Mar. 22, 2007) ....................... 2, 7

*Oasis Res., LLC v. ADrive LLC*,
  No. 4:10-cv-435-MHS-ALM (D.I. 201) (E.D. Tex. May 23, 2011) .................................. passim

*PA Advisors, LLC v. Google, Inc.*,
  No. 2:07-cv-480-DF, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ......................................... 12

*Prompt Medical Systems v. AllScriptsMisys Healthcare Solutions, Inc.*, ........................................ 9

*Realtime Data, LLC v. Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. 2010) ............................................................................. 7, 11

*Sipco, LLC v. Amazon.com Inc.*,
  No. 2:08-cv-359-DF (D.I. 168) (E.D. Tex. Mar. 23, 2009) ...................................................... 12

*Traffic Info., LLC v. YAHOO! Inc.*,
  No. 2:09-cv-246-TJW-CE, 2010 WL 2545500 (E.D. Tex. Apr. 13, 2010) ........................ 10, 11

*Tune Hunter Inc. v. Samsung Telecom'ns Am., LLC*,
  No. 2:09-cv-148-TJW, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) ................................ 10, 11

*Whiddon v. Chase Home Fin., LLC*,
  666 F. Supp. 2d 681 (E.D. Tex. 2009) ...................................................................................... 5

**Statutes**

35 U.S.C. § 271 ............................................................................................................................ 5, 7

Fed. R. Civ. P. 84 ............................................................................................................................ 3

Fed. R. Civ. P. Form 18 (2007) ................................................................................................. 3, 7

**I.      INTRODUCTION**

Despite this Court's denial of strikingly similar motions to dismiss only three months ago, Defendants Oracle Corporation ("Oracle") and Dell Inc. ("Dell") (collectively, "Defendants") nonetheless move to dismiss Round Rock Research, LLC's ("Round Rock Research") Complaint for patent infringement under Rule 12(b)(6). (D.I. 22, 25.) Oracle has also moved for a More Definite Statement of Round Rock Research's claims under Rule 12(e). (D.I. 25.) Rather than raising genuine pleading defects, Defendants' motions instead appear calculated to delay prompt resolution of Round Rock Research's infringement claims. Consistent with the Court's past jurisprudence, Defendants' motions should be denied.

Oracle and Dell design, manufacture, and sell computer servers—and they are two of the largest such companies in the world. This case is about the Defendants' servers that contain and implement remote monitoring systems, which allow users of those systems—including the Defendants themselves—to manage, monitor, and receive status information from servers, as well as diagnose server faults, minimize server downtime, increase server reliability, and reduce attendant manpower and maintenance costs. The Defendants' servers that implement such remote monitoring systems infringe the Patents-in-Suit.[1]

Contrary to the Defendants' contentions, Round Rock Research's Complaint (D.I. 1) pleads more than sufficient facts to state a claim for patent infringement against those systems. As is stated in the Complaint, the Defendants each make, use, sell, and offer to sell infringing systems in the United States. Specifically, the Complaint (1) names the Patents-in-Suit, (2) identifies Round Rock Research as the owner of the Patents-in-Suit, (3) alleges that Dell and Oracle directly infringe (and have infringed) the Patents-in-Suit by making, using, offering for

---

[1] The Patents-in-Suit are U.S. Patent Nos. 6,088,816; 6,145,098; 6,170,067; 6,199,173; 6,243,838; 6,266,721; 6,425,006; 6,553,416; and 6,681,342.

sale, selling, and/or importing into the United States infringing systems, (4) identifies the Defendants' infringing systems, (5) alleges that the Defendants indirectly infringe the Patents-in-Suit, (6) identifies additional exemplary direct infringers, and (7) alleges that Dell's infringement is willful. (D.I. 1.)

Accordingly, the Complaint provides sufficient facts for the Defendants to understand the allegations against them and provides sufficient notice to for them to respond. But rather than defend themselves on the merits, the Defendants have sought to delay this litigation with unfounded procedural motions. Those motions should be denied, and the Court should permit discovery to begin as soon as practicable.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Morgan v. Plano Indep. Sch. Dist.*, No. 4:04-cv-447-RAS-DDB, 2007 WL 1030633, at *2 (E.D. Tex. Mar. 22, 2007); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In considering a motion to dismiss, the "Court must accept as true all well-pleaded facts contained in plaintiff's complaint and view them in the light most favorable to the plaintiff." *Morgan*, 2007 WL 1030633, at *2. And "all reasonable inferences are to be drawn in favor of the plaintiff's claims." *Id.*

Where a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the complaint meets the minimum pleading standards set forth by the Supreme Court. *See Oasis Res., LLC v. ADrive LLC*, No. 4:10-cv-435-MHS-ALM, slip op. at 3 (D.I. 201) (E.D. Tex. May 23, 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In evaluating the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Court uses a two-step approach: first, the Court

identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* at 3 (quoting *Iqbal*, 129 S. Ct. at 1951). Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. The pleading requirements do not require a patentee to identify specific products or services by name in a complaint for patent infringement, but instead "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Id.* (quoting *Morgan v. Hubert*, 335 F. Appx. 466, 470 (5th Cir. 2009)); *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880 at *2, (E.D. Tex. Mar. 18, 2011).

Consistent with those principles of notice pleading, the Federal Rules of Civil Procedure's Appendix of Forms provides examples of pleadings that are sufficient to state a claim. *See* Fed. R. Civ. P. 84. Form 18 provides a sample patent infringement complaint:

1. (Statement of Jurisdiction—See Form 7.)
2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:
    (a) a preliminary and final injunction against the continuing infringement;
    (b) an accounting for damages; and
    (c) interest and costs.
(Date and sign—See Form 2.)

Fed. R. Civ. P. Form 18 (2007). Courts have consistently found that a complaint for patent infringement is sufficient if it includes the elements in Form 18's sample pleading, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); *Oasis Res.*, No. 4:10-cv-435-

MHS-ALM, slip op. at 4-5; *Intravisual, Inc. v. Fujitsu Microelecs. Am., Inc.*, No. 2:10-cv-90-TJW, 2011 WL 1004873, at *3 (E.D. Tex. Mar. 18, 2011); *Clear with Computers, LLC. v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481-LED, 2010 WL 3155888, at *3 (E.D. Tex. Mar. 29, 2010).

Finally, even where a court believes that a complaint requires more detail, it "should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009).

### III. ARGUMENT

Round Rock Research's Complaint satisfies the pleading requirements articulated by the applicable case law, the Federal Rules of Civil Procedure, and the Local Rules and practice of this District. To the extent the Defendants seek further details concerning Round Rock Research's claims beyond that which is required in the pleadings, such information is properly sought through discovery, and is specifically addressed by the Local Rules.

#### A. The Complaint States A Claim For Direct Infringement Against Defendants Dell And Oracle.

Given that all reasonable inferences must be drawn in favor of Round Rock Research's claims, the Complaint contains ample allegations of fact to support a claim of direct infringement against the Defendants. The Complaint names the Patents-in-Suit; identifies and describes the accused products; and alleges that the Defendants make, use, sell, offer for sale, and/or import products that infringe those patents. Those allegations are consistent with Form 18 of the Federal Rules of Civil Procedure and meet the requirements of the relevant case law. Further, Round Rock Research exceeded the minimum requirements of Form 18 by specifically identifying concrete examples of each Defendant's infringing products, thereby providing more

4

than enough detail for the Defendants to respond to the Complaint. Accordingly, the Defendants' motions should be dismissed.

### 1. The Complaint States A Claim Of Direct Infringement Against Dell.

The Complaint identifies a class of exemplary Dell products that infringe each of the Patents-in-Suit. For example, the Complaint alleges:

> 20. Dell has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems, including, but not limited to, servers implementing a remote monitoring system, such as the Dell Remote Access Card ("DRAC"). Dell has also indirectly infringed and continues to indirectly infringe the '816 Patent by encouraging its customers to implement and practice the claims of the '816 Patent, including Dell's customers who make, use, sell, and/or offer to sell servers implementing Dell's remote monitoring systems, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc.

(D.I. 1, ¶ 20.) Contrary to Dell's assertions, this allegation meets the requirements to state a claim of patent infringement and provides Dell with sufficient information to answer the Complaint.

Dell complains that the Complaint does not specify the products that Round Rock Research is accusing or the claims that Round Rock Research is asserting. (D.I. 22 at 4.) But neither objection holds water. Indeed, the Complaint provides the level of detail used in a pleading that was the subject of a similar motion to dismiss—and that this Court approved—only three months ago. *See Oasis Res.*, No. 4:10-cv-435-MHS-ALM, slip op. at 5 (denying a motion to dismiss a complaint that identified the accused products as "back-up storage systems" and then provides a concrete example of each Defendant's infringing product).

First, the Complaint identifies a specific class of products that infringe the patents in suit, namely "servers implementing a remote monitoring system, such as the Dell Remote Access Card." The allegation is clear—Dell servers that implement a remote monitoring system infringe

5

Round Rock Research's patents.[2] The Complaint also provides a concrete example of a Dell device—the Dell Remote Access Card—that provides the infringing functionality in Dell systems. That allegation is markedly more substantial and concrete than the complaints at issue in the cases on which Dell relies. (D.I. 22 at 5.) For example, in *Landmark Technology, LLC v. Aeropostale*, the court granted a motion to dismiss where the plaintiff only generically accused multiple defendants' "electronic commerce systems" of infringement without accusing systems "***specific to any particular Defendant***." No. 6:09-cv-262-LED, slip op. at 2 (E.D. Tex. Mar. 29, 2010) (emphasis added). But the current Complaint poses no such concerns. Rather, Round Rock Research's Complaint specifically accuses **Dell** server systems using remote monitoring technology such as the **Dell** Remote Access Card infringe the Patents-in-Suit.[3] Under the applicable case law, Round Rock Research's Complaint provides more than sufficient context to satisfy the pleading standards and allow Dell to formulate a response. *See, e.g.*, *Oasis Res.*, No. 4:10-cv-435-MHS-ALM, slip op. at 5; *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 540 (E.D. Tex. 2010).

---

[2] To the extent that Round Rock Research's Complaint also uses the phrase "including but not limited to" to describe the accused Dell and Oracle systems, such allegations nonetheless comply with the pleading requirements of Form 18 and do not warrant dismissal under Rule 12(b)(6). *See, e.g., Clear with Computers, LLC. v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481-LED, 2010 WL 3155888, at *3 (E.D. Tex Mar. 29, 2010) (holding that a Complaint accusing "methods practiced on various websites (***including but not limited to***, [Defendant's homepage]" complied with Form 18.) (emphasis added).

[3] The other cases on which Dell relies are similarly inapposite. For example, *Realtime Data, LLC v. Morgan Stanley* involved a complaint that asserted the same generic allegation against twenty-one disparate defendants, without providing an example of a specific infringing system. *See id.,* No 6:10-cv-326-LED, slip op. at 1-2 (E.D. Tex. May 7, 2010). Likewise, *Prompt Medical Systems, L.P. v. AllscriptsMisys Healthcare Solutions, Inc.* is also inapplicable: in that case the motion was granted only ***after*** beginning discovery and having received the plaintiff's final infringement contentions—not at the pleading stage. *See id.*, No. 6:10-cv-71-LED, slip op. at 1-2 (E.D. Tex. Feb. 11, 2011).

Dell further objects that the Complaint does not list the specific claims of the Patents-in-Suit that Round Rock Research will assert. But that objection is without merit; as Courts have consistently held, "there is no requirement that the complaint specify which specific claims the plaintiff is asserting." *Atwater Partners of Tex. LLC v. AT & T, Inc.*, 2011 WL 1004880, at *3. And Dell cites no authority to the contrary. Further, Form 18 does not require identification of specific claims. Fed. R. Civ. P. Form 18 (2007). Finally—and as Dell concedes—the Local Patent Rules of this District govern the timing of the identification of specific asserted claims. (Local Patent Rule 3-1; D.I. 22.) Accordingly, Dell's motion should be denied.

### 2. The Complaint States A Claim Of Direct Infringement Against Oracle.

Oracle's motion rehashes similar arguments, likewise complaining that Round Rock Research has not identified which claims it plans to assert and the products it accuses. (D.I. 25 at 4). But, as with Dell, Round Rock Research specifically identified the Oracle products that infringe the Patents-in-Suit, even providing examples of the infringing functionality using Oracle's own product language: "***Oracle*** servers implementing a remote monitoring system such as the ***Oracle*** Integrated Lights-Out Manager." (*See, e.g.*, D.I. 1, ¶ 19.)[4] The cases Oracle cites are not only inapposite, they also ignore the recent precedent of this Court. For example, *Prompt Medical Systems v. AllScriptsMisys Healthcare Solutions, Inc.*—a case on which Oracle relies

---

[4] Paragraph 19 states:

> 19. Oracle has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems, including, but not limited to, Oracle servers implementing a remote monitoring system, such as the Oracle Integrated Lights-Out Manager ("ILOM"). Oracle has also indirectly infringed and continues to indirectly infringe the '816 Patent by encouraging its customers to implement and practice the claims of the '816 Patent, including Oracle's customers who make, use, sell, and/or offer to sell servers implementing Oracle's remote monitoring systems, such as Verio, Inc.

heavily—concerned a motion to dismiss filed *after* the plaintiff filed its Local Patent Rule 3-1 infringement contentions, not a case at the pleading stage. *Id.*, No. 6:10-cv-71, slip op. at 2. Moreover, the Court went on to state that the defendants' motion was "superfluous for all practical purposes" because the plaintiff had served its infringement contentions. *Id.* In that case, the Court admonished the defendants "***to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance***." *Id.* That admonishment would be equally justified here.[5]

### B. Round Rock Research Alleges Sufficient Facts To State A Claim For Indirect Infringement Against Defendants Dell And Oracle.

Courts in this District have routinely and recently rejected motions by defendants seeking to impose heightened pleading standards on indirect patent infringement claims because "neither [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Charles E. Hill & Assoc., Inc. v. Abt Elecs., Inc.*, No. 2:09-cv-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010) *adopted by* 2010 WL 3749513 (E.D. Tex. Sept. 20, 2010); *Traffic Info., LLC v. YAHOO! Inc.*, No. 2:09-cv-246-TJW-CE, 2010 WL 2545500, at *3 (E.D. Tex. Apr. 13, 2010) *adopted by* 2010 WL 2542226 (E.D. Tex. Jun. 21, 2010); *Tune Hunter Inc. v. Samsung Telecom'ns Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) ("Defendants argue that Tune Hunter failed properly to allege additional facts that are required to prove claims for inducing

---

[5] The other cases on which Oracle relies are readily distinguishable because they involve either general allegations of infringement against many defendants without providing an example of infringing product made, used, or sold by each individual defendant (*see, e.g.*, *Joao Bock Transaction Sys. of Tex. v. AT&T, Inc.* No. 6:08-cv-208-LED, slip op. at 1-2 (E.D. Tex. Mar. 29, 2010); *Joao Bock Transaction Sys. of Tex. v. Am. Nat. Bank*, No. 6:08-cv-208-LED, slip op. (E.D. Tex. Mar. 29, 2010); *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262-LED, slip op. (E.D. Tex. Mar. 29, 2010)) or they involve allegations that do not identify any accused product whatsoever (*see, e.g.*, *i2 Tech. Inc. v. Oracle Corp.*, No 6:09-cv-194-LED, slip op. at 3-4 (E.D. Tex. Mar. 29, 2010)).

infringement, contributory infringement. . . . *As outlined above, those additional facts are not required by* **Iqbal**.") (emphasis added); *Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255-TJW-CE, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) *adopted by* 2008 WL 4373448 (E.D. Tex. Sept. 24, 2008) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

Finally, where, as here, a complaint (1) complies with Form 18, (2) tailors its infringement allegations to a defendant's products, and (3) identifies direct infringers, the Courts in this District have consistently rejected defendants' motions to dismiss. *See, e.g.*, *Oasis Res.*, No. 4:10-cv-435-MHS-ALM, slip op. at 6-7 (denying a motion to dismiss indirect infringement claims) (citing *Intravisual*, 2011 WL 1004873 at *6 (denying motion to dismiss claims for induced infringement because complaint complied with and exceeded Form 18); *Traffic Info., LLC v. Yahoo!, Inc.*, No. 2:09-cv-246-TJW-CE, 2010 WL 2545500, at *3 (E.D. Tex. April 13, 2010) (stating that there is no requirement to plead all elements of indirect infringement); *Tune Hunter v. Samsung Telecomm. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) (denying motion to dismiss indirect infringement claims where complaint complied with Form 18)).

Defendants' motions confuse the requirements for *alleging* indirect infringement at the inception of litigation (without the benefit of any discovery) with the requisite elements of proof *ultimately required to obtain a judgment*. None of the cases cited by Oracle and Dell that restate the elements of indirect infringement, including *Global Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011), purport to have changed the *pleading* requirements for an allegation of

indirect infringement.[6]  As this Court stated three months ago, an indirect infringement allegation at the pleading stage is sufficient so long as the context of the complaint puts indirect infringers on notice of what they must defend against.  *Oasis Res.*, No. 4:10-cv-435-MHS-ALM, slip op. at 6 (citing *Realtime Data*, 721 F. Supp. 2d at 540).  In fact, the Complaint in this case provides more detail than was required in *Oasis Research* action—here, Round Rock Research has taken the additional step of identifying specific direct infringers by name.  Thus, the Complaint in this case satisfies even the most stringent pleading requirements applied in this District.  *Id.*

Rather than identify genuine pleading defects, Dell and Oracle simply seek to delay prompt resolution of Round Rock Research's claims with procedural motion practice while ignoring this Court's most recent relevant decisions.  The Defendants' motions to dismiss the indirect infringement claims should be dismissed accordingly.

### C. Oracle's Motion For A More Definite Statement Is Without Merit And Should Be Denied.

When considering a motion for a more definite statement under Rule 12(e), the Court has discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading.  *Sipco, LLC v. Amazon.com Inc.*, No. 2:08-cv-359-DF, slip op. at 2-3 (D.I. 168) (E.D. Tex. Mar. 23, 2009) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).  In the exercise of that discretion, Courts have consistently denied such motions were the detail or information sought by the motion is

---

[6] Oracle cites three out-of-district District Court decisions for the proposition that a heightened pleading standard applies to alleging indirect infringement. (D.I. 25 at 8-9.)  None of those cases, nor that proposition, have been adopted in this District.  Rather, Courts in this District have consistently held that pleadings that meet or exceed the requirements of Form 18 are sufficient to survive a motion to dismiss.  *See, e.g.*, *Oasis Res.*, No. 4:10-cv-435-MHS-ALM at 6-7.

obtainable through discovery. *Id* at 3. (citing *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480-DF, 2008 WL 4136426, at *4 (E.D. Tex. Aug. 8, 2008)).

As stated above, the Complaint adequately states the bases for Round Rock Research's claims. To the extent Oracle seeks additional information not required at the pleading stage, such as the claims Round Rock Research will assert or further specificity concerning accused products and additional indirect infringers, that information is obtainable through discovery. (*See, e.g.*, E.D. Tex. Local Patent Rules.) Thus, Oracle's motion for a more definite statement should be denied.

## IV. CONCLUSION

For the foregoing reasons, Oracle and Dell's motions to dismiss and Oracle's motion for a more definite statement should be denied.

DATED: September 1, 2011	By: /s/ Jonas R. McDavit
Paul A. Bondor
pbondor@desmaraisllp.com
Jonas R. McDavit
jmcdavit@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

James C. Tidwell
Texas State Bar No. 20020100
WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 1st day of September, 2011.

/s/ Jonas R. McDavit
Jonas R. McDavit