IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | § | **Civil Action No. 4:11-cv-332-MHS-ALM** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Jury Trial Requested** |
| | § | |
| **ORACLE CORPORATION and** | § | |
| **DELL INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS DELL INC. AND ORACLE CORPORATION'S**
**MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF TEXAS**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL BACKGROUND ....................................................................... 3

III.    APPLICABLE LAW .................................................................................. 4

IV.     ARGUMENT .............................................................................................. 5

      A.      The Private Interest Factors Strongly Favor Transfer............................ 5

            1.      The cost of attendance for willing witnesses is lower in the
Western District of Texas ............................................................ 5

            2.      Access to sources of proof is easier in the Western District of
Texas ............................................................................................ 8

            3.      The availability of compulsory process to secure the attendance of
witnesses is neutral .................................................................... 8

      B.      The Public Interest Factors Strongly Favor Transfer............................ 9

            1.      The Western District of Texas has a strong interest in having this
dispute decided there................................................................... 9

            2.      The administrative difficulties flowing from court congestion
slightly favor transfer ............................................................... 11

      C.      The Balance of Factors Strongly Favors Transfer to the Western District
of Texas.................................................................................................. 12

V.      CONCLUSION......................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Balthasar Online, Inc. v. Network Solutions, LLC*,
No. 2:08-CV-430, 2009 WL 2952230 (E.D. Tex. 2009)......................................................4, 5

*Balthaser Online, Inc. v. Kimberly-Clark Corp.*,
No. 2:09cv188, 2011 WL 1235143 (E.D. Tex. Mar. 30, 2011)...........................................1, 6

*Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*,
No. 2:06-CV-438, 2007 WL 433299 (E.D. Tex. Feb. 6, 2007)..............................................12

*In re Genentech*,
566 F.3d 1338 (Fed. Cir. 2009).................................................................................8, 11, 12

*In re Hoffmann-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009).........................................................................8, 9, 10, 13

*In re Microsoft Corp.*,
630 F.3d 1361 (Fed. Cir. 2011)..........................................................................................9

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)......................................................................................5, 13

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008).....................................................................................4, 9, 10

*In re Verizon Business Network Servs. Inc.*,
635 F.3d 559 (Fed. Cir. 2011)....................................................................................1, 6, 12

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) (en banc) .............................................................................4, 5

*Mobilemedia Ideas LLC v. Research In Motion Ltd. et al.*,
No. 2:10-cv-113-TJW-CE (E.D. Tex. Aug. 30, 2011) (slip op.) ...............................................1

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
No. 6:09cv390, 2010 WL 3855520 (E.D. Tex. Sept. 30, 2010) ..............................................8

*Promote Innovation LLC v. Bristol-Myers Squibb Co.*,
No. 2:10cv120, 2011 WL 1399393 (E.D. Tex. Apr. 13, 2011) ...............................................10

*Promote Innovation LLC v. Ortho-McNeil Pharmaceutical, LLC*,
No. 2:10-CV-109 (E.D. Tex. Jan. 12, 2011).........................................................................8

*Promote Innovation LLC v. Schering Corp.*,
    2011 WL 665817 (E.D. Tex. Feb. 14, 2011) ............................................................................8

*Vasudevan Software, Inc. v. International Business Machines Corp.*,
    No. 2:09-CV-105, 2009 WL 3784371 (E.D. Tex. Nov. 10, 2009) ....................................12, 13

**FEDERAL STATUTES**

28 U.S.C. § 1404 .............................................................................................................................1, 4

Defendants Dell Inc. ("Dell") and Oracle Corporation ("Oracle") (collectively "Defendants"), by and through their counsel, hereby move this Court, pursuant to 28 U.S.C. § 1404, to transfer this action to the Western District of Texas, Austin Division.

## I.   <u>INTRODUCTION</u>

This case, brought by a New York Plaintiff against an Austin, Texas Defendant and a California Defendant, has no tangible connection to the Eastern District of Texas and should be transferred to Austin.  The Western District of Texas, home to one of the three parties, numerous likely witnesses, and many of the relevant documents related to the accused products, has a substantial connection to the subject matter of this action, and is the clearly more convenient venue.

Given the disparity between the numerous, strong connections to the Western District and the virtually nonexistent connection to the Eastern District, this case falls squarely in line with many recent decisions this year ordering cases transferred from this District to other more convenient districts elsewhere in Texas.  *See In re Verizon Business Network Servs. Inc.*, 635 F.3d 559 (Fed. Cir. 2011) (discounting plaintiff's presence in the Eastern District because plaintiff had no employees in the District and ordering case transferred to the Northern District of Texas for the convenience of the witnesses); *Balthaser Online, Inc. v. Kimberly-Clark Corp.*, No. 2:09cv188, 2011 WL 1235143 (E.D. Tex. Mar. 30, 2011) (concluding the Southern District of Texas was a clearly more convenient forum than the Eastern District based on presence of one of six defendants in Southern District); *Mobilemedia Ideas LLC v. Research In Motion Ltd. et al.*, No. 2:10-cv-113-TJW-CE (E.D. Tex. Aug. 30, 2011) (slip op.) (transfer granted to the Northern District of Texas, where one of two Defendants was headquartered and where the majority of relevant documents regarding the accused products were located).

1

This case bears no relevant connection to the Eastern District of Texas.  Plaintiff Round Rock Research, LLC ("Plaintiff" or "Round Rock Research") was founded in Mount Kisco, New York by John Desmarais, who is the named partner of Plaintiff's litigation counsel in this case. As a non-practicing entity, Plaintiff has no manufacturing, research, or design operations. Plaintiff has no offices or operations of any kind in Texas.  Defendants Dell and Oracle likewise lack any relevant connection to the Eastern District.  In addition, all inventors and the prosecuting law firm of the nine patents-in-suit are located outside this district.  In sum, to Defendants' knowledge, no documents or likely witnesses are located within the Eastern District, and no party has a presence in the Eastern District that bears any relation to this case.

Conversely, this case has a very substantial connection to the Western District.  Dell's headquarters and main operations are in Round Rock, Texas, just outside of Austin in the Western District.[1]  The Complaint's vague infringement allegations specifically accuse only Dell's Dell Remote Access Card ("DRAC") technology.  Virtually all of Dell's relevant documents, witnesses, and evidence regarding its DRAC products are located in the Western District, more than 250 miles from the Sherman courthouse and just 20 miles from the Austin Division of the Western District.  And virtually all of Dell's activities relating to the Dell Remote Access Card technology occurred in or were directed from the Western District.

Finally, Oracle is headquartered in California and its research and development of Integrated Lights-Out Manager ("ILOM") technology—the only Oracle technology that Plaintiff identifies in its Complaint—is largely based in Massachusetts.  To the extent Oracle's presence in Texas is relevant, none of its employees who work on ILOM are in the Eastern District, but a few of its software engineers located in Oracle's Austin facilities have worked on ILOM

---

[1] To Defendants' knowledge, Plaintiff Round Rock Research LLC has no connection to Round Rock, Texas.  Round Rock Research is a Delaware limited liability company and its principal place of business is in Mount Kisco, New York.  Dkt. 1, Compl. at ¶ 1.

technology.

These connections to the Western District make it clearly more convenient than the Eastern District, and give the Western District a strong interest in the adjudication of this case. The interests of justice as well as the convenience of the parties and witnesses will therefore be served by a transfer of this matter to the Western District.

## II.   FACTUAL BACKGROUND

On June 8, 2011, Plaintiff filed this action against Dell and Oracle, claiming that each defendant infringes nine patents.  Dkt. 1, Compl. at ¶¶ 19-62.  Plaintiff repeated nearly verbatim the same conclusory allegations for all nine counts, stating that both Oracle and Dell infringed each of the nine patents "either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems including, but not limited to, [Oracle][2] servers implementing a remote monitoring system."  *See, e.g.*, Compl. at ¶¶ 19, 20.  Plaintiff specifically identifies only two products, the Dell Remote Access Card, and the Oracle Integrated Lights-Out Manager monitoring systems, as accused instrumentalities.  *See, e.g.*, *id.*

Plaintiff Round Rock Research is a Delaware LLC with its primary place of business in Mount Kisco, New York.  Compl. at ¶ 1.  In late 2009, Mr. Desmarais, formerly a Kirkland & Ellis patent litigation partner, purchased some 4,500 patents and applications from Micron Technology, and started Plaintiff's law firm, Desmarais LLP in New York, New York.  Declaration of Aaron Fountain at ¶¶ 2, 3 & Exs. A, B ("Fountain Decl.").  To Defendants' knowledge, Plaintiff has no operations or offices of any kind anywhere in this district, in Texas, or indeed anywhere outside of New York.  Declaration of Roderick M. Thompson (hereinafter

---

[2] Each of the nine identical paragraphs addressed to Oracle include the word "Oracle" before "servers," whereas the nine identical paragraphs addressed to Dell simply state "servers."

"Thompson Decl.") at ¶ 2.

Dell is a Delaware corporation with its principal place of business in Round Rock, Texas, less than 20 miles from the U.S. District Court in Austin.  Declaration of Geraldine Hackett in Support of Defendants' Motion to Transfer Venue to the Western District of Texas (hereinafter "Hackett Decl.") at ¶ 3.  Oracle is a Delaware corporation with its principal place of business in California.  Declaration of Tim Knight in Support of Defendants' Motion to Transfer Venue to the Western District of Texas (hereinafter "Knight Decl.") at ¶ 3.

The accused DRAC and ILOM technologies are included in products that are sold to customers throughout the United States.  Hackett Decl. at ¶ 10; Knight Decl. at ¶ 2.  Plaintiff's infringement allegations nevertheless identify four specific Dell customers in Texas.  The largest customer listed in the complaint, Rackspace, is located in the Western District, whereas only a much smaller customer, LayeredTech Inc., is located in the Eastern District.[3]  Hackett Decl. at ¶ 10; Thompson Decl. at ¶¶ 4, 6.  Plaintiff's allegations also specify one Oracle customer, Verio, Inc., which is headquartered in Colorado with operations in the Northern District of Texas.  Fountain Decl. at ¶ 4 & Ex. C.  The locations of Plaintiff's small selection of customers cannot transform the Eastern District of Texas into a convenient forum for litigating this case involving nationwide sales.

## III.   **APPLICABLE LAW**

A motion to transfer a civil action under 28 U.S.C. § 1404(a) "should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re*

---

[3] VERBITZ, Inc. and NeoSpire, Inc. are located in the Northern District of Texas.  Thompson Decl. at ¶ 5.

*Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*")).[4]

The Fifth Circuit considers both private and public interest factors in evaluating transfer motions. *Volkswagen II*, 545 F.3d at 314 n.9. The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.* at 315 (internal quotations omitted). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* No single factor is dispositive. *Id.*

## IV.   ARGUMENT

The private and public interest factors demonstrate that the Western District is clearly more convenient than the Eastern District.

### A.   The Private Interest Factors Strongly Favor Transfer

1.   *The cost of attendance for willing witnesses is lower in the Western District of Texas.*

"The convenience and cost of attendance for witnesses is an important factor in the transfer calculus." *In re Nintendo Co.*, 589 F.3d 1194, 1198-99 (Fed. Cir. 2009). The Fifth Circuit employs the "100-mile" guideline for this factor. *Volkswagen II*, 545 F.3d at 317.

---

[4] As a threshold matter, Defendants must establish that the action may have been brought in the Western District. *See Balthasar Online, Inc. v. Network Solutions, LLC*, No. 2:08-CV-430, 2009 WL 2952230, at *4 (E.D. Tex. 2009). This is a low bar, requiring only that Defendants make a prima facie case for personal jurisdiction in the transferee forum. *See id.* Dell is headquartered in Texas and therefore subject to personal jurisdiction in the state. As to Oracle, Plaintiff claims that it "sold, advertised, marketed, and distributed" products that practice the patents-in-suit in Texas, specifically naming Verio, Inc. (an Oracle customer located in Northern District of Texas) as an example. Compl. at ¶ 19. As no party has disputed personal jurisdiction in the Eastern District of Texas, personal jurisdiction is not an issue for another district in the same state.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* As set forth below, Defendants have identified multiple likely witnesses located in and around Austin, more than 200 miles away from Sherman, Thompson Decl. at ¶ 3, but no likely witnesses within 100 miles of Sherman. *See Verizon*, 635 F.3d at 562 (concluding that the Northern District of Texas was "far more convenient" than the Eastern District where many witnesses resided in Northern District and none resided within 100 miles of the plaintiff's chosen forum); *Balthaser Online*, 2011 WL 1235143, at *1, *4 (ordering transfer from Eastern District to Southern District of Texas where one of six defendants and its witnesses and evidence were located and concluding that Southern District was at least as convenient if not more convenient for other parties' witnesses).

Dell's preliminary factual inquiry indicates that all relevant Dell witnesses are located in the Austin area. The engineering team responsible for the design and development of the accused DRAC products is based in Round Rock, Texas. Hackett Decl., ¶¶ 4-5.[5] In particular, all of the following DRAC-related functions are conducted by Dell employees in the Austin area of the Western District:

- *Concept, detail design and implementation of the product with customer and marketing input;*

- *Planning, managing and implementing the delivery of product into manufacturing (physical and electronic media);*

- *Assisting manufacturing teams in manufacturing and release product to the customer; and*

- *Maintaining the product through its lifecycle (fix reported bugs, enhance features based on feedback).*

Hackett Decl. at ¶¶ 4-5.

---

[5] About 100 engineers are located in the Austin area; another 40 are in Bangalore, India.  Hackett Decl. at ¶ 5.

Similarly, the procurement team, which is responsible for contracting and licenses for the DRAC products, is located in Round Rock.  Hackett Decl. at ¶ 5.  The marketing and product consulting teams for DRAC are also based in the Austin area.  *Id.*  Thus, the relevant Dell witnesses related to DRAC products are located in the Western District.  Hackett Decl. at ¶¶ 3-7.  There are no likely Dell witnesses for whom trial in the Eastern District of Texas would be more convenient than in the Western District.  Hackett Decl. at ¶ 11.

None of Oracle's potentially relevant witnesses are located in the Eastern District.  Oracle's research and development for the accused ILOM technology is largely based in Burlington, Massachusetts.  Knight Decl. at ¶ 4.  The ILOM product manager and marketing lead, a likely witness in this case, is located outside of Texas in Broomfield, Colorado.  *Id.*  There is no research and development center relating to ILOM in the Eastern District.  *Id.* at ¶ 5.  Thus far, in addition to Tim Knight and other likely witnesses in Massachusetts, Oracle's possible witnesses are spread throughout the country.  *Id.* at ¶ 4.  To the extent Oracle's presence in Texas is relevant to this case, Oracle has identified a few software engineers in its Austin, Texas facilities who have worked on ILOM technology.  *Id.*  Oracle has not identified any similar possible witnesses in the Eastern District.  *Id.* at ¶ 5.

In addition, the patents-in-suit uniformly state that every named inventor is from California.  Thompson Decl. at ¶ 7.  Public records searches show none of the inventors currently is located in Texas.  *Id.*  Moreover, the original assignee and prosecuting attorney listed on the patents are also outside of Texas, in Idaho and California, respectively.  *Id.*  Finally, Plaintiff, including its founder and likely witness Mr. Desmarais, are located in New York. [6]

Under the 100-mile guideline, every Dell witness and several possible Oracle witnesses

---

[6] Conducting trial in Austin may be more convenient for out-of-state witnesses traveling by air.  It is a 68-mile drive from the Dallas-Forth Worth airport to Sherman, Texas, while it is only eight miles from Austin-Bergstrom Airport to the federal courthouse in downtown Austin.  Thompson Decl. at ¶ 8.

would be more inconvenienced by a trial in the Eastern District.  There are no likely witnesses in

the Eastern District who would be similarly inconvenienced by a trial in the Western District,

Austin Division.  This factor strongly favors transfer.

2.     *Access to sources of proof is easier in the Western District of Texas*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the

accused infringer.  Consequently, the place where the defendant's documents are kept weighs in

favor of transfer to that location."  *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)

(internal quotation omitted); *see In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir.

2009) (noting presence of evidence and documents where accused product was developed); *On

Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09cv390, 2010 WL 3855520, at *4

(E.D. Tex. Sept. 30, 2010). The documents and physical evidence relevant to Dell's DRAC

technology are located in the Western District.  Hackett Decl. at ¶¶ 3-7.  In addition to Dell's

evidence in the Western District, Oracle's few Austin-based engineers who have worked on the

ILOM technology may maintain documents in Austin as well.  Knight Decl. at ¶ 4.  Because a

significant portion of the relevant documents are located in the Western District, whereas none

are located in the Eastern District, this factor strongly favors transfer.

3.     *The availability of compulsory process to secure the attendance of
       witnesses is neutral*

This factor applies only to nonparty witnesses.  *See Promote Innovation LLC v. Schering

Corp.*, No. 2:10-CV-248, 2011 WL 665817 at *3 (E.D. Tex. Feb. 14, 2011) (citing *Promote

Innovation LLC v. Ortho-McNeil Pharmaceutical, LLC*, No. 2:10-CV-109 (E.D. Tex. Jan. 12,

2011)).  Defendants are unaware of any nonparty witnesses within 100 miles of either district.

Therefore, neither forum has any greater subpoena power than the other.

To the extent Plaintiff purports to rely on the presence in Texas of the customers of

Defendants who are identified in the Complaint (only one of which is located in the Eastern

District), these customers purchase products that are sold throughout Texas, including the

Western District and the rest of the United States.  Hackett Decl. at ¶ 10; Knight Decl. at ¶ 2.

Therefore no significant connection to the Eastern District is created by the presence of a

customer here.  "While the sale of an accused product offered nationwide does not give rise to a

substantial interest in any single venue, if there are significant connections between a particular

venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."

*See Hoffmann-La Roche*, 587 F.3d at 1337 (citing *TS Tech*, 551 F.3d at 1321); *see also TS Tech*,

551 F.3d at 1321 (concluding that nationwide sales of product did not tether dispute to the

Eastern District and ordering case transferred where some witnesses and evidence were in the

transferee forum but none were in the Eastern District); *In re Microsoft Corp.*, 630 F.3d 1361,

1363-64 (Fed. Cir. 2011) (discounting plaintiff's identification of "local Eastern Texas

businessmen who bought or used the accused Microsoft product and are not represented as

having any knowledge of the patent or the issues of the suit").  As the customers identified by

Plaintiff have no special knowledge of Defendants' technologies as compared to customers in the

Western District (including one of the customers that Plaintiff identifies in the Complaint) and

throughout the United States, the named customers are irrelevant to the transfer analysis. [7]

> **B.**     **The Public Interest Factors Strongly Favor Transfer**
>
> > *1.*     *The Western District of Texas has a strong interest in having this dispute
> > decided there*

Dell's principal place of business and accused infringing activity are located in the

Western District, giving that district a strong local interest in this dispute.  *See Hoffmann-La*

*Roche*, 587 F.3d at 1336 (concluding that transferee district, where accused product was

---

[7] Defendants are currently unaware of any "other practical problems that make the trial of a case easy, expeditious,
and inexpensive."  Accordingly, the fourth private interest factor also appears to be neutral.

developed, had a strong local interest because "the cause of action calls into question the work

and reputation of several individuals residing in or near that district and who presumably conduct

business in that community").  This local interest is of particular import because the Complaint's

allegations of indirect infringement and willful infringement implicate the knowledge and intent

of the individuals responsible for directing Dell's accused activities.  *See Promote Innovation

LLC v. Bristol-Myers Squibb Co.*, No. 2:10cv120, 2011 WL 1399393, at *4 (E.D. Tex. Apr. 13,

2011) (finding local interest was an "important consideration" where the complaint implicated

the intent of the decision makers responsible for the accused conduct).  Conversely, no party has

any relevant connection to the Eastern District.  *Hoffmann-La Roche*, 587 F.3d at 1338 (citing *TS

Tech*, 551 F.3d at 1321) ("sale of an accused product offered nationwide does not give rise to a

substantial interest in any single venue").  There is, in contrast, no local interest in deciding the

dispute in Sherman.

Many facts support the strength of the Western District's local interest in this dispute.

The Complaint claims that Dell directly infringes the patents-in-suit by "making, using, offering

for sale, selling, and/or importing" allegedly infringing systems "such as" DRAC.  *See, e.g.*,

Compl. at ¶ 20 (identical allegation is repeated for all nine patents).  Each of these Dell business

functions takes place at Dell's offices in and around Round Rock or, for processes like

manufacturing and importing of the accused DRAC product, are overseen out of Dell's Austin-

area operations.  Hackett Decl. at ¶¶ 3-7.  Similarly, to the extent indirect infringement is alleged,

it arises out of Dell's allegedly "encouraging its customers to implement and practice the claims"

of the patents-in-suit; such alleged "encouragement" must be ultimately traceable to Dell's

headquarters, where the decision makers responsible for customer communications, marketing,

and other sales-related operations are located.  Compl. at ¶ 20 (again, identical allegation is

repeated for all nine patents).

Plaintiff also alleges that Dell willfully infringed its patents, specifically alleging that Dell was put on notice when it received "written notice of its infringement."  *See, e.g*., Compl. at ¶ 22.  Dell is aware of two written communications from Round Rock Research listing patents— which were directed to Dell in Round Rock, Texas—as well as two meetings that took place at Dell's headquarters in the Austin area.  *See* Hackett Decl. at ¶¶ 8-9 and Exhs. A & B (stating that all meetings took place at Dell's Round Rock offices and attaching Plaintiff's letters dated November 23, 2010, and April 4, 2011, both of which were sent to Dell's Austin-area offices).  No pre-suit meetings or communications took place in the Eastern District.

Plaintiff's allegations against Oracle do not implicate the Eastern District, but might implicate the Western District.  As discussed above in section IV.A.1, Oracle's research and development of the ILOM technology is largely based in Massachusetts, with the product manager/marketer in Colorado.  Several software engineers that have worked on ILOM, however, live and work in the Austin area, which may implicate the Western District's interest in this dispute.

Given the numerous connections to the Western District and the complete absence of connections to the Eastern District, the Western District's interest in the resolution of this case strongly favors transfer.

> 2.     *The administrative difficulties flowing from court congestion slightly favor transfer*

The speed with which a case can come to trial and be resolved is a consideration under this factor.  *Genentech*, 566 F.3d at 1347.  However, this factor is speculative and cannot alone outweigh other factors.  *Id.*  In this case, it is in line with the factors favoring transfer.

The latest statistics from the Administrative Office of the U.S. Courts indicate that the

median time to trial for civil cases in the Western District is 16.4 months.  Fountain Decl. at ¶ 5 & Ex. D.  The median time to trial for civil cases in the Eastern District, however, is 24.6 months.  *Id.*.  In addition, the recent announcements that several Eastern District judges will be retiring in the next several months suggest that this complex patent case with no viable connection to the Eastern District could put unnecessary strain on the already overburdened Eastern District. [8]

C.      **The Balance of Factors Strongly Favors Transfer to the Western District of Texas**

Two private interest factors and one public interest factor strongly favor transfer; one public interest factor slightly favors transfer; and the remaining four factors are neutral.  There is no reason that this case involving a New York Plaintiff, a Western District Defendant and a California Defendant should be litigated in the Eastern District rather than the Western District.

This case is very much like *Genentech* because there are a significant number of witnesses located in the Western District but there are no likely witnesses in this district.  *See* 566 F.3d at 1345 (rejecting physical location of Eastern District as source of convenience when no witnesses were located in that forum); *see also Verizon*, 635 F.3d at 562 (concluding that Northern District of Texas was "far more convenient" than the Eastern District where many witnesses resided in Northern District and none resided within 100 miles of the plaintiff's chosen forum).  In *Vasudevan Software, Inc. v. International Business Machines Corp.*, No. 2:09-CV-105, 2009 WL 3784371, *2–*3 (E.D. Tex. Nov. 10, 2009), the plaintiff (an out-of-state corporation with no Texas operations) filed a patent infringement action against New York and California defendants (including Oracle) with no relevant localized ties.  The court granted

---

[8] The remaining public interest factors—familiarity with governing law and the avoidance of unnecessary problems of conflict of laws—are neutral.  *See Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, No. 2:06-CV-438, 2007 WL 433299, at *4 (E.D. Tex. Feb. 6, 2007) ("Patent claims are covered by federal law . . . this factor is neutral to transfer.").

defendants' motion to transfer to the Northern District of California, the location of the relevant witnesses and documents and where the accused products had been designed and developed. Even though one accused infringer had a training facility in Plano, Texas, convenience factors still favored transfer to California. *Id*; *see also Nintendo*, 589 F.3d at 1198 (ordering transfer of venue from Eastern District to one of the defendants' home forum of Western District of Washington, where the patentee was an Ohio corporation with its principal place of business in Ohio and there was no meaningful connection with the Texas forum); *Hoffmann-La Roche*, 587 F.3d at 1336–38 (ordering transfer of venue to the Eastern District of North Carolina, where accused product had been developed, and finding that the Eastern District of Texas had no meaningful connection with the dispute, where patentee was California resident).

## V.     **CONCLUSION**

Sherman and the Eastern District of Texas lack any meaningful connection to the allegations in this action. No party has relevant operations in this district, and no known witness resides here. As this action clearly involves evidence, witnesses, and conduct located and taking place near Austin, Texas, Defendants' motion to transfer this matter to the Austin Division of the Western District of Texas should be granted.


Dated: September 7, 2011               Respectfully submitted,

                                       */s/ John M. Guaragna*
                                       Clyde M. Siebman
                                       Siebman, Burg, Philips & Smith, LLP
                                       Federal Courthouse Square
                                       300 North Travis Street
                                       Sherman, TX 75090
                                       Tel: (903) 870.0070
                                       Fax: (903) 870.0066

                                       JOHN M. GUARAGNA (Bar No. 24043308)
                                       AARON FOUNTAIN  (Bar No. 24050619)

**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

MARK D. FOWLER (*pro hac vice*)
ALAN LIMBACH (*pro hac vice*)
CARRIE L. WILLIAMSON (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2000
Fax: (650) 833-2001

**Attorneys for Defendant**
**ORACLE CORPORATION**


*/s/ Deron Dacus (w/permission)*
Deron Dacus (TX State Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

Douglas R. Young (CA State Bar No. 73248)
(*pro hac vice*)
dyoung@fbm.com
Roderick M. Thompson (CA State Bar No. 96192)
(*pro hac vice*)
rthompson@fbm.com
Eugene Y. Mar (CA State Bar No. 227071)
(*pro hac vice*)
emar@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

ATTORNEYS FOR DEFENDANT DELL INC.

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 7th day of September 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

 /s/ *John M. Guaragna*
John M. Guaragna

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned Counsel for Defendant Oracle Corporation certifies that on this 7th day of September 2011, he has conferred by telephone with, Jonas McDavit, counsel for Plaintiff Round Rock Research LLC pursuant to Local Rule CV-7(h).  Plaintiff opposes the foregoing Motion to Transfer.  The parties discussion has ended at an impasse because Plaintiff selected one venue and Defendants seek another.

*/s/ John M. Guaragna*
John M. Guaragna

15