IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | § | Civil Action No. 4:11-cv-332-MHS-ALM |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Jury Trial Requested** |
| | § | |
| **ORACLE CORPORATION and DELL INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT DELL INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.     INTRODUCTION**

In its Combined Opposition ("Opposition") to the respective motions to dismiss filed by Defendants Dell Inc. ("Dell") and Oracle Corporation ("Oracle") (collectively, "Defendants"), Plaintiff Round Rock Research, LLC ("Round Rock") does not—and could not—demonstrate how its identical boilerplate allegations, repeated eighteen times, of direct and indirect infringement against Dell and Oracle on nine patents containing over 300 claims satisfy the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Round Rock's Complaint fundamentally fails to give Defendants even minimally sufficient notice to allow them to respond.  The Complaint should be dismissed.

In addition, the Opposition simply ignores three arguments made by Dell in its Motion. Round Rock's silence is a concession that it has no answer to each of these deficiencies:

- First, Round Rock did not oppose Dell's argument that Counts I, IV, V, and VIII, which allege direct and indirect infringement of patents containing only method claims[1] ("the asserted method patents"), should be dismissed to the extent those allegations are based on making, selling, offering to sell, or importing allegedly infringing systems.  Method patents cannot, as a matter of law, be infringed by making, selling, offering to sell, or importing allegedly infringing systems.  *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010).  Thus, Round Rock's complaint should be dismissed with regard for failing to set forth a plausible claim of relief as to Counts I, IV, V, and VIII based on the making, selling, offering to sell, or importing of any allegedly infringing system by Dell. Round Rock's failure to tailor its boilerplate allegations even to the type of claims at issue in the patents-in-suit is illustrative of the conclusory nature of its Complaint.

---

[1] Round Rock alleged infringement by Dell of nine U.S. Patents,  Nos. 6,088,816 ("the '816 patent"); 6,145,098 ("the '098 patent"); 6,170,067 ("the '067 patent"); 6,199,173 ("the '173 patent"); 6,243,838 ("the '838 patent"); 6,266,721 ("the '721 patent"); 6,425,006 ("the '006 patent"); 6,553,416 ("the '416 patent"); and 6,681,342  ("the '342 patent") (collectively, "the patents-in-suit").  Four of the patents—'816, '173, '838, and '416 (collectively, "the asserted method patents")—contain only method claims.

- 2 -

- Second, Round Rock did not respond to Dell's argument that induced and contributory infringement were inadequately pled due to the lack of any factual allegations which, if true, would show specific intent.
- Last, Round Rock failed to address Dell's argument regarding the inadequacy of its conclusory mention of injunction in its prayer for relief.

By not even addressing Dell's arguments for dismissal on these three issues, Round Rock acknowledges these pleading defects. Round Rock's silence also exposes the fallacy of its contention that Defendants are not raising genuine pleading defects but only seeking delay.[2]

## II. ARGUMENT

A complaint must allege sufficient facts to give a "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient ***factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570) (emphasis added). Legal conclusions cannot supplant the requirement of ***factual*** allegations. *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal citation omitted). Moreover, in deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555). Round Rock has not met its obligations to plead facts supporting its claims for relief, resulting in inadequate notice to Defendants of its allegations.

---

[2] Round Rock's over-reliance on this Court's decision in *Oasis Research, LLC v. ADrive, LLC*, No. 4:10-cv-435-MHS-ALM (D.I. 201) (E.D. Tex. May 23, 2011) is not an answer. That decision, like the Opposition, did not address many of the arguments presented by Dell regarding the defects in Round Rock's complaint.

### A. Round Rock's Complaint Does Not Provide Sufficient Notice of Direct Infringement Under The Applicable Legal Standard.

#### 1. Round Rock Does Not Specify Which of The 303 Patent Claims It Is Asserting And Only Vaguely References Allegedly Infringing Products.

Evaluating the sufficiency of a complaint in the context of a Rule 12(b)(6) motion is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." See *Oasis Research, LLC v. ADrive, LLC*, No. 4:10-cv-435-MHS-ALM (D.I. 201) (E.D. Tex. May 23, 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)), attached hereto as Exhibit A.  Here Round Rock has presented its allegations against both Defendants in eighteen substantively identical, boilerplate charging paragraphs covering nine different patents with a combined total of more than 300 claims.  The Complaint gives no notice as to which of the 303 claims of the nine patents are allegedly infringed.

This Court addressed a complaint with similar deficiencies in *Joao Bock Transaction Systems of Texas, LLC v. AT&T, Inc.*, No. 6:08-cv-208, 2010 WL 5343173, at *3 (E.D. Tex. 2010) (Davis, J.).  There, the Court granted the motion to dismiss and strongly cautioned the plaintiff to narrow its case where the asserted patent contained 424 claims and the patentee failed to identify any of the claims it was asserting.  Additionally, Round Rock's suggestion that its pleading defects can be cured later by discovery, such as disclosure under the Patent Local Rules of the asserted claims, is without merit.  *See* Opp. at 4.  "[A] motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Iqbal*, 129 S. Ct. at 1953.  By failing to identify which of the 303 claims are allegedly infringed, Round Rock Research has unfairly prejudiced Dell in its ability to investigate the case, develop its defenses, and prepare for discovery.

In addition, Round Rock's Complaint should be dismissed because its allegations identifying the accused Dell products as "infringing systems, *including, but not limited to*, servers implementing a remote monitoring system, *such as* the Dell Remote Access Card ('DRAC')" are impermissibly vague.  *See, e.g.*, Compl. ¶ 20 (emphasis added).  The Complaint

- 3 -

does not give certainty as to which products and systems are alleged to infringe. Dell has begun identifying witnesses and documents as to the single exemplar accused technology, the DRAC products, as stated in Defendants' Motion to Change Venue (Dkt. No. 32). However, Round Rock's open-ended infringement claims leave Dell unable to investigate the full scope of Round Rock's infringement allegations and determine what other "systems" are potentially at issue.

Moreover, Round Rock's reliance on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) to argue the sufficiency of its Complaint is misplaced, as *McZeal* was decided prior to the Supreme Court's decision in *Iqbal*. *See Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571, n. 2 (Fed. Cir. 2009) (noting that "Form 18 is a sample pleading for patent infringement but … was last updated before the Supreme Court's *Iqbal* decision," requiring facial plausibility). Also, *McZeal* dealt with the less stringent pleading requirements for a *pro se* plaintiff. *McZeal*, 501 F.3d at 1358 ("By ruling in McZeal's favor, we do not condone this method of pleading…. Because McZeal met the low bar for pro se litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6), we vacate the trial court's dismissal of McZeal's complaint and remand…").

**2. Round Rock Does Not Dispute That Its Complaint Fails to State a Claim for Direct Infringement of the Asserted Method Patents.**

Round Rock does not dispute, and indeed cannot dispute, that it has failed to state a claim for relief that is facially plausible with respect to the asserted method patents in Counts I, IV, V, and VIII, to the extent those counts allege infringement based on making, selling, offering to sell, or importing allegedly infringing systems. Dell cannot, as a matter of law, directly infringe a method claim in any of those manners, as "[d]irect infringement occurs only when someone *performs* the claimed method." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010) (emphasis added). The activities alleged by Round Rock in its cut-and-pasted boilerplate allegations (making, offering to sell, selling, or importing a system capable of performing a method) do not constitute a facially plausible claim that Dell is *performing* the methods in these four patents. *See, e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform

a process is not a sale of the process within the meaning of section 271(a).") (internal citations and quotations omitted); *Mirror Worlds, LLC v. Apple, Inc.*, No. 6-08-cv-00088, 2011 U.S. Dist. LEXIS 36451, at *20 (E.D. Tex. Apr. 4, 2011) (Davis, J.) ("The law is clear that the sale or offer for sale is insufficient to prove direct infringement of a method claim."). These four counts' cut-and-pasted allegations do not account for the types of claims present in the asserted patents, and should be dismissed to the extent they allege that Dell infringes the asserted method patents by making, selling, offering to sell, or importing allegedly "infringing systems."

      **B.**      **Round Rock's Complaint, Which Does Not Contain Elements Consistently Required By The Eastern District, Fails to Adequately Plead Indirect Infringement.[3]**

The Court should also dismiss Round Rock's allegations of indirect infringement by Dell. For all nine patents, Round Rock merely repeats the conclusory allegation that Dell's customers "make, use, sell, and/or offer to sell servers implementing Dell's remote monitoring systems." *See e.g.*, Compl. (Dkt. No. 1) ¶ 20. The allegations of indirect infringement in the Complaint are inadequate because: (1) as with Round Rock's direct infringement claims, they fail to identify which of the 303 patent claims it is alleging are indirectly infringed, (2) they fail to sufficiently identify allegedly infringing product(s), (3) they do not specify the form of indirect infringement Round Rock is alleging (i.e., contributory or induced infringement), (4) they fail to allege facts showing underlying acts of direct infringement by a third party, and (5) they repeat nearly identical allegations of indirect infringement against both Dell and Oracle.

Round Rock mistakenly relies on Form 18 to argue that its indirect infringement allegations are sufficient. Contrary to Round Rock's argument in its Opposition, Eastern District

---

[3] As discussed above with respect to Round Rock's direct infringement claims, Round Rock also does not dispute that the Complaint is deficient in its indirect infringement claims with respect to the four asserted method patents. Round Rock does not respond to Dell's argument that the Complaint fails to allege, even conclusorily, that any third party has practiced all steps of the claimed methods. Just as Dell cannot, as a matter of law, directly infringe a method claim by making, selling, offering to sell, or importing a product, no third party can perform the underlying direct infringement necessary to support an indirect infringement claim by performing these acts. As there is no plausible suggestion of underlying acts of direct infringement by third parties, Round Rock has failed to sufficiently allege indirect infringement of the asserted method patents.

courts have dismissed pleadings for insufficient allegations of indirect infringement. In particular, the Eastern District has consistently stated that compliance with Form 18 is not necessarily sufficient to plead indirect infringement "[b]ecause Form 18 does not expressly address indirect infringement claims, the pleading requirements of indirect infringement claims are unclear." *Oasis Research* at \*6 (quoting *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010)). In *Realtime Data*, the Eastern District court found that Realtime's indirect infringement allegations failed to state a claim for relief that was plausible on its face:

> "[T]he Court evaluates the sufficiency of the Complaint in light of recent decisions requiring that a complaint alleging indirect infringement affirmatively '*identify which claims are indirectly infringed*,' '*identify which methods or systems indirectly infringe*,' and '*identify a direct infringer in reference to [ ] indirect infringement claims*.'" *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d at 544 (citing *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at \*1–4 (E.D. Tex. 2010) (Davis, J.)) (emphasis added).

In *Clear With Computers*, Judge Davis granted a motion to dismiss indirect infringement claims which made substantially the same allegations against multiple defendants, and also admonished that "[t]he Court has high expectations of a plaintiff's preparedness before it brings suit. Thus, the Court expects that [plaintiff] already has sufficient knowledge of facts that it can include in its complaint that would give Defendants sufficient notice of the claims alleged against them." *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888, at \*4 (internal citations omitted). The same expectations exist here. Round Rock must set forth the facts relating to (1) who is the third-party direct infringer, (2) what acts it committed, (3) the acts that Dell has allegedly committed to induce or contributorily infringe, and (4) which claims are at issue.

Other decisions issuing out of the Eastern District have consistently applied the same requirements, and support dismissal of Round Rock's counts of indirect infringement, which repeat nearly identical language for both Defendants and do not identify which claims are allegedly infringed indirectly. *See Eolas Tech., Inc. v. Adobe Systems, Inc.*, No. 6:09-cv-446, 2010 WL 2026627, at \*3 (E.D. Tex. May 6, 2010) (finding plaintiff's indirect infringement claims did not satisfy Rule 8); *Landmark Technology LLC v. Aeropostale*, No. 6:09-cv-262, 2010

- 6 -

WL 5174954, at *1–4 (E.D. Tex. 2010) (dismissing complaint where the patentee sued multiple, unrelated defendants, made the same allegations of infringement against each, and only vaguely identified the accused products).

Round Rock's repeated reliance on this Court's opinion in *Oasis Research* further highlights the deficiencies in Round Rock's indirect infringement allegations. In *Oasis Research*, "Oasis specifically identifie[d] which claims [were] indirectly infringed and identifie[d] Defendants' methods or systems that allegedly indirectly infringe[d] the patents-in-suit." *Oasis Research* at *6. None of those facts are recited in the Round Rock Complaint.

### C. Round Rock Does Not Dispute That Its Complaint Fails to Adequately Plead Injunctive Relief.

Round Rock also does not dispute that the Complaint's mere allusion to injunctive relief is insufficient. The Court should dismiss this deficient prayer and require Round Rock either to expressly allege facts which support a prayer for injunctive relief, or to remove the prayer for injunctive relief from the Complaint. As Round Rock likely cannot show irreparable harm under current precedent, the reference to injunctive relief should be stricken from the Complaint.

### III. CONCLUSION

Dell is entitled to receive fair notice of the serious claims Round Rock is attempting to assert in this action. The Court should dismiss the Complaint against Dell pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dell further requests that to the extent Round Rock actually intends to seek injunctive relief, the Court require Plaintiff to expressly and adequately pray for such relief or dismiss any such prayer for relief.

Dated: September 12, 2011                RESPECTFULLY SUBMITTED,

/s/ Deron Dacus
Deron Dacus (TX State Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

        Douglas R. Young (CA State Bar No. 7324)
        (*pro hac vice* pending)
        dyoung@fbm.com
        Roderick M. Thompson (CA State Bar No. 96192)
        (*pro hac vice* pending)
        rthompson@fbm.com
        Eugene Y. Mar (CA State Bar No. 227071)
        (*pro hac vice* pending)
        emar@fbm.com
        FARELLA BRAUN & MARTEL LLP
        235 Montgomery Street, 17th Floor
        San Francisco, CA  94104
        Telephone:  (415) 954-4400
        Facsimile:  (415) 954-4480

        ATTORNEYS FOR DEFENDANT DELL INC.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 12th day of September, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule cv-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

        /s/ Deron Dacus
        Deron Dacus