IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROUND ROCK RESEARCH LLC,<br><br>    Plaintiff<br><br>v.<br><br>ORACLE CORPORATION and DELL, INC.,<br><br>    Defendants. | Civil Action No. 4:11CV332<br><br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF
DEFENDANT ORACLE CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

    A. Round Rock's Allegations of Direct Infringement Do Not Inform Oracle of What It Must Defend ......................................................................................... 2

    B. Round Rock's Allegations of Indirect Infringement Do Not State a Claim to Relief That Is Plausible on Its Face ................................................................... 3

    C. Round Rock's Misplaced Reliance on *Oasis Research v. ADrive* Cannot Save Its Facially Deficient Complaint ................................................................... 5

III. CONCLUSION .................................................................................................................. 5

**I.     INTRODUCTION**

Round Rock's Complaint is facially deficient and should be dismissed because it disregards Rule 8's pleading requirements as identified by the Supreme Court in *Iqbal* and *Twombly*.  "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  Round Rock's response fails to address the groundless and conclusory nature of its claims as set forth in its Complaint, which should be dismissed for failure to state a claim upon which relief can be granted.

Oracle's motion is not an exercise in delay; Oracle would like nothing more than to address this case on the merits.  However, Round Rock's deficient Complaint makes that impossible.  Specifically, Round Rock's insufficient infringement allegations undermine Oracle's ability to: (1) meaningfully analyze Round Rock's claims; (2) identify employees with relevant information (other than those associated with Oracle's ILOM technology, the only Oracle technology indentified by name in the Complaint); (3) issue timely and fully formed legal hold notices; and (4) collect the relevant documents required for production under the Court's Local Rules.  Rather than explain how its Complaint is sufficient to allow Oracle to perform these tasks, Round Rock ignores the principles set forth in *Twombly* and *Iqbal* and essentially hides behind Form 18, even though Form 18 does not permit unbounded allegations of direct infringement and does not address indirect infringement at all.

Round Rock's allegations of direct infringement do not provide Oracle notice of what it

must defend.  The Complaint specifically states that Round Rock's claims are "not limited to" any particular Oracle product.  Moreover, the Complaint asserts nine patents with 303 claims, but does not identify which claims purportedly apply to Oracle's products.  Rule 8 requires that Round Rock plead facts tending to show that it is entitled to relief, which it does not do.  Round Rock's Complaint should therefore be dismissed, or at least be required to be amended to set forth all alleged bases of relief of which Round Rock currently is aware.

Round Rock's allegations of indirect infringement are particularly deficient.  Round Rock's opposition flouts the teachings of *Twombly* and *Iqbal* and encourages the Court to ignore the Complaint's lack of facts suggesting that Oracle could plausibly be liable for indirect infringement.  In *Global Tech Appliances, Inc. v. SEB S.A.*, the Supreme Court specified that both inducement and contributory infringement require knowledge of the patent and knowledge that the patent is infringed.  131 S. Ct. 2060, 2067-68 (2011).  The Complaint fails to plead any facts suggesting this knowledge.  Tellingly, Round Rock does not dispute that it has no good-faith basis for such an allegation.  Round Rock's indirect infringement claim is thus precisely the type of groundless claim of which *Twombly* warns.

II.   **ARGUMENT**

   A.   **Round Rock's Allegations of Direct Infringement Do Not Inform Oracle of What It Must Defend.**

Oracle is a large company that provides myriad products.  Round Rock's unbounded assertion that Oracle sells "infringing systems," "including, but not limited to" "Oracle servers implementing a remote monitoring system" cannot possibly inform Oracle of what it must defend.  The court in *Prompt Medical System, L.P. v. AllScripsMisys Healthcare Sol., Inc.*, reached the exact same conclusion:  "[Plaintiff's] identification of 'and/or other products' does not inform Defendants as to what other products are accused."  No. 6:10-cv-71, slip op. at 1

(E.D. Tex. Feb. 11, 2011).

In response, Round Rock does not, and cannot, defend its unbounded pleading under the standards that govern Oracle's motion to dismiss.  Rather, Round Rock attempts to distinguish *Prompt Medical* on the ground that the court's opinion dismissing the plaintiff's direct infringement claims against "and/or other products" issued after the plaintiff had served its infringement contentions.  But Round Rock fails to explain how infringement contentions that are not filed with the court can affect the court's analysis of whether the complaint states a claim on which relief can be granted.  The timing of the plaintiff's infringement contentions in *Prompt Medical* had nothing to do with the court's conclusion that the complaint's unbounded allegations against "and/or other products" failed to comply with Rule 8.

The failure of Round Rock's Complaint under *Prompt Medical* is further compounded by Round Rock's refusal to identify which of the 303 claims of the nine patents in suit it believes Oracle is infringing.  The *Joao Bock* court explicitly relied on "the context of a patent containing 424 claims" and the plaintiff's failure to specify which claims among hundreds it was asserting to conclude that "[t]he complaint simply fails to inform Defendants as to what they must defend."  *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-cv-208, slip op. at 5-6 (E.D. Tex. Mar. 29, 2010).  Oracle cannot possibly know what it needs to defend in the face of Round Rock's unspecified assertion of 303 claims against an unlimited set of Oracle products.

    **B.**    **Round Rock's Allegations of Indirect Infringement Do Not State a Claim to Relief That Is Plausible on Its Face**

Round Rock's resort to Form 18 to defend its conclusory allegations of indirect infringement must fail because Form 18 does not address indirect infringement.  *Oasis Res., LLC v. ADrive, LLC*, No. 4:10-cv-435, slip op. at 5 (E.D. Tex. May 23, 2011).  Rather, as Round Rock itself recognizes, the Court's analysis must "consider the factual allegations in [the

complaint] to determine if they plausibly suggest an entitlement to relief." Dkt. 31, Round Rock Research's Resp. at 3 (quoting *Oasis Res.*, slip op. at 3) (alteration in original). And as Round Rock further recognizes, "the Court [must] identify[y] conclusory allegations and proceed[] to disregard them, for they are 'not entitled to the assumption of truth.'" *Id*. at 2-3 (quoting *Oasis Res.*, slip op. at 3). Thus, under this correct analysis, the Complaint's factual allegations must plausibly suggest Oracle's pre-suit knowledge of the patents-in-suit, and Round Rock's conclusory allegations of indirect infringement must be disregarded.

In *Iqbal*, the Supreme Court began its analysis of "the elements a plaintiff must plead to state a claim." 129 S. Ct. at 1947. The court then concluded that because a particular state of mind—purpose rather than knowledge—was a required element of the cause of action identified by the complaint, Rule 8 requires "factual allegations sufficient to plausibly suggest [the required] state of mind." *Id.* at 1952. Similarly, in *Hershey v. Energy Transfer Partners, L.P.*, the Fifth Circuit concluded that where specific intent was a required element of the plaintiff's claim, the defendant was required to plead specific intent in the complaint. 610 F.3d 239, 246, 248 (5th Cir. 2010).

Simply put, Round Rock's Complaint cannot plausibly suggest that Round Rock is entitled to relief because the Complaint is wholly silent as to Oracle's state of mind (*i.e.*, Oracle's pre-suit knowledge of the patents-in-suit), a required element of both active inducement and contributory infringement. The Supreme Court has explicitly stated that plaintiffs may not proceed with costly, time-consuming litigation on such facially deficient claims. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 558 ("A district court must retain the power to insist upon some specificity in pleading before allowing a potentially

massive factual controversy to proceed."). Round Rock asks this Court to unlock the doors of discovery even though Round Rock does not have any basis to allege that Oracle knew about the asserted patents or that Oracle had the requisite states of mind for indirect infringement.

### C. Round Rock's Misplaced Reliance on *Oasis Research v. ADrive* Cannot Save Its Facially Deficient Complaint

Round Rock relies heavily on this Court's opinion in *Oasis Research, LLC v. ADrive LLC*, No. 4:10-cv-435 (E.D. Tex. May 23, 2011), but this decision does not excuse Round Rock's violation of Rule 8 and the principles set forth in *Iqbal* and *Twombly*. As to direct infringement, the *Oasis Research* opinion concludes that the plaintiff "identifies [the defendant's] websites, by name, that are alleged to violate the patents," slip op. at 4, and later notes that there are *two* accused websites, slip op. at 6. This is vastly different than Round Rock's direct infringement allegations that are "not limited to" any particular Oracle product or technology. Regarding indirect infringement, the Supreme Court's holding in *Global-Tech*, clarifying the knowledge requirements for indirect infringement, issued after *Oasis Research*. Each of *Iqbal*, *Twombly*, and *Hershey* framed its analysis according to the elements required to prove liability and each requires facts suggesting that a defendant has the state of mind required by the claim specified in the complaint. Form 18, which does not address indirect infringement, cannot supplant the analysis required by the Supreme Court and Fifth Circuit.

### III. CONCLUSION

Oracle respectfully requests that the Court dismiss Round Rock's Complaint for failure to state a claim or, in the alternative, that the Court enter an order directing Round Rock to re-plead its Complaint with sufficient specificity to give Oracle fair notice of the claims alleged against it.

Respectfully submitted,

Dated:  September 12, 2011

/s/ John M. Guaragna
Clyde M. Siebman
Siebman, Burg, Philips & Smith, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090
Tel: (903) 870.0070
Fax: (903) 870.0066

JOHN M. GUARAGNA (Bar No. 24043308)
AARON FOUNTAIN  (Bar No. 24050619)
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

MARK D. FOWLER (*pro hac vice*)
ALAN LIMBACH (*pro hac vice*)
CARRIE L. WILLIAMSON (*pro hac vice*)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2000
Fax: (650) 833-2001

**Attorneys for Defendant**
**ORACLE CORPORATION**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of September 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ John M. Guaragna
John M. Guaragna