**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 4:11-cv-00332-MHS-ALM** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ORACLE CORPORATION and DELL, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ROUND ROCK RESEARCH'S COMBINED SUR-REPLY TO DEFENDANTS' MOTIONS TO DISMISS**

## I. INTRODUCTION

Consistent with the principles articulated in *Twombly* and *Iqbal*, and with notice pleading as contemplated by the Federal Rules, Round Rock Research's Complaint provides specific, particularized allegations against Defendants Dell and Oracle regarding their direct and indirect infringement of the Patents-in-Suit. The specificity of the Complaint extends well beyond the minimum allegations that comport with Form 18. The Complaint identifies specific products from each defendant, and (with respect to its indirect infringement claims) even identifies exemplary direct infringers in this District. Though Defendants present a laundry list of even more specific allegations that they would have the Court adopt as pleading requirements to be met in every case, neither *Twombly*, nor *Iqbal*, nor the Federal Rules, nor the law of this Court (nor any other controlling law) requires those additional specific allegations at the pleading stage. Quite to the contrary, not only has this Court heard and rejected exactly the same contentions in other cases, but—even while Defendants assert that the allegations of the

Complaint are so fatally vague that they do not give notice of the claims against them—Defendants sufficiently understand those same allegations to identify numerous persons and entities allegedly responsible for making, using, offering for sale, selling, and/or importing the accused Dell and Oracle servers. (D.I. 32, Hackett Decl., Knight Decl.) The stark discrepancy between Defendants' claims of bafflement in connection with this motion, and their simultaneous transfer argument claiming to have identified the precise witnesses that supposedly justify transfer of the entire action elsewhere, reveals both motions for what they are: efforts to delay the progress of this case on the merits.

Contrary to Defendants' assertions, Round Rock Research's allegations meet the required standards of pleading and provide both Dell and Oracle ample information to respond. Accordingly, the Court should deny Defendants' motions to dismiss and enter a scheduling order so Round Rock Research can obtain prompt resolution of its claims.

## II. ARGUMENT

Although Defendants' reply briefs largely re-hash the arguments contained in their opening briefs, Round Rock Research submits this brief sur-reply memorandum simply to address repeated misstatements of law and mischaracterizations of Round Rock Research's opposition to the motion.

### A. Dell's Motion to Dismiss Should Be Denied.

1) The Complaint states a claim of direct infringement of Round Rock Research's patented methods. Consistent with the principles of notice pleading and Form 18, Round Rock Research identified the infringing products in this case and alleged that Dell directly and indirectly infringed the Patents-in-Suit. Dell does not cite any authority for the proposition that infringement of method patent claims are subjected to a different ***pleading*** standard than other

patent infringement claims, nor could it. Instead, Dell's motion and its reply seeks to carve Round Rock Research's actual allegations into pieces, and then attack each piece as if it were not sufficient to state a claim. (*Compare* D.I. 1, ¶ 20 ("making, ***using***, offering for sale, selling, and/or importing … infringing systems") (emphasis added)); *with* D.I. 33 at 4-5.) With respect to the infringement allegations of the method patents in suit, Round Rock Research alleged that "Dell has infringed and continues to infringe [the asserted patent] under 35 U.S.C. § 271 . . . directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems, including, but not limited to, servers implementing a remote monitoring systems such as the Dell Remote Access Card ("DRAC")." (*E.g.*, D.I. 1, ¶¶ 20, 35, 40, 55.) On their face, those allegations assert both ***direct infringement*** of the patent through Dell's own ***use***, as well as Dell's ***indirect infringement*** through making, using, offering for sale, selling, and/or importing the infringing systems. The allegation that Dell ***uses*** the infringing systems is enough to allege infringement of a method claim. Fed. R. Civ. P. Form 18, ¶ 3 ("The defendant has infringed and is still infringing the Letters Patent by making, selling, and ***using*** *electric motors* that embody the patented invention…"); *see, e.g., Tune Hunter Inc. v. Samsung Telecom'ns Am., LLC*, No: 2:09-cv-148-TJW, 2010 WL 1409245, at *3 (E.D. Tex. Apr. 13, 2010) (finding that an allegation that Defendants made, used, and sold embodying devices was sufficient to state a claim of infringement of a method claim).

Consistent with experience and common sense (given Dell's development, testing, sale, and documentation related to the accused DRAC product), the concrete allegation that Dell has ***used*** its own server products, including the identified DRAC, as directed in its own product documentation, is sufficient to state a claim for direct infringement of the asserted method claims. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (evaluation of the adequacy of

pleadings is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"); *Oasis Res., LLC v. Adrive LLC*, No. 4:10-cv-435-MHS-ALM (D.I. 202) slip op. at 3 (E.D. Tex. May 23, 2011). Indeed, those very activities have since been confirmed in Dell's recent motion to transfer. (*See* D.I. 32, Hackett Decl. ¶ 4 (detailing Dell's development, planning, design, implementation, manufacturing, and maintenance of the DRAC product)). Accordingly, the Complaint is sufficient to state a claim for direct infringement for all the Patents-in-Suit, whether or not they contain method claims.

2) Round Rock Research's Complaint exceeds the minimum requirements of Form 18, which itself remains the standard for alleging a claim of patent infringement. Despite Dell's imputation to the contrary, Form 18 has not been superseded or overruled; neither *Bell Atl. Corp. v. Twombly* (550 U.S. 544 (2007)) nor *Ashcroft v. Iqbal* changed those requirements. *See, e.g.*, *Intravisual Inc. v. Fujitsu Microelecs. Am. Inc.*, No. 2:10-CV-90-TJW, 2011 WL 1004873, at *3 (E.D. Tex. Mar. 18, 2011) ("A patent infringement complaint that pleads at least the facts in Form 18 must be sufficient to state a claim under Rule 8(a) because to hold otherwise would render Federal Rule of Civil Procedure 84 a nullity."); *Joao Bock Trans. Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-cv-208-LED, slip op. at 4 (E.D. Tex. Mar. 29, 2010) ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid."). The Complaint goes above and beyond the information required by Form 18, identifying specific exemplary Dell products (servers including the DRAC), as well as specific direct infringers in this District related to the stated claims of indirect infringement.[1] That detail proved more than adequate for Dell to

[1] Though Dell and Oracle assert that specific intent is a pleading requirement for an allegation of indirect infringement (D.I. 33 at 2; D.I. 34 at 4) no Court in this District has so held. *See, e.g.*, *Oasis Res.*, No. 4:10-cv-435-MHS-ALM (D.I. 202) slip op. at 5-7. With regard to Dell, Round

understand the claim sufficiently to identify the persons, places, and entities allegedly responsible for designing, manufacturing, marketing, and selling the accused instrumentalities. Notice pleading requires no more.[2]

3) Controlling law does not mandate pleading either direct or indirect infringement on a claim-by-claim basis. As demonstrated in Round Rock Research's opposition brief (*see* D.I. 31 at 7), Courts in this District have consistently rejected a requirement to specify individual claims at the pleading stage. Dell cites no authority to the contrary. *Joao Bock Transaction Systems* does not support Dell's argument and does not require a plaintiff in a patent infringement case to specify the individual claims that the defendant infringes; instead, Judge Davis recommended, in dicta, that the plaintiff narrow its claims in a case involving twenty disparate Defendants and non-individualized claims. *Joao Bock Trans. Sys.*, No. 6:09-cv-208-LED, slip op. at 5-6. This case is not comparable: here, Round Rock Research has identified an infringing functionality sold with specific named products from each defendant Moreover, as this Court recently held (contrary to defendants' arguments), a complaint need not identify specific patent claims to state a claim of indirect infringement; instead, a plaintiff may properly allege indirect infringement

---

Rock Research alleged that it had knowledge of the Patents-in-Suit and infringed those patents despite such knowledge. (*E.g.*, D.I. 1 ¶ 22.) . With respect to Oracle, neither Defendant provides any authority in support of the proposition that pre-suit knowledge of the patents is a fatal pleading defect under any decision in this District. Moreover, as more recent decisions in other Districts have confirmed, even if Oracle lacked pre-suit knowledge of one or more of the Patents-in-Suit, the only effect of that circumstance may be to limit the time frame for indirect infringement damages with respect to any such patent, since the Complaint itself assures that Oracle now has knowledge of the patents in suit. *See Minkus Elec. Display Sys., Inc. v. Adaptive Micro Sys. LLC*, No. 10-cv-666-SLR, 2011 WL 941197, at *4 (D. Del. Mar. 16, 2011) (explaining that the only consequence of not pleading knowledge of the patents is to limit the plaintiff's damages to the time of filing).

[2] Neither *Eolas Tech, Inc. v. Adobe Systems, Inc.*, nor *Landmark Technology v. Aeropostale* compels a different result. Indeed, those cases each involve non-specific allegations of infringement against twenty-plus disparate defendant's websities. *See Eolas*, No. 6:09-cv-466-LED, 2010 WL 2026627, at * 1 (E.D. Tex. May 6, 2010); *Landmark Tech, LLC v. Aeropostale*, No. 6:09-cv-262-LED, 2010 WL 5174954, at *1 (E.D. Tex. Mar. 29, 2010).

simply by identifying the patents that are indirectly infringed, and the methods or systems that allegedly indirectly infringe the patents in suit. *Oasis Res.*, No. 4:10-cv-435-MHS-ALM (D.I. 202) slip op. at 6. Given that information, a plaintiff need not even identify direct infringers; rather, the context of the complaint may put the defendants on notice of what they must defend against. *Id.* Here, Round Rock Research has even specifically identified exemplary Dell customers who are direct infringers. Accordingly, the Complaint provides more than enough information to put Dell on notice as to the claims it must defend against.

4) <u>The Court should not dismiss Round Rock Research's prayer for relief at the pleading stage</u>. Dell cites no authority for the proposition that Round Rock Research's ***prayer*** for injunctive relief is fatally insufficient. Though Dell asserts its view that Round Rock Research "likely cannot" show irreparable harm (D.I. 33 at 7), Dell's views on that point are not dispositive. Instead, it is the Court that will ultimately exercise its discretion—based on its review of the entire factual record developed during discovery and trial, in light of the applicable factors—as to whether entry of injunctive relief is appropriate. Indeed, given that a United States patent is supposed to confer a right to exclude others from making, using, selling, offering for sale or importing the claimed technology for a limited period of time, it would be inappropriate to strike Round Rock Research's prayer for relief at this early stage without a complete factual record on which to base that exercise of discretion.

**B. Oracle's Motion to Dismiss Should Be Denied.**

1) <u>Round Rock Research's Complaint provides ample notice of its direct infringement claims against Oracle</u>. As demonstrated by the defendants' motion to transfer, Oracle clearly understands the products and systems at issue in this action. Indeed, in support of that motion to transfer, Oracle claims to have (1) identified the program manager that allegedly is responsible

for the exemplary infringing instrumentalities, (2) determined which Oracle offices are responsible for designing and marketing those instrumentalities, and (3) located domestic and international employees that work on "core Oracle ILOM technology", and (4) confirmed that its customer maintains a network operation center within the subpoena power of this Court. (D.I. 32 at n.4, Knight Decl.) Oracle's own assertions thus refute the notion that the Complaint is fatally insufficient to put Oracle on notice of the claims against it.

Nor does the applicable case law suggest otherwise. As shown in Round Rock Research's opposition brief, *Prompt Medical Systems* does not support Oracle's contention that more detail is required to plead indirect infringement. (D.I. 31 at 7-8.) Instead, that case addressed a motion to dismiss filed ***after*** the plaintiff filed its final infringement contentions, which as the Court noted, "***are far more detailed than Rule 8's pleading requirements***." *Prompt Med. Sys. v. AllScripsMisys Healthcare Sol., Inc.*, No. 6:10-cv-71-LED, slip op. at 2 (E.D. Tex. Feb. 11, 2011). Accordingly, that case cannot be fairly read to require plaintiffs to define the claims at issue, or the exact make and model of the infringing products, ***at the pleading stage***. On the contrary, as demonstrated in this Court's more recent decisions, both common sense and the context of the complaint have a role in evaluating whether the allegations contained in a pleading are sufficient to state a claim. *Oasis Res.,* No. 4:10-cv-435-MHS-ALM (D.I. 202) slip op. at 3. Here, as with Dell, Oracle's conceded research, design, development, marketing, and delivery of exemplary Oracle ILOM products confirm that Round Rock Research's assertions of direct infringement are sufficient to state a claim against Oracle. (D.I. 32, Knight Decl.)

2) <u>The Complaint states a claim of indirect infringement against Oracle</u>. Round Rock Research's opposition brief addressed the concerns rehashed in Oracle's Reply brief. (*See* D.I.

31 at 8-10.) The complaint squarely sets forth the standards for pleading direct and indirect infringement, i.e. "specifically identif[ying] which patents are indirectly infringed and identif[ying the defendant's] methods or systems that allegedly indirectly infringe the patents-in-suit." *Oasis Res.*, No. 4:10-cv-435-MHA-ALM, (D.I. 202) slip op. at 6. The Complaint is not only consistent with the *Oasis Research* decision, but additionally identifies exemplary direct infringers of the Patents-in-Suit.[3] As this Court recognized in *Oasis Research*, "the context of the complaint" determines whether the Defendants are put on notice of what they must defend. *Id.* at 6. Here, Round Rock Research brought its infringement action against two computer server manufacturers, identified specific infringing products manufactured and sold by those defendants, named Defendants and their customers as direct infringers, and stated a prayer for relief. No Court in this District has granted a motion to dismiss a similarly complete pleading. (*See* D.I. 31 at 9.)[4]

## III. CONCLUSION

Because neither Dell nor Oracle have stated competent justification for their motions to dismiss and because Round Rock Research's Complaint meets the requirements for pleading direct and indirect infringement of the Patents-in-Suit, those motions should be denied.

---

[3] And as demonstrated above and in its opposition (D.I. 31 at 7), there is ***no*** requirement for a plaintiff to specify which claims it will ultimately assert at trial at the pleading stage. *See, e.g.*, *Atwater Partners of Tex., LLC v. AT&T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL1004880, at *3 (E.D. Tex. Mar. 18, 2011).

[4] *Hershey v. Energy Transfer Partners, L.P.* is inapposite. That case alleged that the defendants violated the Commodities Exchange Act by manipulating prices of natural gas contracts and required the Court to interpret certain provisions of that statute as a matter of first impression. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245-46 (5th Cir. 2010). But, unlike *Hershey*, Round Rock Research's allegations mirror (and exceed) the requirements of Form 18 and well-established case law for pleading indirect infringement. *See, e.g.*, *Oasis Res.*, No. 4:10-cv-435-MHS-ALM, (D.I. 202) slip op. at 6-7; *Intravisual*, 2011 WL 1004873, at *6.

DATED: September 22, 2011

By: /s/ Jonas R. McDavit

Paul A. Bondor
pbondor@desmaraisllp.com
Jonas R. McDavit
jmcdavit@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

James C. Tidwell
Texas State Bar No. 20020100
WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 22d day of September, 2011.

/s/ Jonas R. McDavit
Jonas R. McDavit