IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | § | Civil Action No. 4:11-cv-332-MHS-ALM |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Jury Trial Requested |
| | § | |
| **ORACLE CORPORATION and** | § | |
| **DELL INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS DELL INC. AND ORACLE CORPORATION'S
REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE
TO THE WESTERN DISTRICT OF TEXAS**

26975\2807497.2

## I. INTRODUCTION

This case has no genuine connection to this District. Brought by a New York plaintiff, it alleges that nonresident defendants Dell Inc. ("Dell") and Oracle Corporation ("Oracle") infringe nine patents through their nationwide marketing, sale, and use of remote computer server monitoring systems. Defendants' Motion to Transfer ("Motion") established that the Western District of Texas—where Dell, the only party with a meaningful connection to Texas, and its identified relevant witnesses and information on the design, planning, manufacturing, and marketing of its accused DRAC product are located—is a clearly more convenient forum.

In its Opposition, Plaintiff Round Rock Research, LLC ("Round Rock") does not rebut this showing. Instead, Plaintiff argues the Motion should be denied simply because Oracle and Dell allegedly sold the accused products to "data centers" in and around Dallas in the Northern District and a handful in the Plano area in this District. Plaintiff specifically identifies a Plano data center owned by Dell Services, a Dell subsidiary with no relevant DRAC connection, but does not and could not claim that Dell Services, or any other data center customer, possesses unique information that could not be obtained from any other customer, including those Plaintiff identifies in the Western District.

The Eastern District has no localized interest in the outcome of a dispute among three foreign corporations over products developed and manufactured entirely outside of this District and sold nationwide. The interests of justice, as well as the convenience of the parties and witnesses, would be far better served by transferring this matter to the Western District.

## II. ARGUMENT

In a patent infringement action, the location of the defendant's evidence and witnesses "relating to the development, manufacturing, and marketing" of the accused products "weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *On*

*Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09cv390, 2010 WL 3855520, at *2, 4 (E.D. Tex. Sept. 30, 2010) (same). It is undisputed that Dell's headquarters and the base of its global operations are in Round Rock, less than 20 miles from the Austin Division courthouse. Its relevant product design, development, and marketing functions, and therefore its relevant documents and witnesses, are located in the Western District. Oracle maintains an Austin office that employs a small number of software engineers who worked on the only specifically accused Oracle technology, ILOM.[1] Plaintiff cannot identify any remotely comparable Eastern District connections.[2] *See Odom v. Microsoft Corp.,* 596 F. Supp. 2d 995, 1003 (E.D. Tex. 2009) (granting transfer where transferor forum had no meaningful connection to case).

Neither Plaintiff nor Defendants have any relevant operations, documents, or witnesses in the Eastern District, and all nine inventors are located out of state. *See generally* Motion at 3-7. Thus, the proper, and clearly more convenient, forum is the Western District, where Dell designed and made its accused product and where its sales and marketing activities, as well as some potential Oracle witnesses, are located. Plaintiff argues in response that certain witnesses and evidence are too spread out for one forum to be more convenient. (Opp. at 8.) But the fact that certain witnesses may be remotely located does not refute the clear increase in convenience to the many material witnesses within the Western District. *See Genentech*, 566 F.3d at 1344-45 (district court erred in "rigid" conclusion that enhanced convenience for *all* witnesses was

---

[1] Plaintiff incorrectly contends that Defendants have not made the threshold showing that this case could have been brought in the Western District. As Plaintiff is aware, Oracle has Austin-based employees who have worked on core ILOM technology. (Knight Decl. ISO Motion, ¶ 4.) Moreover, Plaintiff admits that Oracle sells the accused product worldwide (Opp. at 14), and this includes Western District sales of the accused ILOM products before Round Rock filed this action. (Supplemental Knight Decl. (filed herewith), ¶ 3). The Western District is therefore a venue where this action "might have been brought," satisfying Section 1404(a).

[2] This includes Plaintiff's frivolous reference to Dell's prior litigation in the Eastern District. (Opp. at 12 n.3.) The Federal Circuit has found that consideration of such activity in the context of a motion to transfer is "clear error." *Genentech*, 566 F.3d at 1346.

required); *In re Hoffman–La Roche Inc.,* 587 F.3d 1333, 1338 (Fed. Cir. 2009) (ordering transfer even though "the parties, sources of proof, and witnesses were spread throughout the country").

Plaintiff—a New York company, owned and represented by New York counsel, that undisputedly has no Eastern District presence of any kind—strains to find a local connection by claiming that it selected this District due to "data centers" in and around Dallas, "many if not all of whom" allegedly contain accused technology. (Opp. at 1, 4.) But Plaintiff has not alleged anything unique or special about these data centers in relation to the alleged infringement. Defendants undisputedly sell accused products worldwide. As such, the location of these particular data centers, irrespective of whether they are run by Defendants' customers, is irrelevant. The Federal Circuit has made clear that while *significant* connections between a venue and events giving rise to a suit warrant consideration, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Hoffman–La Roche*, 587 F.3d at 1338 (citing *TS Tech,* 551 F.3d at 1321); *Ivera Medical Corp. v. Hospira, Inc.*, No. 6:10-cv-545, 2011 WL 1882277, at *3 (E.D. Tex., May 17, 2011) (stating that the mere sale of accused products does not "give one jurisdiction more weight over another").

Plaintiff also cannot identify a single Eastern (or even Northern) District company that could provide testimony that a Western District customer could not. It merely states generically that the alleged Northern and Eastern District customers are an "important source of proof regarding the importance and use of the patented methods . . . and that Defendants encourage such use." (Opp. at 10.) But this boilerplate assertion could be made regarding *any* purchaser of the accused technology in any location. It wholly fails to establish that any of the listed companies can provide witnesses relevant the Court's inquiry. *Large Audience Display Sys., LLC v. Tennman Productions, LLC*, No. 2:09-cv-356, 2011 WL 1235354, at *4-*6 (E.D. Tex.

Mar. 30, 2011) (granting motion to transfer despite plaintiff's assertion that it would call Eastern District witnesses, as those witnesses were "unlikely to have relevant non-cumulative information" that transferee district witnesses could not provide).

To the extent data center customers have any relevance to this motion, Plaintiff has only identified three such alleged Eastern District customers, whereas its own selected exhibits identify at least two such alleged customers in the Austin area (in the Western District). (Opp. at 4 (identifying Rackspace and Sunguard as customers).) Rackspace is headquartered in the Western District (*see* Motion at 4), and Sunguard has a data center in Austin (McDavit Decl., Exh. 20). Moreover, the only two of Plaintiff's exhibits that actually indentify a product accused by name in the Complaint (as opposed to servers generally) are for customers headquartered in the Netherlands (DRAC) and Germany (ILOM). (McDavit Decl., Exhs. 4, 5.) That companies in the Dallas area, or anywhere else for that matter, may use Dell or Oracle servers is not relevant and does not rebut Defendants' detailed showing that the Western District is more convenient.

Plaintiff's reference to Dell Services is deficient for the same reasons. Plaintiff notes that Dell Services offers "onsite and remote management options," inaccurately implying that Dell Services offers for sale one or both of the accused products. (Opp. at 3.) It does not. As the video cited by Plaintiff shows, Dell Services offers infrastructure and "cloud" hosting *services*, not products. It provides these IT services from its various data centers worldwide, including one in Plano that uses HP and IBM equipment in addition to Dell products. (Morris Decl. (filed herewith), ¶¶ 2-5.) These *services* are distinct from the accused DRAC and ILOM *products*, which enable the end customers—not Dell Services—to remotely access their own servers. Further, Dell Services had no involvement in the development, marketing, or sales of DRAC products—all of which occur in Dell's Round Rock headquarters. (*Id.* ¶ 6.)

This Court (Davis, J.) recently considered "the relevance and importance of the activities and personnel at Dell Services' headquarters in Plano" in the context of a motion to transfer. *Consolidated Work Station Computing, LLC v. Dell Inc.*, No. 6:10-cv-620, slip op. at 4 (E.D. Tex. Sept. 28, 2011). There, according to this Court, the plaintiff specifically alleged that "the actual services provided by Dell Services infringe the '475 patent separate from the actual servers." *Id.* at 1, 4. Here, Plaintiff accuses Defendants of making, using, and selling "servers implementing a remote monitoring system," naming two products but no "services." Dell Services' only connection to this action is as a data center customer like any other that might use the accused products on its servers; it has no unique evidence that could not be obtained from any other data center—including the data centers Plaintiff identified in the Austin area.[3]

The Western District has a particularized interest in adjudicating this matter involving technology developed, made, and marketed in-district. *See Hoffmann-La Roche*, 587 F.3d at 1338 (rejecting Plaintiff's meritless argument (*see* Opp. at 14) that sales of the accused product in both districts neutralizes this interest). This factor, too, favors transfer.

## III. CONCLUSION

This action has no meaningful connection to the Eastern District, requiring Plaintiff to focus on alleged *Northern* District customers in a vain attempt to fabricate a connection. But isolated nearby customers of a nationwide company do not make the Eastern District the superior venue. The location of evidence, convenience of witnesses, and localized interests all favor Austin, and Defendants' motion to transfer this matter to the Western District should be granted.

---

[3] Aware that it has failed to rebut Defendants' showing, Plaintiff suggests halfheartedly, without articulating any need or specific factual leads, that it is entitled to discovery. (Opp. at 15.) It is not. Plaintiff has had ample time to complete its investigation, having sent its first demand letter to Michael Dell (in Round Rock, Texas) almost a year ago. (*See* Hackett Decl. ISO Motion, Exh. A.) Plaintiff should not be allowed to delay transfer to a clearly more convenient forum by generically speculating that it might discover countervailing information.

Dated:  October 7, 2011    RESPECTFULLY SUBMITTED,


*/s/ Deron Dacus*
Deron Dacus (TX State Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

Douglas R. Young (CA State Bar No. 73248)
(*pro hac vice*)
dyoung@fbm.com
Roderick M. Thompson (CA State Bar No. 96192)
(*pro hac vice*)
rthompson@fbm.com
Eugene Y. Mar (CA State Bar No. 227071)
(*pro hac vice*)
emar@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

ATTORNEYS FOR DEFENDANT
DELL INC.

/s/ John M. Guaragna
Clyde M. Siebman
SIEBMAN, BURG, PHILIPS & SMITH, LLP
Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090
Tel: (903) 870.0070
Fax: (903) 870.0066

John M. Guaragna (Bar No. 24043308)
Aaron Fountain (Bar No. 24050619)
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: (512) 457.7000
Fax: (512) 457.7001

Mark D. Fowler (*pro hac vice*)
Alan Limbach (*pro hac vice*)
Carrie L. Williamson (*pro hac vice*)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303
Tel: (650) 833-2000
Fax: (650) 833-2001

ATTORNEYS FOR DEFENDANT
ORACLE CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of October 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                               */s/ Deron Dacus*
                                               Deron Dacus

26975\2807497.2