# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>ORACLE CORPORATION and )<br>DELL, INC. )<br>)<br>   Defendants. )<br>) | Civil Action No. 4:11-cv-00332-MHS-ALM<br><br>**JURY TRIAL DEMANDED** |

**ROUND ROCK RESEARCH'S SUR-REPLY TO DEFENDANTS' MOTIONS TO TRANSFER VENUE**

I.     INTRODUCTION

As demonstrated in its opposition, and as conceded by Defendants, the accused computer server features are sold, delivered, and used in this District, both by Defendant Dell and by each Defendants' customers.  Dell's own activity in this District is unquestionably relevant to this action (and this motion) because its Dell Services business unit uses the accused products and methods here.  Moreover, while Round Rock Research has also identified numerous third-party customers of the Defendants that implement the infringing technology and reside in this District and/or within the subpoena power of this Court, Defendants neither dispute that the existence and location of those third parties, nor identify any that would find litigation in the Western District more convenient.  Because Defendants fall short of the required showing that the proposed transferee forum is clearly more convenient than litigation in this District, Defendants' motion should be denied.  Instead, the Court should enter a scheduling order and permit discovery to commence.

II.    ARGUMENT

Round Rock Research's opposition memorandum contains its analysis of the § 1404(a) factors.  (D.I. 36.)  Round Rock Research submits this memorandum to correct Defendants' misstatements of law and fact concerning Dell's activity in the District and Defendants' third-party customers.

      A.    **Dell's Activity In This District Weighs Against Transferring This Action.**

Contrary to Defendants' attempts to pretend otherwise, this action is tied to the Eastern District of Texas, and particularly to this Court.  Faced with the facts, Dell now belatedly concedes that it operates a data center with onsite and remote management of Dell servers in Plano, Texas.  (D.I. 37 at 4.)  It also does not deny that its Dell Services data center uses an

1

exemplary infringing instrumentality—the Dell Remote Access Controller (DRAC)—at that location in this District. (*See* D.I. 37 at 4 (denying only that Dell Services does not develop, market, or sell the DRAC); Morris Decl. ¶ 6 (same).) Although Dell contends that Dell Services and its employees do not have any relevance to Round Rock Research's claims, that denial is belied by the Patents-in-Suit and even by Dell's own arguments to this Court in its motion to dismiss. (*See* D.I. 33.) As Dell has acknowledged, Round Rock Research's direct infringement claims include claims against Dell's use of the patented systems and methods. (*Id.* at 4.) Consequently, Dell's *use* of the infringing technology in this District is—as Dell's own argument concedes—central to Round Rock Research's infringement claims in this action.

Moreover, public documents confirm that Dell Services markets, sells, and offers remote management of its customers' data on its servers—the same technology accused of infringing both system and method claims of the Patents-in-Suit. Among its other services, Dell's "Advanced Network Monitoring Services"—offered and implemented by the Dell Services business unit in Plano—infringes several claims of the Patents-in-Suit. For example, "Dell proactively monitors the Customers network devices 24x7x365 via our Remote Management tools for all contracted devices. This Service automatically detects the failed elements that interrupt network connectivity and monitors the health and performance of the network. . . . The Advanced Network Monitoring Service automatically detects network faults, generating notifications when abnormal conditions occur." (Ex. 29.) Accordingly, Dell Services documents and employees will be sources of proof of Dell's infringement and constitute a substantial, direct, real-world link to this District.

Finally, Defendants cite *Consolidated Work Station Computing v. Dell, Inc.*, No. 6:10-cv-620-LED, slip op. (E.D. Tex. Sep. 28, 2011), in their reply. (D.I. 37 at 5; Ex. 30.) That case

2

similarly accuses Dell servers of infringement. There, Judge Davis *denied* Dell's motion to transfer that case to the Western District of Texas and confirmed that Dell Services is an important source of proof in cases involving the *use* of infringing servers and damages issues concerning that use. *Consol. Work Station Computing, LLC.*, slip op. at 6 ("Dell Services' documents will be relevant to the services provided by the accused servers, customer use of those services, and the marketing, sales, and pricing data of the accused servers.") In denying Dell's motion to transfer, the Court found the § 1404(a) factors to be neutral and thus that Dell did not demonstrate that the Western District of Texas was clearly more convenient than the Eastern District of Texas. *Id.*, slip op. at 10. The same conclusion applies here.

> **B. Defendants Have Made No Showing That The Western District Of Texas Is More Convenient For Likely Third Party Witnesses.**

Faced with substantial evidence of relevant third parties in this District and within the subpoena power of this Court (D.I. 36, Exs. 4, 6, 12-23), Defendants have not demonstrated that the Western District of Texas would be clearly more convenient for likely third-party witnesses. Indeed, Defendants simply assert that Round Rock Research "cannot identify a single Eastern District company that a Western District customer could not." (D.I. 37 at 3.) But that is not the relevant legal test: the inquiry is the "availability of compulsory process to secure the attendance of witnesses." *In re Volkswagen of Am.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc). That factor will weigh in favor of transfer when more third party witnesses reside within the transferee district than in the transferor district. *See, e.g., Consol. Work Station Computing*, No: 6:10-cv-620-LED, slip op. at 6; *Global Sessions, L.P. v. Travelocity.com*, No. 6:10-cv-671-LED-JDL, slip op. at 7 (E.D. Tex. Aug. 26, 2011) (assessing this factor by weighing number of identified third party witnesses in the transferor and transferee districts) (Ex. 31). Defendants' bald, unsupported statements do not satisfy the burden to demonstrate that this factor weighs in favor

3

of transfer. *See, e.g.*, *Texas Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 644 n.14, 15 (E.D. Tex. 2011) (explaining that the *movant* bears the burden to demonstrate and identify unwilling third party witnesses that would benefit from transfer because (1) the movant "has a great incentive to identify witnesses in the [transferee district]," (2) the movant "has less incentive to identify witnesses in [the Eastern District of] Texas that would undermine its motion to transfer," and (3) the non-movant has not had an opportunity to discover such any contradictory information). Defendants make no such showing.

On the other hand, Round Rock Research has provided extensive examples of third-parties within the District and the subpoena power of the Court who use Defendants' servers and promote the ability to remotely monitor and manage those servers. Those customers are likely to have relevant information because they (1) use the infringing products or perform the infringing methods at issue in this case—i.e., use of systems used to remotely manage and monitor computer servers, (2) can provide testimony and or documentation regarding the Defendants' marketing of such technology to them, and (3) can provide testimony and or documentation regarding the value and benefit of such technology to their operations. Unlike the movants in the cases cited by the Defendants, neither Dell nor Oracle have identified any third-party witnesses whose attendance the Western District is better able to secure than the Eastern District. *See, e.g.*, *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (finding that the transferee forum has absolute subpoena power over four third-party witnesses as opposed to none in the Eastern District); *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2008) (finding a "substantial number" of third parties in the transferee district and "none" in the Eastern District of Texas); *Large Audience Display Sys., LLC v. Tennman Prod., LLC.*, No. 2:09-cv-356-TJW-CE, 2011 WL 1235354, at *5 (E.D. Tex. Mar. 30, 2011) (movants identified "multiple third-party

witnesses with evidence and information relevant to the infringing systems that reside within the subpoena power of the [transferee forum]").

Here, in addition to Defendants' activities in the District, Round Rock Research has specifically identified at least three third parties with operations in the District (D.I. 36, Exs. (12-14)) and seven additional third parties with operations within the subpoena power of this Court (D.I. 36, Exs. 4, 6, 15-20).  Based on publicly available information, Round Rock Research concludes that the identified third parties use the infringing servers at issue in this case.  Defendants concede that their own employee-witnesses are spread throughout the state, country, and the world (D.I. 32, Knight Decl., Hackett Decl.) but provide only speculation about supposed, unnamed Western District companies that might provide the same testimony as the third parties already identified by Round Rock Research.  (D.I. 37 at 3.)  Because this District has absolute subpoena power over the majority of identified third-party witnesses, this factor weighs against transfer and confirms that this Court is the proper venue for this action.

### III. CONCLUSION

For all the foregoing reasons, Defendants motion to transfer venue should be denied.


DATED:  October 17, 2011

By: /s/ Jonas R. McDavit
Paul A. Bondor
pbondor@desmaraisllp.com
Jonas R. McDavit
jmcdavit@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

James C. Tidwell

5

           Texas State Bar No. 20020100
           WOLFE, TIDWELL & MCCOY, LLP
           320 North Travis Street, Suite 205
           Sherman, TX 75090
           (903) 868-1933 (Telephone)
           (903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*