# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ROUND ROCK RESEARCH, LLC | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:11-CV-332 |
| | § | Judge Schneider/Judge Mazzant |
| | § | |
| ORACLE CORPORATION and | § | |
| DELL, INC. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Dell, Inc.'s Motion to Dismiss (Dkt. #22) and Defendant Oracle Corporation's Motion to Dismiss (Dkt. #25). Having considered the relevant pleadings, the Court is of the opinion that both Defendants' motions to dismiss should be granted in part and denied in part.

## BACKGROUND[1]

Plaintiff Round Rock Research, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in Mount Kisco, New York. COMPLAINT at ¶ 1. Defendant Oracle Corporation ("Oracle") is a Delaware corporation with its principal place of business in California. COMPLAINT at ¶ 2. Defendant Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business in Round Rock, Texas, located in the Western District of Texas. COMPLAINT at ¶ 3.

In late 2009, Plaintiff became the owner of approximately 4,500 patents purchased from Micron Technology. On June 8, 2011, Plaintiff filed this action against Dell and Oracle, alleging

[1] All background facts are taken from the Complaint (Dkt. #1), Defendant Dell's Motion to Dismiss (Dkt. #22), Defendant Oracle's Motion to Dismiss (Dkt. #25), and Plaintiff's Response (Dkt. #31).

that each defendant infringes U.S. Patent Nos. 6,088,816; 6,145,098; 6,170,067; 6,199,173; 6,243,838; 6,266,721; 6,425,006; 6,553,416; and 6,681,342. Plaintiff alleges that both Oracle and Dell have infringed and continue to infringe the patents, "either literally and/or under the doctrine of equivalents, directly and/or indirectly, by making, using, offering for sale, selling, and/or importing into the United States infringing systems." Plaintiff also alleges that Oracle and Dell indirectly infringed the patents by "encouraging [their] customers to implement and practice the claims of the [patents], including [Oracle's/Dell's] customers who make, use, sell, and/or offer to sell servers implementing [Oracle's/Dell's] remote monitoring systems." Plaintiff alleges that Dell customers who "make, use, sell, and/or offer to sell," the infringing products include VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc. Plaintiff also alleges that Oracle customers who "make, use, sell, and/or offer to sell," the infringing products include Verio, Inc. Plaintiffs accuse two specific products of infringing the patents-at-issue, the Dell Remote Access Card ("DRAC") and the Oracle Integrated Lights-Out Manager ("ILOM") monitoring systems.

On August 15, 2011, Dell filed its Motion to Dismiss (Dkt. #22), and Oracle filed its Motion to Dismiss (Dkt. #25). On September 1, 2011, Plaintiff filed its consolidated Response in Opposition to both motions to dismiss (Dkt. #31). On September 12, 2011, Dell filed its Reply (Dkt. #33), and Oracle also filed its Reply (Dkt. #34). Plaintiff filed its Sur-Reply on September 22, 2011 (Dkt. #35).

**STANDARD**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to

legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of

a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 536.

**ANALYSIS**

Dell asserts that the nine (9) patents-in-suit are unrelated to each other, do not share the same specification, bear a different title, are each directed to discrete inventions, and consist of a total of 303 claims. DELL MOTION at 2-3. Four (4) of the patents contain only method claims. *Id*. Dell contends that each of Plaintiff's allegations against it contain boilerplate language with no specific allegations for any of the nine (9) patents. Further, Dell asserts that Plaintiff's allegations of willful infringement are not sufficient to sustain a claim for indirect infringement. *Id*.

Similarly, Oracle alleges that Plaintiff fails to meaningfully identify the Oracle products that allegedly infringe the many claims asserted by Plaintiff. ORACLE MOTION at 1. Oracle asserts that Plaintiff's claims for both direct and indirect infringement are factually insufficient, and should be

dismissed. *Id*. Specifically, Oracle contends that Plaintiff never alleged that Oracle had pre-suit knowledge of the infringement, and cannot, therefore, maintain an indirect infringement claim against Oracle. *Id*. at 2. Oracle requests this Court dismiss the Complaint, or in the alternative, require Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

*Direct Infringement Claims*

Dell and Oracle contend that Plaintiff's direct infringement claims should be dismissed for failure to state a claim because the Complaint identifies the products accused by the following language: "[I]nfringing systems, including, but not limited to, servers implementing a remote monitoring system, such as the [Oracle Integrated Lights-Out Manager ("ILOM")/Dell Remote Access Card ("DRAC")]." Defendants assert that this language is insufficient to state a claim against unspecified products, and fails to give Defendants notice of what they must defend. In addition, Defendants argue that Plaintiff should be required to specify which of the 303 claims it is asserting against Defendants.

Plaintiff contends that its pleading complies with the requirements of the Federal Rules of Civil Procedure's Form 18, which provides a sample patent infringement complaint. Specifically, Plaintiff asserts that by providing specific examples of the products that infringe the technology it has surpassed the requirements of Rule 18. Further, Plaintiff alleges that it would be premature to require Plaintiff to limit its specific claims at this time.

Under Federal Rule of Civil Procedure 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84; *Landmark Technology, LLC v. Aeropostale*, No. 6:09-CV-262, slip op. at 3 (E.D. Tex. Mar. 29,

2010) (Davis, J.) (Dkt. #122). Form 18 provides a sample patent infringement complaint:

> 1. (Statement of Jurisdiction - See Form 7.)
> 2. On date, United States Letters Patent No. __________ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
>
> (Date and sign-See Form 2.)

FED. R. CIV. P. Form 18 (2007). Thus, a patent that complies with Form 18 will suffice to state a claim that is plausible on its face. *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481-LED, 2010 WL 3155888, at *2 (E.D. Tex. Mar. 29, 2010). The Court determines whether the Complaint states a plausible claim for relief by examining the Complaint in context and relying on the Court's own judicial experience and common sense. *Id.*; *Iqbal*, 129 S.Ct. at 1950.

Plaintiff's identification of servers implementing a remote monitoring system, such as the ILOM and DRAC technology satisfies the requirements of Form 18, and are sufficient to state a claim against those products. However, Plaintiff's inclusion of the language "including, but not limited to," fails to inform Defendants of other products that might be accused of infringement. *See Prompt Medical Sys., L.P. v. AllscriptsMisys Healthcare Sol., Inc.*, No. 6:10-CV-71, slip op. at 1 (E.D. Tex. Feb. 11, 2011) (Davis, J.) (Dkt. #246). Plaintiff's Complaint fails to state a claim as to any products other than "servers implementing a remote monitoring system," such as ILOM or DRAC. Therefore, the Court finds both Defendants' motions to dismiss should be granted on this

ground.

Further, there is no requirement that a plaintiff's complaint specify which claims the plaintiff is asserting. *Atwater Partners of Texas, LLC v. AT&T, Inc.*, No. 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (Ward, J.). Additionally, Form 18 does not require identification of specific claims in a complaint. *See* FED. R. CIV. P. Form 18 (2007). Defendants cite no authority requiring a plaintiff specify which claims it is asserting in the Complaint. Therefore, the Court finds both Defendants' motions to dismiss should be denied on this ground.

*Method Patent Claims*

Dell contends that the Court should dismiss Plaintiff's allegations of direct infringement of the four method patents by Dell to the extent that those allegations are based on making, selling, offering to sell, or importing allegedly infringing systems. Dell asserts that it cannot infringe the method patents in any of those manners as a matter of law.

Plaintiff alleges that Dell infringed the patents by "making, using, offering for sale, selling, and/or importing," the infringing systems (Dkt. #1, ¶ 20). The allegation that Dell "uses" the infringing system is sufficient to allege infringement of a method claim. However, direct infringement occurs only when someone performs the claimed method. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 821, 850 (Fed. Cir. 2010). "Congress has consistently expressed the view that it understands infringement of method claims... to be limited to use." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005). Therefore, to the extent that Plaintiff alleges direct infringement of a method claim by making, selling, offering for sale, and/or importing by Dell, these allegations should be dismissed.

*Indirect Infringement Claims*

Dell and Oracle argue that Plaintiff's Complaint fails to identify the accused claims and products. Oracle further argues that Plaintiff failed to plead Oracle had knowledge of the alleged infringement, which is a requirement to recover for indirect infringement. Both Defendants assert that Plaintiff's Complaint fails to plead the specific intent required with regard to its allegations of indirect infringement.

Plaintiff argues that it is not required to plead the specific elements of indirect infringement at the pleading stage of the litigation. Plaintiff asserts that an indirect infringement allegation is sufficient as long as the context of the complaint puts indirect infringers on notice of what they must defend against. Plaintiff further contends that it has gone a step beyond what is required and identified some direct infringers by name.

"Because Form 18 does not expressly address indirect infringement claims, the pleading requirements of indirect infringement claims are unclear." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 537, 540 (E.D. Tex. 2010). Courts are split on the pleading requirements of indirect infringement claims. *Compare Intravisual, Inc. v. Fujitsu Microelectronics America, Inc.*, No. 2:10-CV-90, 2011 WL 1004873, at *5-*6 (E.D. Tex. March 18, 2011) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement) *with Eolas Tech, Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (granting motion to dismiss indirect infringement claims where direct infringer not identified).

As an example, Plaintiff's Complaint asserts the following against each Defendant for each alleged patent:

> [Dell/Oracle] has also indirectly infringed and continues to indirectly infringe the '816 Patent by encouraging its customers to implement and practice the claims of the '816 Patent, including [Dell's/Oracle's] customers who make, use, sell, and/or offer to sell servers implementing [Dell's/Oracle's] remote monitoring systems.

(Dkt. #1, ¶¶ 19-20). The Complaint gives examples of the technology accused, as well as some customers of Dell or Oracle who directly infringe the patents. *Id*. The Complaint also alleges that Dell had knowledge of all nine (9) patents, but does not allege that Oracle had any knowledge of the patents. The Complaint contains no factual allegations related to the infringement of the patents.

The Court finds that Plaintiff's Complaint fails to state a claim against Oracle because it fails, even in a single conclusory statement, to allege that Oracle was aware of either the patent-in-suit or the alleged infringement of the patents by others. Otherwise, Plaintiff's allegations of indirect infringement for Defendants' remote monitoring systems are sufficient, although cursory, to state a claim upon which relief may be granted. Plaintiff identifies at least some direct infringers of each Defendant. Plaintiff also identifies the remote monitoring systems of both Dell and Oracle as the infringing system.

The language of the Complaint indicates through the use of the word "including," that the customers, products, and systems identified in the Complaint are not the only customers, products, or systems that will be alleged in Plaintiff's indirect infringement claims. In its current form, the Complaint fails to state a claim against any unnamed products or customers. Rather than dismiss these claims, the Court finds the Plaintiff should be ordered to replead within fourteen (14) days to comply with Fed. R. Civ. P. 8.

*Prayer for Injunctive Relief*

Dell asks the Court to dismiss Plaintiff's prayer for injunctive relief, and require Plaintiff to

expressly set forth facts indicating it would be entitled to injunctive relief. However, the Court will determine whether Plaintiff is entitled to injunctive relief if it is determined that Defendants infringe Plaintiff's patents. Defendants have provided no authority that an injunction - which is a remedy and not a cause of action - must be pleaded with more specific facts. *Prompt*, No. 6:10-CV-71, slip op. at 1. Accordingly, the Court finds Dell's motion to dismiss should be denied as to the injunctive relief.

**RECOMMENDATION**

Based upon the foregoing, the Court recommends Defendant Dell, Inc.'s Motion to Dismiss (Dkt. #22) and Defendant Oracle Corporation's Motion to Dismiss (Dkt. #25) be **GRANTED** in part and **DENIED** in part.

As to Plaintiff's direct infringement claims against "servers implementing a remote monitoring system," specifically the products ILOM and DRAC named in the Complaint, Defendants' motions should be denied. However, as to any other products potentially accused by Plaintiff, Defendants' motions should be granted. Further, regarding Plaintiff's indirect infringement claims as to Oracle, the motion should be granted. Regarding Plaintiff's indirect infringement claims against Dell, the motion should be denied. Rather than dismiss Plaintiff's claims for direct infringement of any products other than "servers implementing a remote monitoring system," and claims for indirect infringement against Oracle, the Court orders Plaintiff to replead these claims within fourteen (14) days to comply with Fed. R. Civ. P. 8.

Plaintiff's direct infringement claims against Dell for making, selling, offering to sell, or importing systems in violation of the four (4) method patents asserted by Plaintiff should be dismissed with no opportunity to replead.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of October, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE