## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### Sherman Division

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 4:11-cv-332-MHS-ALM** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ORACLE CORPORATION and** | ) | |
| **DELL, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### SECOND AMENDED COMPLAINT

Plaintiff Round Rock Research, LLC ("Round Rock Research"), for its Second Amended Complaint against Defendants Oracle Corporation ("Oracle") and Dell, Inc. ("Dell") hereby alleges as follows:

### The Parties

1.      Plaintiff Round Rock Research is a Delaware limited liability company with its principal place of business at Mount Kisco, New York 10549.

2.      Defendant Oracle is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle is qualified to do business in the state of Texas, Filing No. 10507206, and has appointed Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

3.      Defendant Dell is a Delaware corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682.  Dell is qualified to do business in the state of Texas, Filing No. 7444706, and has appointed Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

**Nature of the Action**

4.      This is a civil action for the infringement of United States Patent Nos. 6,088,816 ("the '816 Patent") (attached as Exhibit A); 6,145,098 ("the '098 Patent") (attached as Exhibit B); 6,170,067 ("the '067 Patent") (attached as Exhibit C); 6,199,173 ("the '173 Patent") (attached as Exhibit D); 6,243,838 ("the '838 Patent") (attached as Exhibit E); 6,266,721 ("the '721 Patent") (attached as Exhibit F); 6,425,006 ("the '006 Patent") (attached as Exhibit G); 6,553,416 ("the '416 Patent") (attached as Exhibit H); 6,681,342 ("the '342 Patent") (attached as Exhibit I); and 6,065,053 ("the '053 Patent) (attached as Exhibit J) (collectively, "the Patents-in-Suit") under the Patent Laws of the United States 35 U.S.C. §1 *et seq*.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants Oracle and Dell because, among other things, each Defendant has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Round Rock Research.

7.      This Court also has personal jurisdiction over Defendants Oracle and Dell because, among other things, Defendants have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.  Moreover, Defendants have placed products that practice the claimed inventions of the Patents-in-Suit into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this District.  And Defendants have sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the Patents-in-Suit.

8.      In addition, Defendants knowingly induced, and continue to knowingly induce, infringement of the Patents-in-Suit within this District by making, using, selling, offering for sale, and importing infringing products, as well as by contracting with others to use, market, sell, offer to sell, and import infringing products, all with knowledge of the Patents-in-Suit and their claims; with knowledge that its customers will use, market, sell, offer to sell, and import the infringing products in this District and elsewhere in the United States; and with the knowledge and intent to encourage and facilitate infringing sales and use of the products by others within this District and the United States by creating and disseminating promotional and marketing materials, instructional materials and product manuals, and technical materials related to the infringing products.

9.      Moreover, Defendants knowingly contributed to the infringement of the Patents-in-Suit by others in this District, and continue to contribute to infringement of the Patents-in-Suit by others in this District, by selling, offering to sell, and importing components of infringing products in this District, which components constitute a material part of the inventions of the Patents-in-Suit; knowing of the Patents-in-Suit and their claims; knowing those components to be especially made or especially adapted for use to infringe the Patents-in-Suit; and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

10.     Venue is proper in this judicial district as to each Defendant pursuant to 28 U.S.C. §§ 1391 and 1400.

### The Patents-In-Suit

11.     On May 16, 2000, the '053 Patent, titled "System For Resetting A Server" was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '053 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '053 Patent.

3

12.     On July 11, 2000, the '816 Patent, titled "Method Of Displaying System Status," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '816 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '816 Patent.

13.     On November 7, 2000, the '098 Patent, titled "System For Displaying System Status," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '098 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '098 Patent.

14.     On January 2, 2001, the '067 Patent, titled "System For Automatically Reporting A System Failure In A Server," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '067 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '067 Patent.

15.     On March 6, 2001, the '173 Patent, titled "Method For Mapping Environmental Resources To Memory For Program Access," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '173 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '173 Patent.

16.     On June 5, 2001, the '838 Patent, titled "Method For Automatically Reporting A System Failure In A Server," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '838 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '838 Patent.

17.     On July 24, 2001, the '721 Patent, titled "System Architecture For Remote Access And Control Of Environmental Management," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and

interest in the '721 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '721 Patent.

18.     On July 23, 2002, the '006 Patent, titled "Alert Configurator And Manager," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '006 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '006 Patent.

19.     On April 22, 2003, the '416 Patent, titled "Managing Computer System Alerts," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '416 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '416 Patent.

20.     On January 20, 2004, the '342 Patent, titled "Diagnostic And Managing Distributed Processor System," was duly and legally issued by the United States Patent and Trademark Office.  Round Rock Research is the assignee of all rights, title, and interest in the '342 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '342 Patent.

## Count I

### Infringement of U.S. Patent No. 6,088,816

21.     Paragraphs 1-20 are incorporated by reference as if fully restated herein.

22.     Oracle has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'816 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

23.     Oracle has had knowledge of the '816 Patent and its infringement of that patent since at least June 10, 2003.  For example, Oracle has had knowledge of the '816 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 6,578,036; 7,013,352; 7,039,918; 7,062,575; 7,174,375; and 7,295,442, all of which specifically reference the '816 Patent.  In

addition, Oracle has had knowledge of the '816 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '816 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

24.     Oracle has indirectly infringed, and continues to indirectly infringe, the '816 Patent by encouraging its customers and end users to implement and practice the claims of the '816 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '816 Patent by using the remote monitoring functionality of '816 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe the '816 Patent by using the remote monitoring functionality of '816 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '816 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '816 Infringing Oracle Servers, such as entities that purchase and use '816 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

25.     Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '816 Patent by making, selling, offering for sale, and importing '816 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '816 Infringing Oracle Servers, all with the knowledge of the '816 Patent and its claims; with the knowledge that its customers and end users will use '816 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '816 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '816 Infringing Oracle Servers.

26.     Oracle has contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '816 Infringing Oracle Servers), and continues to contribute

to infringement by others, by selling, offering to sell, and importing '816 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '816 Patent, knowing those systems to be especially made or adapted to infringe the '816 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

27.     Oracle has willfully infringed and continues to willfully infringe the '816 Patent. Oracle has continued its infringement despite its knowledge of the '816 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

28.     Dell has infringed and continues to infringe the '816 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'816 Infringing Dell Servers"), such as the Dell Remote Access Controller ("DRAC").

29.     Dell has had knowledge of the '816 Patent and its infringement of that patent since at least March 25, 2005.  For example, Dell has had knowledge of the '816 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 6,874,060; 7,222,200; and 7,500,040 all of which specifically reference the '816 Patent.  In addition, Dell has had knowledge of the '816 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '816 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

30.     Dell has indirectly infringed, and continues to indirectly infringe, the '816 Patent by encouraging its customers and end users to implement and practice the claims of the '816 Patent.  Dell's commercial customers, users, and resellers directly infringe the '816 Patent by using the remote monitoring functionality of '816 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe the '816 Patent by using the remote monitoring functionality of '816 Infringing Dell Servers in the United

States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '816 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '816 Infringing Dell Servers, such as entities that purchase and use '816 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

31.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '816 Patent by making, selling, offering for sale, and importing '816 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '816 Infringing Dell Servers, all with the knowledge of the '816 Patent and its claims; with the knowledge that its customers and end users will use '816 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '816 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

32.     Dell has contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '816 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '816 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '816 Patent, knowing those systems to be especially made or adapted to infringe the '816 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33.     Dell has willfully infringed and continues to willfully infringe the '816 Patent. Dell has continued its infringement despite its knowledge of the '816 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

8

34.     Round Rock Research has been and continues to be damaged by Defendants'
infringement of the '816 Patent.

## Count II

### Infringement of U.S. Patent No. 6,145,098

35.     Paragraphs 1-34 are incorporated by reference as if fully restated herein.

36.     Oracle has infringed and continues to infringe the '098 Patent under 35 U.S.C. §
271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering
for sale, and/or importing into the United States servers implementing a remote monitoring
system ("'098 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager
("ILOM").

37.     Oracle has had knowledge of the '098 Patent and its infringement of that patent
since at least December 24, 2002.  For example, Oracle has had knowledge of the '098 Patent
through its own patent prosecution activities as seen in U.S. Patent Nos. 6,499,113 and
6,772,369, both of which specifically reference the '098 Patent.  In addition, Oracle has had
knowledge of the '098 Patent and its infringement thereof since the original Complaint was filed
in this action on June 8, 2011.  Further, Oracle has had knowledge of the '098 Patent and its
infringement thereof since at least October 31, 2011 through a letter from Round Rock Research
concerning that infringement.

38.     Oracle has also indirectly infringed, and continues to indirectly infringe, the '098
Patent by encouraging its customers and end users to implement and practice the claims of the
'098 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '098
Patent by making, using, selling, offering for sale, and importing '098 Infringing Oracle Servers
in the United States, and Oracle's end users (whether commercial or non-commercial) directly
infringe at least through their use of '098 Infringing Oracle Servers in the United
States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio,
Inc., and all similarly situated data center operators and providers of managed hosting products

and services who make, use, sell, offer to sell, or import '098 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '098 Infringing Oracle Servers, such as entities that purchase and use '098 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

39.     Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '098 Patent by making, selling, offering for sale, and importing '098 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '098 Infringing Oracle Servers, all with the knowledge of the '098 Patent and its claims; with the knowledge that its customers and end users will use '098 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '098 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '098 Infringing Oracle Servers.

40.     Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '098 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '098 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '098 Patent, knowing those systems to be especially made or adapted to infringe the '098 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

41.     Oracle has willfully infringed and continues to willfully infringe the '098 Patent. Oracle has continued its infringement despite its knowledge of the '098 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

42.     Dell has infringed and continues to infringe the '098 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering

10

for sale, and importing into the United States servers implementing a remote monitoring system ("'098 Infringing Dell Servers), such as the Dell Remote Access Controller ("DRAC").

43.      Dell has had knowledge of the '098 Patent and its infringement of that patent since at least May 22, 2007.  For example, Dell has had knowledge of the '098 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,222,200 and 7,500,040, both of which specifically reference the '098 Patent.  In addition, Dell has had knowledge of the '098 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '098 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

44.      Dell has also indirectly infringed, and continues to indirectly infringe, the '098 Patent by encouraging its customers and end users to implement and practice the claims of the '098 Patent.  Dell's commercial customers, users, and resellers directly infringe the '098 Patent by making, using, selling, offering for sale, and importing '098 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '098 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '098 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '098 Infringing Dell Servers, such as entities that purchase and use '098 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

45.      Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '098 Patent by making, selling, offering for sale, and importing '098 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '098 Infringing Dell Servers, all with the knowledge of the

'098 Patent and its claims; with the knowledge that its customers and end users will use '098 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '098 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

46.     Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '098 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '098 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '098 Patent, knowing those systems to be especially made or adapted to infringe the '098 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

47.     Dell has willfully infringed and continues to willfully infringe the '098 Patent. Dell has continued its infringement despite its knowledge of the '098 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

48.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '098 Patent.

## Count III

### Infringement of U.S. Patent No. 6,170,067

49.     Paragraphs 1-48 are incorporated by reference as if fully restated herein.

50.     Oracle has infringed and continues to infringe the '067 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States servers implementing a remote monitoring system ("'067 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

51.     Oracle has had knowledge of the '067 Patent and its infringement of that patent since at least December 7, 2010.  For example, Oracle has had knowledge of the '067 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,849,367 and 7,849,368, both of which specifically reference the '067 Patent.  In addition, Oracle has had knowledge of the '067 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '067 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

52.     Oracle has also indirectly infringed, and continues to indirectly infringe, the '067 Patent by encouraging its customers and end users to implement and practice the claims of the '067 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '067 Patent by making, using, selling, offering for sale, and importing '067 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe at least through their use of '067 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '067 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '067 Infringing Oracle Servers, such as entities that purchase and use '067 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

53.     Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '067 Patent by making, selling, offering for sale, and importing '067 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '067 Infringing Oracle Servers, all with the knowledge of the '067 Patent and its claims; with the knowledge that its customers and end users will use '067 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate

infringing use of '067 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '067 Infringing Oracle Servers.

54.      Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '067 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '067 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '067 Patent, knowing those systems to be especially made or adapted to infringe the '067 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

55.      Oracle has willfully infringed and continues to willfully infringe the '067 Patent. Oracle has continued its infringement despite its knowledge of the '067 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

56.      Dell has infringed and continues to infringe the '067 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and importing into the United States servers implementing a remote monitoring system ("'067 Infringing Dell Servers"), such as the Dell Remote Access Controller ("DRAC").

57.      Dell has had knowledge of the '067 Patent and its infringement of that patent since at least March 25, 2005.  For example, Dell has had knowledge of the '067 Patent through its own prosecution activities as seen in U.S. Patent Nos. 6,874,060; 6,910,150; 7,222,200; and 7,500,040 all of which specifically reference the '816 Patent, '173 Patent,'721 Patent, '098 Patent, and/or '838 Patent, all of which in turn refer to and incorporate the disclosure of the '067 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Dell has had knowledge of the '067 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has

14

had knowledge of the '067 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

58.     Dell has also indirectly infringed, and continues to indirectly infringe, the '067 Patent by encouraging its customers and end users to implement and practice the claims of the '067 Patent.  Dell's commercial customers, users, and resellers directly infringe the '067 Patent by making, using, selling, offering for sale, and importing '067 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '067 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '067 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '067 Infringing Dell Servers, such as entities that purchase and use '067 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

59.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '067 Patent by making, selling, offering for sale, and importing '067 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '067 Infringing Dell Servers, all with the knowledge of the '067 Patent and its claims; with the knowledge that its customers and end users will use '067 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '067 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

60.     Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '067 Infringing Dell Servers), and continues to contribute to infringement by others, by selling,

offering to sell, and importing '067 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '067 Patent, knowing those systems to be especially made or adapted to infringe the '067 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

61.     Dell has willfully infringed and continues to willfully infringe the '067 Patent. Dell has continued its infringement despite having received notice of its infringement from Round Rock Research.

62.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '067 Patent.

### Count IV

### Infringement of U.S. Patent No. 6,199,173

63.     Paragraphs 1-62 are incorporated by reference as if fully restated herein.

64.     Oracle has infringed and continues to infringe the '173 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'173 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

65.     Oracle has had knowledge of the '173 Patent and its infringement of that patent since at least January 23, 2007.  For example, Oracle has had knowledge of the '173 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,168,007; 7,849,367; and 7,849,368, all of which specifically reference the '173 Patent.  In addition, Oracle has had knowledge of the '173 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '173 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

66.     Oracle has indirectly infringed, and continues to indirectly infringe, the '173 Patent by encouraging its customers and end users to implement and practice the claims of the

16

'173 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '173 Patent by using the remote monitoring functionality of '173 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe the '173 Patent by using the remote monitoring functionality of '173 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '173 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '173 Infringing Oracle Servers, such as entities that purchase and use '173 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

67.     Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '173 Patent by making, selling, offering for sale, and importing '173 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '173 Infringing Oracle Servers, all with the knowledge of the '173 Patent and its claims; with the knowledge that its customers and end users will use '173 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '173 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '173 Infringing Oracle Servers.

68.     Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '173 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '173 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '173 Patent, knowing those systems to be especially made or adapted to infringe the '173 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

69.     Oracle has willfully infringed and continues to willfully infringe the '173 Patent. Oracle has continued its infringement despite its knowledge of the '173 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

70.     Dell has infringed and continues to infringe the '173 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'173 Infringing Dell Servers"), such as the Dell Remote Access Controller ("DRAC").

71.     Dell has had knowledge of the '173 Patent and its infringement of that patent since at least May 22, 2007.  For example, Dell has had knowledge of the '173 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,222,200 and 7,500,040, both of which specifically reference the '173 Patent.  In addition, Dell has had knowledge of the '173 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '173 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

72.     Dell has indirectly infringed, and continues to indirectly infringe, the '173 Patent by encouraging its customers and end users to implement and practice the claims of the '173 Patent.  Dell's commercial customers, users, and resellers directly infringe the '173 Patent by using the remote monitoring functionality of '173 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe the '173 Patent by using the remote monitoring functionality of '173 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '173 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '173 Infringing Dell Servers, such as entities that

18

purchase and use '173 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

73.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '173 Patent by making, selling, offering for sale, and importing '173 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '173 Infringing Dell Servers, all with the knowledge of the '173 Patent and its claims; with the knowledge that its customers and end users will use '173 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '173 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

74.     Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '173 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '173 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '173 Patent, knowing those systems to be especially made or adapted to infringe the '173 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

75.     Dell has willfully infringed and continues to willfully infringe the '173 Patent. Dell has continued its infringement despite its knowledge of the '173 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

76.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '173 Patent.

## Count V

## Infringement of U.S. Patent No. 6,243,838

77.     Paragraphs 1-76 are incorporated by reference as if fully restated herein.

78.     Oracle has infringed and continues to infringe the '838 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'838 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

79.     Oracle has had knowledge of the '838 Patent and its infringement of that patent since at least June 10, 2003.  For example, Oracle has had knowledge of the '838 Patent through its own patent prosecution activities as seen in U.S. Patent Number 6,578,036, which specifically references the '838 Patent.  In addition, Oracle has had knowledge of the '838 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011. Further, Oracle has had knowledge of the '838 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

80.     Oracle has indirectly infringed, and continues to indirectly infringe, the '838 Patent by encouraging its customers and end users to implement and practice the claims of the '838 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '838 Patent by using the remote monitoring functionality of '838 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe the '838 Patent by using the remote monitoring functionality of '838 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '838 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '838 Infringing Oracle Servers, such as entities that purchase and use '838 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

81.     Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '838 Patent by making, selling, offering for sale, and importing '838 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '838 Infringing Oracle Servers, all with the knowledge of the '838 Patent and its claims; with the knowledge that its customers and end users will use '838 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '838 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '838 Infringing Oracle Servers.

82.     Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '838 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '838 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '838 Patent, knowing those systems to be especially made or adapted to infringe the '838 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

83.     Oracle has willfully infringed and continues to willfully infringe the '838 Patent. Oracle has continued its infringement despite its knowledge of the '838 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

84.     Dell has infringed and continues to infringe the '838 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'838 Infringing Dell Servers), such as the Dell Remote Access Controller ("DRAC").

85.     Dell has had knowledge of the '838 Patent and its infringement of that patent since at least June 21, 2005.  For example, Dell has had knowledge of the '838 Patent through its own patent prosecution activities as seen in U.S. Patent Number 6,910,150, which specifically

references the '838 Patent.  In addition, Dell has had knowledge of the '838 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '838 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

86.    Dell has indirectly infringed, and continues to indirectly infringe, the '838 Patent by encouraging its customers and end users to implement and practice the claims of the '838 Patent.  Dell's commercial customers, users, and resellers directly infringe the '838 Patent by using the remote monitoring functionality of '838 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe the '838 Patent by using the remote monitoring functionality of '838 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '838 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '838 Infringing Dell Servers, such as entities that purchase and use '838 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

87.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '838 Patent by making, selling, offering for sale, and importing '838 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '838 Infringing Dell Servers, all with the knowledge of the '838 Patent and its claims; with the knowledge that its customers and end users will use '838 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '838 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

88.     Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '838 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '838 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '838 Patent, knowing those systems to be especially made or adapted to infringe the '838 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

89.     Dell has willfully infringed and continues to willfully infringe the '838 Patent. Dell has continued its infringement despite its knowledge of the '838 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

90.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '838 Patent.

## Count VI

## Infringement of U.S. Patent No. 6,266,721

91.     Paragraphs 1-90 are incorporated by reference as if fully restated herein.

92.     Oracle has infringed and continues to infringe the '721 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States servers implementing a remote monitoring system ("'721 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

93.     Oracle has had knowledge of the '721 Patent and its infringement of that patent since at least November 2, 2004.  For example, Oracle has had knowledge of the '721 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 6,813,150; 6,954,358; 7,039,918; and 7,328,410, all of which specifically reference the '721 Patent.  In addition, Oracle has had knowledge of the '721 Patent and its infringement thereof since the original Complaint

was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '721 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

94.      Oracle has also indirectly infringed, and continues to indirectly infringe, the '721 Patent by encouraging its customers and end users to implement and practice the claims of the '721 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '721 Patent by making, using, selling, offering for sale, and importing '721 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe at least through their use of '721 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '721 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '721 Infringing Oracle Servers, such as entities that purchase and use '721 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

95.      Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '721 Patent by making, selling, offering for sale, and importing '721 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '721 Infringing Oracle Servers, all with the knowledge of the '721 Patent and its claims; with the knowledge that its customers and end users will use '721 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '721 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '721 Infringing Oracle Servers.

96.      Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '721 Infringing Oracle Servers), and continues to

contribute to infringement by others, by selling, offering to sell, and importing '721 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '721 Patent, knowing those systems to be especially made or adapted to infringe the '721 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

97.     Oracle has willfully infringed and continues to willfully infringe the '721 Patent. Oracle has continued its infringement despite its knowledge of the '721 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

98.     Dell has infringed and continues to infringe the '721 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and importing into the United States servers implementing a remote monitoring system ("'721 Infringing Dell Servers"), such as the Dell Remote Access Controller ("DRAC").

99.     Dell has had knowledge of the '721 Patent and its infringement of that patent since at least May 22, 2007.  For example, Dell has had knowledge of the '838 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,222,200 and 7,500,040, both of which specifically reference the '721 Patent.  In addition, Dell has had knowledge of the '721 Patent and its infringement since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '721 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

100.     Dell has also indirectly infringed, and continues to indirectly infringe, the '721 Patent by encouraging its customers and end users to implement and practice the claims of the '721 Patent.  Dell's commercial customers, users, and resellers directly infringe the '721 Patent by making, using, selling, offering for sale, and importing '721 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '721 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc.,

25

Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '721 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '721 Infringing Dell Servers, such as entities that purchase and use '721 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

101.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '721 Patent by making, selling, offering for sale, and importing '721 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '721 Infringing Dell Servers, all with the knowledge of the '721 Patent and its claims; with the knowledge that its customers and end users will use '721 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '721 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

102.    Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '721 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '721 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '721 Patent, knowing those systems to be especially made or adapted to infringe the '721 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

103.    Dell has willfully infringed and continues to willfully infringe the '721 Patent. Dell has continued its infringement despite its knowledge of the '721 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

104.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '721 Patent.

## Count VII

## Infringement of U.S. Patent No. 6,425,006

105.     Paragraphs 1-104 are incorporated by reference as if fully restated herein.

106.     Oracle has infringed and continues to infringe the '006 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States servers implementing a remote monitoring system ("'006 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

107.     Oracle has had knowledge of the '006 Patent and its infringement of that patent since at least December 24, 2002.  For example, Oracle has had knowledge of the '006 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 6,499,113; 6,578,036; 6,772,369; 6,813,150; 6,954,358; 7,013,352; 7,039,918; 7,062,575; 7,168,007; 7,174,375; 7,295,442; 7,328,410; 7,849,367; and 7,849;368 all of which specifically reference the '816 Patent, '173 Patent, '067 Patent, '838 Patent, '721 Patent, '098 Patent, and/or the '342 Patent, all of which in turn refer to and incorporate the disclosure of the '006 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Oracle has had knowledge of the '006 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '006 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

108.     Oracle has also indirectly infringed, and continues to indirectly infringe, the '006 Patent by encouraging its customers and end users to implement and practice the claims of the '006 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '006 Patent by making, using, selling, offering for sale, and importing '006 Infringing Oracle Servers

in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe at least through their use of '006 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '006 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users of the '006 Infringing Oracle Servers, such as entities that purchase and use '006 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

109.    Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '006 Patent by making, selling, offering for sale, and importing '006 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '006 Infringing Oracle Servers, all with the knowledge of the '006 Patent and its claims; with the knowledge that its customers and end users will use '006 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '006 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '006 Infringing Oracle Servers.

110.    Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '006 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '006 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '006 Patent, knowing those systems to be especially made or adapted to infringe the '006 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

111.    Oracle has willfully infringed and continues to willfully infringe the '006 Patent. Oracle has continued its infringement despite its knowledge of the '006 Patent, as evidenced by

its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

112.    Dell has infringed and continues to infringe the '006 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and importing into the United States servers implementing a remote monitoring system ("'006 Infringing Dell Servers"), such as the Dell Remote Access Controller ("DRAC").

113.    Dell has had knowledge of the '006 Patent and its infringement of that patent since at least March 29, 2005.  For example, Dell has had knowledge of the '006 Patent as seen in U.S. Patent Nos. 6,874,060; 6,910,150; 7,222,200; and 7,500,040 all of which specifically reference the '816 Patent, '173 Patent,'721 Patent, '098 Patent, and/or '838 Patent, all of which in turn refer to and incorporate the disclosure of the '006 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Dell has had knowledge of the '006 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '006 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

114.    Dell has also indirectly infringed, and continues to indirectly infringe, the '006 Patent by encouraging its customers and end users to implement and practice the claims of the '006 Patent.  Dell's commercial customers, users, and resellers directly infringe the '006 Patent by making, using, selling, offering for sale, and importing '006 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '006 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '006 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '006 Infringing Dell Servers,

such as entities that purchase and use '006 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

115.     Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '006 Patent by making, selling, offering for sale, and importing '006 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '006 Infringing Dell Servers, all with the knowledge of the '006 Patent and its claims; with the knowledge that its customers and end users will use '006 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '006 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

116.     Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '006 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '006 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '006 Patent, knowing those systems to be especially made or adapted to infringe the '006 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

117.     Dell has willfully infringed and continues to willfully infringe the '006 Patent. Dell has continued its infringement despite having received notice of its infringement from Round Rock Research.

118.     Round Rock Research has been and continues to be damaged by Defendants' infringement of the '006 Patent.

## Count VIII

## Infringement of U.S. Patent No. 6,553,416

119.     Paragraphs 1-118 are incorporated by reference as if fully restated herein.

30

120.     Oracle has infringed and continues to infringe the '416 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'416 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

121.     Oracle has had knowledge of the '416 Patent and its infringement of that patent since at least December 24, 2002.  For example, Oracle has had knowledge of the '416 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 6,499,113; 6,578,036; 6,772,369; 6,813,150; 6,954,358; 7,013,352; 7,039,918; 7,062,575; 7,168,007; 7,174,375; 7,295,442; 7,328,410; 7,849,367; and 7,849;368 all of which specifically reference the '816 Patent, '173 Patent, '067 Patent, '838 Patent, '721 Patent, '098 Patent, and/or the '342 Patent, all of which in turn refer to and incorporate the disclosure of the '416 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Oracle has had knowledge of the '416 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.  Further, Oracle has had knowledge of the '416 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

122.     Oracle has indirectly infringed, and continues to indirectly infringe, the '416 Patent by encouraging its customers and end users to implement and practice the claims of the '416 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '416 Patent by using the remote monitoring functionality of '416 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly infringe the '416 Patent by using the remote monitoring functionality of '416 Infringing Oracle Servers in the United States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '416 Infringing Oracle Servers in the course of providing those products and services.  Oracle's commercial and non-commercial end users are end users

31

of the '416 Infringing Oracle Servers, such as entities that purchase and use '416 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

123.    Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '416 Patent by making, selling, offering for sale, and importing '416 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '416 Infringing Oracle Servers, all with the knowledge of the '416 Patent and its claims; with the knowledge that its customers and end users will use '416 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '416 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '416 Infringing Oracle Servers.

124.    Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '416 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '416 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '416 Patent, knowing those systems to be especially made or adapted to infringe the '416 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

125.    Oracle has willfully infringed and continues to willfully infringe the '416 Patent. Oracle has continued its infringement despite its knowledge of the '416 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

126.    Dell has infringed and continues to infringe the '416 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by using the remote monitoring functionality of servers implementing a remote monitoring system ("'416 Infringing Dell Servers), such as the Dell Remote Access Controller ("DRAC").

127.    Dell has had knowledge of the '416 Patent and its infringement of that patent since at least March 29, 2005.  For example, Dell has had knowledge of the '416 Patent as seen in U.S. Patent Nos. 6,874,060; 6,910,150; 7,222,200; and 7,500,040 all of which specifically reference the '816 Patent, '173 Patent,'721 Patent, '098 Patent, and/or '838 Patent, all of which in turn refer to and incorporate the disclosure of the '416 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Dell has had knowledge of the '416 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '416 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

128.    Dell has indirectly infringed, and continues to indirectly infringe, the '416 Patent by encouraging its customers and end users to implement and practice the claims of the '416 Patent.  Dell's commercial customers, users, and resellers directly infringe the '416 Patent by using the remote monitoring functionality of servers '416 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe the '416 Patent by using the remote monitoring functionality of servers '416 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who use '416 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '416 Infringing Dell Servers, such as entities that purchase and use '416 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

129.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '416 Patent by making, selling, offering for sale, and importing '416 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '416 Infringing Dell Servers, all with the knowledge of the '416 Patent and its claims; with the knowledge that its customers and end users will use '416

Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '416 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

130.    Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '416 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '416 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '416 Patent, knowing those systems to be especially made or adapted to infringe the '416 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

131.    Dell has willfully infringed and continues to willfully infringe the '416 Patent. Dell has continued its infringement despite having received notice of its infringement from Round Rock Research.

132.    Round Rock Research has been and continues to be damaged by Defendants' infringement of the '416 Patent.

### Count IX

### Infringement of U.S. Patent No. 6,681,342

133.    Paragraphs 1-132 are incorporated by reference as if fully restated herein

134.    Oracle has infringed and continues to infringe the '342 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States servers implementing a remote monitoring system ("'342 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

135.    Oracle has had knowledge of the '342 Patent and its infringement of that patent since at least December 7, 2010.  For example, Oracle has had knowledge of the '342 Patent

through its own patent prosecution activities as seen in U.S. Patent Nos. 7,849,367 and

7,849,368, both of which specifically reference the '342 Patent.  In addition, Oracle has had

knowledge of the '342 Patent and its infringement thereof since the original Complaint was filed

in this action on June 8, 2011.  Further, Oracle has had knowledge of the '342 Patent and its

infringement thereof since at least October 31, 2011 through a letter from Round Rock Research

concerning that infringement.

136.    Oracle has also indirectly infringed, and continues to indirectly infringe, the '342

Patent by encouraging its customers and end users to implement and practice the claims of the

'342 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '342

Patent by making, using, selling, offering for sale, and importing '342 Infringing Oracle Servers

in the United States, and Oracle's end users (whether commercial or non-commercial) directly

infringe at least through their use of '342 Infringing Oracle Servers in the United

States.  Oracle's commercial customers, users, and resellers include, by way of example, Verio,

Inc., and all similarly situated data center operators and providers of managed hosting products

and services who make, use, sell, offer to sell, or import '342 Infringing Oracle Servers in the

course of providing those products and services.  Oracle's commercial and non-commercial end

users are end users of the '342 Infringing Oracle Servers, such as entities that purchase and use

'342 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and

systems.

137.    Oracle actively, knowingly, and intentionally induced, and continues to actively,

knowingly, and intentionally induce, infringement of the '342 Patent by making, selling, offering

for sale, and importing '342 Infringing Oracle Servers, as well as by contracting with others to

use, market, sell, offer to sell, and import '342 Infringing Oracle Servers, all with the knowledge

of the '342 Patent and its claims; with the knowledge that its customers and end users will use

'342 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate

infringing use of '342 Infringing Oracle Servers through the creation and dissemination of

35

promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '342 Infringing Oracle Servers.

138.    Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '342 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '342 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '342 Patent, knowing those systems to be especially made or adapted to infringe the '342 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

139.    Oracle has willfully infringed and continues to willfully infringe the '342 Patent. Oracle has continued its infringement despite its knowledge of the '342 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

140.    Dell has infringed and continues to infringe the '342 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and importing into the United States servers implementing a remote monitoring system ("'342 Infringing Dell Servers), such as the Dell Remote Access Controller ("DRAC").

141.    Dell has had knowledge of the '342 Patent and its infringement of that patent since at least March 29, 2005.  For example, Dell has had knowledge of the '342 Patent as seen in U.S. Patent Nos. 6,874,060; 6,910,150; 7,222,200; and 7,500,040 all of which specifically reference the '816 Patent, '173 Patent,'721 Patent, '098 Patent, and/or '838 Patent, all of which in turn refer to and incorporate the disclosure of the '342 Patent (for example in the '816 Patent at col. 1, ll. 40-45 and Appendix A).  In addition, Dell has had knowledge of the '342 Patent and its infringement thereof since at least April 4, 2011 through a letter sent by Round Rock Research concerning that infringement.  Further, Dell has had knowledge of the '342 Patent and its infringement thereof since the original Complaint was filed in this action on June 8, 2011.

142.    Dell has also indirectly infringed, and continues to indirectly infringe, the '342 Patent by encouraging its customers and end users to implement and practice the claims of the '342 Patent.  Dell's commercial customers, users, and resellers directly infringe the '342 Patent by making, using, selling, offering for sale, and importing '342 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '342 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '342 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '342 Infringing Dell Servers, such as entities that purchase and use '342 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

143.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '342 Patent by making, selling, offering for sale, and importing '342 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '342 Infringing Dell Servers, all with the knowledge of the '342 Patent and its claims; with the knowledge that its customers and end users will use '342 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '342 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

144.    Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '342 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '342 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '342 Patent, knowing those systems to be

37

especially made or adapted to infringe the '342 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

145.    Dell has willfully infringed and continues to willfully infringe the '342 Patent. Dell has continued its infringement despite having received notice of its infringement from Round Rock Research.

146.    Round Rock Research has been and continues to be damaged by Defendants' infringement of the '342 Patent.

**Count X**

**Infringement of U.S. Patent No. 6,065,053**

147.    Paragraphs 1-146 are incorporated by reference as if fully restated herein

148.    Oracle has infringed and continues to infringe the '053 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States servers implementing a remote monitoring system ("'053 Infringing Oracle Servers"), such as the Oracle Integrated Lights-Out Manager ("ILOM").

149.    Oracle has had knowledge of the '053 Patent and its infringement of that patent since at least December 7, 2010.  For example, Oracle has had knowledge of the '053 Patent through its own patent prosecution activities as seen in U.S. Patent Nos. 7,849,367 and 7,849,368, both of which specifically reference the '053 Patent.  Further, Oracle has had knowledge of the '053 Patent and its infringement thereof since at least October 31, 2011 through a letter from Round Rock Research concerning that infringement.

150.    Oracle has also indirectly infringed, and continues to indirectly infringe, the '053 Patent by encouraging its customers and end users to implement and practice the claims of the '053 Patent.  Oracle's commercial customers, users, and resellers directly infringe the '053 Patent by making, using, selling, offering for sale, and importing '053 Infringing Oracle Servers in the United States, and Oracle's end users (whether commercial or non-commercial) directly

infringe at least through their use of '053 Infringing Oracle Servers in the United States. Oracle's commercial purchasers, users, and resellers include, by way of example, Verio, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '053 Infringing Oracle Servers in the course of providing those products and services. Oracle's commercial and non-commercial end users are end users of the '053 Infringing Oracle Servers, such as entities that purchase and use '053 Infringing Oracle Servers as a part of their own computer infrastructure, networks, and systems.

151. Oracle actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '053 Patent by making, selling, offering for sale, and importing '053 Infringing Oracle Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '053 Infringing Oracle Servers, all with the knowledge of the '053 Patent and its claims; with the knowledge that its customers and end users will use '053 Infringing Oracle Servers; and with the knowledge and intent to encourage and facilitate infringing use of '053 Infringing Oracle Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those '053 Infringing Oracle Servers.

152. Oracle has also contributed to the infringement by others (e.g., Oracle's customers, such as Verio, Inc., and the users of '053 Infringing Oracle Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '053 Infringing Oracle Servers, knowing that those systems constitute a material part of the inventions of the '053 Patent, knowing those systems to be especially made or adapted to infringe the '053 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

153. Oracle has willfully infringed and continues to willfully infringe the '053 Patent. Oracle has continued its infringement despite its knowledge of the '053 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

154.    Dell has infringed and continues to infringe the '053 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and importing into the United States servers implementing a remote monitoring system ("'053 Infringing Dell Servers"), such as the Dell Remote Access Card ("DRAC").

155.    Dell has had knowledge of the '053 Patent and its infringement of that patent since at least May 22, 2007.  For example, Dell has had knowledge of the '053 Patent through its own patent prosecution activities as seen in U.S. Patent Nos.6,895,499; 7,222,200; and 7,500,040, all of which specifically reference the '053 Patent.  In addition, Dell has had knowledge of the '053 Patent and its infringement thereof since at least February 28, 2011 through a presentation given by Round Rock Research concerning that infringement.

156.    Dell has also indirectly infringed, and continues to indirectly infringe, the '053 Patent by encouraging its customers and end users to implement and practice the claims of the '053 Patent.  Dell's commercial customers, users, and resellers directly infringe the '053 Patent by making, using, selling, offering for sale, and importing '053 Infringing Dell Servers in the United States, and Dell's end users (whether commercial or non-commercial) directly infringe at least through their use of '053 Infringing Dell Servers in the United States.  Dell's commercial customers, users, and resellers include, by way of example, VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and all similarly situated data center operators and providers of managed hosting products and services who make, use, sell, offer to sell, or import '053 Infringing Dell Servers in the course of providing those products and services.  Dell's commercial and non-commercial end users are end users of the '053 Infringing Dell Servers, such as entities that purchase and use '053 Infringing Dell Servers as a part of their own computer infrastructure, networks, and systems.

157.    Dell actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '053 Patent by making, selling, offering for sale, and importing '053 Infringing Dell Servers, as well as by contracting with others to use, market, sell, offer to sell, and import '053 Infringing Dell Servers, all with the knowledge of the

'053 Patent and its claims; with the knowledge that its customers and end users will use '053 Infringing Dell Servers; and with the knowledge and intent to encourage and facilitate infringing use of '053 Infringing Dell Servers through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials related to those products.

158.    Dell has also contributed to the infringement by others (e.g., Dell's customers, such as VIRTBIZ, Inc., NeoSpire, Inc., Rackspace, Inc., and LayeredTech, Inc., and the users of '053 Infringing Dell Servers), and continues to contribute to infringement by others, by selling, offering to sell, and importing '053 Infringing Dell Servers, knowing that those systems constitute a material part of the inventions of the '053 Patent, knowing those systems to be especially made or adapted to infringe the '053 Patent, and knowing that those systems are not staple articles or commodities of commerce suitable for substantial non-infringing use.

159.    Dell has willfully infringed and continues to willfully infringe the '053 Patent. Dell has continued its infringement despite its knowledge of the '053 Patent, as evidenced by its own patent prosecution activities, and despite having received notice of its infringement from Round Rock Research.

160.    Round Rock Research has been and continues to be damaged by Defendants' infringement of the '053 Patent.

## **Prayer For Relief**

Wherefore, Plaintiff Round Rock Research respectfully requests that this Court enter judgment against Defendants Oracle Corporation and Dell, Inc. as follows:

a)    adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,088,816;

b)    adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,145,098;

c)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,170,067;

d)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,199,173;

e)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,243,838;

f)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,266,721;

g)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,425,006;

h)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,553,416;

i)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,681,342;

j)      adjudging that the Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, U.S. Patent No. 6,065,053;

k)      adjudging that the Defendants' infringement has been willful;

l)      awarding Round Rock Research the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including both compensatory damages and enhanced/treble damages for willful infringement, and ordering a full accounting of same;

m)      finding that this case is exceptional under 35 U.S.C. § 285;

n)      awarding Round Rock Research pre-judgment and post-judgment interest on its damages; and

o)      awarding Round Rock Research such other and further relief in law or equity that the Court deems just and proper.

**Demand For Jury Trial**

Round Rock Research hereby demands a trial by jury on all claims and issues so triable.


DATED: November 8, 2011          By: /s/ Jonas R. McDavit
                                     Jonas R. McDavit
                                     jmcdavit@desmaraisllp.com

                                 Paul A. Bondor
                                 pbondor@desmaraisllp.com
                                 Lead Attorney
                                 DESMARAIS LLP
                                 230 Park Avenue
                                 New York, NY 10169
                                 (212) 351-3400 (Telephone)
                                 (212) 351-3401 (Facsimile)


                                 *Lead Counsel for Plaintiff*
                                 *Round Rock Research, LLC*

                                 And

                                 By: /s/ James C. Tidwell
                                     James C. Tidwell
                                     Texas State Bar No. 20020100

                                 WOLFE, TIDWELL & McCOY, LLP
                                 320 North Travis Street, Suite 205
                                 Sherman, TX 75090
                                 (903) 868-1933 (Telephone)
                                 (903) 892-2397 (Facsimile)


                                 *Local Counsel for Plaintiff*
                                 *Round Rock Research, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Jonas R. McDavit*