# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROUND ROCK RESEARCH, LLC | § | |
| | § | |
| v. | § | Case No. 4:11-CV-332 |
| | § | Judge Schneider/Judge Mazzant |
| ORACLE CORPORATION and | § | |
| DELL, INC. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636.  On October 21, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Transfer Venue to the Western District of Texas (Dkt. #32) be DENIED.

On November 8, 2011, Defendant Dell, Inc. ("Dell") filed objections to the Magistrate Judge's report (Dkt. #43).  On November 11, 2011, Plaintiff Round Rock Research, LLC ("Plaintiff") filed a response (Dkt. #45). Specifically, Dell asserts that the Magistrate Judge's Report improperly relied on an order by Judge Davis in the case *Consolidated Work Station Computing, LLC v. Dell, Inc.*, No. 6:10-CV-620-LED, slip op., at 6 (E.D. Tex. Sept. 28, 2011).  Dell states that it is improper to rely on a separate case involving a party in the transferor district as a factor weighing against transfer when the other case does not involve the same parties, witnesses, evidence, and facts as the case at hand.

In the Court's opinion, the Magistrate Judge's Report does not place an improper reliance on the decision of Judge Davis in the *Consolidated Work Station Computing* case in determining the weight of the factor of relative ease of access to sources of proof.  The Magistrate Judge considered

the evidence submitted by both Plaintiff and Defendants and found the following:

> The parties agree that a significant source of documents and physical evidence relating to the accused infringing products is concentrated primarily in the Western District at Dell's headquarters in Round Rock, Texas. However, Defendants ignore the fact that there may be other documents and physical evidence related to the development of the products in conjunction with other third parties in various locations across the country. MOTION, HACKETT DECL. at 3. It is unclear where the primary concentration of Oracle's documents and other physical evidence is located; however, Defendants note that some may exist in the Western District, Colorado, and California, while none exist in the Eastern District. None of the inventors of the patents at issue are located in Texas. Finally, documents and other physical evidence maintained at the Dell Services facility in the Eastern District will serve as a source of proof regarding the use of the infringing technology. *See Consol. Work Station Computing, LLC*, No. 6:10-CV-620-LED, slip. op. at 6 (E.D. Tex. Sept. 28, 2011).

(Report at 7). In determining whether this factor weighed in favor of transfer, the Magistrate Judge considered the location of various documents and sources of proof relevant to the litigation. Affidavits submitted by Dell indicate that many of their sources of proof are located in the Western District of Texas, Georgia, Alabama, Florida, California, India, and Taiwan. (Report at 6).

Further, the Magistrate Judge considered the purpose of Dell Services, and its location in Plano, Texas, in the Eastern District. (Report at 6-7). The Magistrate Judge properly concluded that the Plaintiff in this case has made allegations regarding the use of the infringing products and intends to use information obtained from Dell Services as a source of proof. The Magistrate Judge's Report cited *Consolidated Work Station Computing* to indicate that a court should consider allegations regarding the accused product's use in the district when considering relative ease of access to sources of proof. The Magistrate Judge does not appear to cite any of the facts of the *Consolidated Work Station Computing* case in making his determination. The Magistrate Judge concluded his consideration of this factor by stating:

> Because the sources of proof originate from varied locations across the country and the globe, this factor is neutral. Transfer of this case to the Western District would make access

to some sources of proof easier, but there is other evidence that would not be more convenient to access.

(Report at 7-8). The Magistrate Judge considered the varied locations of all the sources of proof in his decision to weigh this factor as neutral, and in doing so, placed no improper reliance on the facts of the *Consolidated Work Station Computing* case.

Finally, there is no indication that if the Magistrate Judge concluded that this factor weighed in favor of transfer, then there would have been sufficient evidence to show that the Western District of Texas is a "clearly more convenient" forum for the litigation. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

After reviewing Defendant's objections regarding the weight of the "relative ease of access to sources of proof" factor and having made a *de novo* review of all other objections raised by Defendant, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants' Motion to Transfer Venue to the Western District of Texas (Dkt. #32) is DENIED**.**

**SIGNED this 17th day of November, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE