IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC ) ) Plaintiff, ) ) v. ) ) ORACLE CORPORATION and ) DELL, INC. ) ) Defendants. ) ) | Civil Action No. 4:11-cv-00332-MHS-ALM  JURY TRIAL DEMANDED |

**ROUND ROCK RESEARCH'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 21, 2011 MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. # 51.)**

Round Rock Research, LLC ("Round Rock Research") moves for reconsideration of the Court's November 21, 2011 Memorandum Adopting the October 25, 2011 Report and Recommendation of Magistrate Judge Mazzant (the "Report"), and in the alternative, requests leave to accuse Dell servers implementing a remote monitoring system using specific systems that—similar to the Dell Remote Access Controller ("DRAC")—allow for the remote monitoring of Dell servers.

In his October 25th Report, Judge Mazzant held that Round Rock Research's direct infringement claims against Dell could proceed against "'servers implementing a remote monitoring system,' *such as ILOM or DRAC*." ((Dkt. # 40 at 6) (emphasis added).)  The Court's November 21, 2011 Memorandum adopted Judge Mazzant's Report as the finding and conclusion of the Court.  (Dkt. #51.)  However, the Court's Memorandum also stated that Round Rock Research could proceed with its direct infringement claims against Dell "'servers

implementing a remote monitoring system,' specifically the products ILOM and DRAC named in the Complaint…." (*Id.*)

It is Round Rock Research's understanding that in adopting the Report and Recommendation, the Court did not intend to narrow the permissible scope of Round Rock Research's infringement allegations as they had been found by Judge Mazzant. Specifically, Round Rock Research understands that in permitting its claims to proceed based on "'servers implementing a remote monitoring system,' *such as ILOM or DRAC*," neither this Court nor Judge Mazzant intended to foreclose infringement claims against Defendants' servers that implement a remote monitoring system under product names other than ILOM or DRAC specifically. However, in an abundance of caution, Round Rock Research moves the Court to reconsider its November 21st Order to confirm that understanding, and confirm that Defendants' other, substantially similar products that are also "servers implementing a remote monitoring system" may permissibly be accused in this action. In Round Rock Research's view, not only is that result what was intended by Judge Mazzant and this Court, but permitting infringement allegations against those substantially similar (if not functionally identical) products to proceed in this action would be clearly more efficient than requiring the filing of a new complaint and separate action on those products.

To the extent the Court intended to modify Judge Mazzant's recommendation to limit Round Rock Research's infringement claims to *only* Defendants' servers that implement remote monitoring using the DRAC and ILOM product families, Round Rock Research requests leave to accuse the following Dell servers that implement similar remote monitoring systems in addition to the DRAC product:

- Dell servers using DRAC with any of the following software products:
  - Dell Management Console (DMC).

- o Dell OpenManage IT Assistant (ITA).
- o Dell OpenManage Essentials (OME).
- Dell servers using the OpenManage Baseboard Management Controller (BMC).
- Dell servers using the Chassis Monitoring Console (CMC) and DRAC.
- Dell servers using the OpenManage Server Administrator and OpenManage Server Agent.
- Dell servers using KACE K-1000 appliance.
- Dell servers that comply with the Intelligent Platform Management Interface (IPMI) standard or use an IPMI card.
- Dell servers using SAN Headquarters (SANHQ).

Round Rock Research intends to serve infringement contentions on these products on December 22, 2011.  Each of the products named above falls within the category permitted by Judge Mazzant's Report and Recommendation as Dell systems that implement a remote monitoring system, and each is substantially similar to the Dell DRAC system.  Given that infringement contentions have not been served, the Scheduling Conference has not occurred, discovery has not commenced, and the scope of this infringement action will not be substantially enlarged, Dell will not be prejudiced by allowing the above products to be included in Round Rock Research's Infringement Contentions.  Moreover, permitting litigation of those products in this action will be manifestly more efficient than requiring a new, separate action to name those substantially similar additional products.

DATED:  December 5, 2011

By: /s/ Jonas R. McDavit
Jonas R. McDavit
jmcdavit@desmaraisllp.com

Paul A. Bondor
*Lead Attorney*
pbondor@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff
Round Rock Research, LLC*

3

James C. Tidwell
Texas State Bar No. 20020100
WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 5h day of December, 2011.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE CV-7

I hereby certify that no certificate of conference is required under Local Rule CV-7(i)(11).

/s/ Jonas R. McDavit
Jonas R. McDavit