**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | § | Civil Action No. 4:11-cv-332-MHS-ALM |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Jury Trial Requested** |
| | § | |
| **ORACLE CORPORATION and** | § | |
| **DELL INC.** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT DELL INC.'S OPPOSITION TO ROUND ROCK RESEARCH'S
MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 21, 2011
MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED
STATES MAGISTRATE JUDGE (DKT. # 51)**

**TABLE OF CONTENTS**

                                                                                                                                    **Page**

I.     INTRODUCTION .................................................................................................... 1

II.    STATEMENT OF FACTS ....................................................................................... 2

         A.     Original Complaint Asserted Nine Patents Against DRAC ................... 2

         B.     This Court Dismisses Any Infringement Allegations Beyond a Remote Monitoring System that Includes a DRAC ............................................ 3

         C.     Round Rock's First and Second Amended Complaints Do Not Identify Any New Accused Products Beyond a Remote Monitoring System that Includes a DRAC ................................................................................... 3

         D.     Three of the Nine Newly Accused Technologies Exceed the Boundary Imposed by this Court Limiting Accused Products to Remote Monitoring Systems that Include a DRAC ............................................................... 4

III.   LEGAL STANDARD ............................................................................................... 5

IV.   ARGUMENT ............................................................................................................. 6

         A.     Round Rock's Attempt to Accuse the KACE K-1000 Appliance, SAN HQ Product, and IPMI-Compliant Servers Violates This Court's Order Limiting the Accused Technology in this Case to Servers Implementing a Remote Monitoring System that Includes a DRAC .............................. 6

         B.     The Inclusion of Six Newly Accused Technologies that Operate with DRAC Justifies the Adoption of a More Expanded Case Schedule Proposed by Dell So That It Has Adequate Time to Conduct a Proper Investigation and Prepare Its Defenses .................................................... 8

V.    CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

### CASES

*U.S. v. Wilson*,
 864 F.2d 1219 (5th Cir. 1989) .................................................................................................. 5

### STATUTES

28 U.S.C. § 636(b)(1) ..................................................................................................................... 5

### RULES AND REGULATIONS

Fed. R. Civ. P. 72(b) ................................................................................................................. 5, 7

**I.      INTRODUCTION**

Plaintiff Round Rock Research, LLC's ("Round Rock") motion for reconsideration, where it seeks to introduce nine new accused technologies for the first time, represents its latest maneuver in a systematic effort to expand the scope of an already near-unmanageable case. In June 2011, Round Rock filed a broad complaint, asserting that Defendant Dell Inc. ("Dell") infringed nine patents, which together contain 303 claims. Without specifying which of the 303 claims Dell allegedly infringed, Round Rock asserted in generic terms that products "including, but not limited to, servers implementing a remote monitoring system such as the Dell Remote Access Card (DRAC) " infringed the nine patents. *See, e.g.*, Dkt. 1 [Compl.] at ¶ 20.

In response to the broad complaint, Dell moved to dismiss allegations as to any products or technologies beyond remote monitoring systems that include DRAC, the sole Dell product accused by name in the complaint. On October 25, 2011, Magistrate Mazzant recommended dismissing the complaint "as to any other products potentially accused by" Round Rock except for "'servers implementing a remote monitoring system,' specifically the products ILOM and DRAC." Dkt. 40 [Report & Recommendations ("Report")] at 6. Round Rock did not object to Magistrate Mazzant's report, and this Court adopted the Magistrate's report on November 21. Dkt. 51 [Mem. Adopting Report].

Meanwhile, Round Rock amended its complaint to limit the accused products and technologies in accordance with the Magistrate's ruling. Dkt. 44 [Amend. Compl.]. Shortly thereafter, Round Rock filed a Second Amended Complaint, broadening the case again by adding a tenth patent to the dispute and increasing the total number of claims asserted against Dell to 335. Dkt. 48 [Second Amend. Compl.]. Notably absent from the Amended and Second Amended Complaint was any mention of the nine technologies now raised in Round Rock's current Motion for Reconsideration.

Among the nine new technologies raised in Round Rock's Motion, three of them seek to broaden this case substantially beyond remote monitoring systems that include a DRAC, thereby vitiating this Court's order adopting the Magistrate's October 25 report on Dell's Motion to Dismiss. Two of the newly accused technologies, the KACE K-1000 appliance and the SAN Headquarters (HQ) product, were both independently developed by separate companies before being acquired by Dell, neither product includes a DRAC card, and both are fully functional without using or communicating with a DRAC. A third accused technology—servers that comply with the Intelligent Platform Management Interface (IPMI) or servers with an "IPMI card"—describes a broad category rather than a specific Dell product. This broad category seeks to accuse any Dell server, regardless of whether it contains a DRAC or not, that complies with an industry-wide specification known as IPMI.

After litigating the scope of accused products and filing three separate complaints, Round Rock must abide by this Court's order limiting the accused technology to servers with remote monitoring systems that include a DRAC. Thus, Dell requests that the Court deny Round Rock's request to add the KACE K-1000 appliance, SAN HQ product, and IPMI-compliant servers. In addition, although Dell does not oppose the inclusion of the other six newly accused technologies to the extent they operate with a DRAC to provide remote monitoring capabilities, Dell requests that the Court adopt the proposed case schedule set forth in the Addendum to provide Dell adequate time to properly investigate these six new technologies and prepare its defenses.

## II. STATEMENT OF FACTS

### A. Original Complaint Asserted Nine Patents Against DRAC.

Round Rock filed this lawsuit on June 8, 2011 alleging that Dell and Oracle infringe nine patents: United States Patent Nos. 6,088,816; 6,145,098; 6,170,067; 6,199,173; 6,243,838;

6,266,721; 6,425,006; and 6,553,416.  Dkt. 1 [Compl.] ¶ 4.  The Complaint accused only two products by name: Oracle's ILOM and Dell's DRAC.  *See, e.g., id.* at ¶¶ 19–20.  However, Round Rock attempted to reserve its right to accuse further categories of products by alleging that Dell's infringement was "including, but not limited to" the named products.  *Id.*

      **B.**    **This Court Dismisses Any Infringement Allegations Beyond a Remote Monitoring System that Includes a DRAC.**

After Dell moved to dismiss the complaint against unidentified products, Magistrate Mazzant issued a report on October 25 restricting Round Rock to accusing only "'servers implementing a remote monitoring system,' specifically the products ILOM and DRAC named in the Complaint."  Dkt. 40 [Report] at 10.  Magistrate Mazzant emphasized that "as to any other products potentially accused by Plaintiff, Defendants' motions [to dismiss] should be granted." *Id.*  Round Rock did not object to Magistrate Mazzant's report.  On November 21, 2011, this Court adopted Magistrate Mazzant's report, dismissing Round Rock's complaint "as to any other products potentially accused by" Round Rock except for "'servers implementing a remote monitoring system,' specifically the products ILOM and DRAC named in the Complaint."  Dkt. 51 [Mem. Adopting Report] at 1–2.

      **C.**    **Round Rock's First and Second Amended Complaints Do Not Identify Any New Accused Products Beyond a Remote Monitoring System that Includes a DRAC.**

On November 8, 2011, Round Rock filed an Amended Complaint to comply with Magistrate Mazzant's order.  In this Complaint, Round Rock re-asserted the same nine patents and once again only identified Dell's DRAC and Oracle's ILOM products by name.  *See, e.g.*, Dkt. 44 [Amend. Compl.] at ¶ 21.  A week later, on November 14, 2011, Round Rock filed its Second Amend Complaint, broadening the case by adding a tenth patent to the dispute (U.S. Patent No. 6,095,053).  Once more, Round Rock refused to name any products except for

"servers implementing a remote monitoring system . . . such as" ILOM and DRAC. *See, e.g.*, Dkt. 48 [Second Amend. Compl.] at ¶ 22. Neither the Amended nor the Second Amended Complaint mention any of the nine new accused technologies raised in Round Rock's Motion.

> D. **Three of the Nine Newly Accused Technologies Exceed the Boundary Imposed by this Court Limiting Accused Products to Remote Monitoring Systems that Include a DRAC.**

After litigating the scope of accused products and filing three complaints over the span of six months, Round Rock identifies nine new accused technologies for the first time in its Motion for Reconsideration. Below is an overview of the nine new accused technologies:

1. Dell KACE K-1000 appliance – the KACE K-1000 appliance is a machine preintegrated with software that is used to manage a network of desktops, laptops, and servers. This product was independently developed by KACE Networks before Dell acquired that company in February 2010. *See* Declaration of Eugene Mar ("Mar Decl.") Exh. A [KACE Press Release]. The K-1000 machine does not include a DRAC card, and it is fully functional without using or communicating with a DRAC.[1] *Id.* Exh. C [KACE Product Overview].

2. Storage Area Network (SAN) HQ – this product is a tool used to manage and monitor storage arrays, not servers. *Id.* Exh. D [SAN Tech. Report]. It was independently developed by EqualLogic before Dell acquired that company in November 2007. *Id.* Exh. B [SAN Press Release]. It does not include a DRAC card, and it is fully functional without using or communicating with a DRAC. *Id.*

3. Dell servers that comply with IPMI – IPMI is an industry specification, totaling 590 pages, that provides the preferred architecture and language for dozens of components in a computer system. *See id.* Exh. F [IPMI Table of Contents]. IPMI has been adopted by more than 150 companies. *Id.* Exh. E [IPMI Adopters List]. A server that is compliant with the IPMI standards may include one or more components that practice a portion of the IPMI specification.

4. Baseboard Management Controller (BMC) – BMC is a controller found on the server's circuit board that "monitors the system for critical events by communicating with various sensors on the system board." *Id.* Exh. G [BMC Guide] at 1. The DRAC card then "communicat[es] with the system's baseboard management controller (BMC)" to send the sensor information to a remote location, for example via "email alerts or warnings." *Id.* Exh. I [DRAC 5 Overview] at 1.

---

[1] A user could connect a KACE K-1000 machine to manage a network that includes, among all of its computers, a server with a pre-installed DRAC, but this is not necessary as the KACE K-1000 is designed to provide its own system monitoring capabilities.

- 4 -

     5.     OpenManage IT Assistant (ITA) - ITA was a "console for managing Dell servers" where users could view the sensor information. *Id.* Exh. J [ITA Article] at 1.

     6.     OpenManage Essentials (OME) - OME is a newer systems management console that replaced ITA. *Id.*

     7.     Dell Management Console (DMC) – DMC is a "systems management application that provides enhanced discovery, inventory, monitoring, patch updates, and reporting features." *Id.* Exh. K. It offers a web-based graphical user interface that allows users to communicate with a server. *Id.*

     8.     OpenManage Server Administrator and Server Agent (OMSA) - OMSA is software that helps users manage servers. *Id.* Exh. L [OMSA Guide]. It installs drivers and offers both a graphical user interface and a command-line interface for customers to set up and use DRAC. *Id.*

     9.     Optional Chassis Management Controller (CMC)[2] - The CMC provides a single connection point to access all the iDRAC cards found in a Dell blade server. It "integrates with the iDRAC module" to allow for "managing multiple Dell blade chassis." *Id.* Exh. H [CMC Article] at 1.

It is evident from these descriptions that Round Rock should not be permitted to add technologies 1–3 (KACE K-1000, SAN HQ, and IPMI-compliant servers) to this case because they exceed the boundary imposed by the Court. They do not fall within the confines of the limitation to remote monitoring systems that include a DRAC. Dell does not oppose the inclusion of technologies 4–9 to the extent those technologies operate with a DRAC to provide remote monitoring capabilities.

### III.  <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 636(b)(1), when a party fails to object to the magistrate judge's report on a dispositive motion, as Round Rock has failed to do here, the court reviews the report only to determine whether it is "clearly erroneous or contrary to law." *See also U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b), Adv. Comm. Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face

---

[2] It appears that Round Rock erroneously referred to this product as the "Chassis Monitoring Console" in its motion.

of the record in order to accept the [magistrate's] recommendation."). Therefore, Round Rock's Motion must be reviewed under the "clearly erroneous or contrary to law" standard.

## IV. ARGUMENT

### A. Round Rock's Attempt to Accuse the KACE K-1000 Appliance, SAN HQ Product, and IPMI-Compliant Servers Violates This Court's Order Limiting the Accused Technology in this Case to Servers Implementing a Remote Monitoring System that Includes a DRAC.

Round Rock's motion imagines a discrepancy between Magistrate Mazzant's report and the Court's order adopting the report where none exists. Both Magistrate Mazzant and the Court held that Round Rock may not use the vague language in its Complaint as a vehicle to introduce new, unrelated products into this case. Yet that is exactly what Round Rock's motion seeks to do. Round Rock's attempt to accuse the unrelated KACE K-1000 appliance, SAN Headquarters (SAN HQ) products, and IPMI-compliant servers violates both Magistrate Mazzant's report and the Court's order and must be denied.

In its motion to dismiss the original Complaint, Dell argued that it was unable to determine the scope of products Round Rock was accusing because the Complaint used the vague, catch-all phrases "including but not limited to" and "such as." Dkt. 22 [Mot. to Dismiss] at 5. In his October 25 Report and Recommendation, Magistrate Mazzant agreed with Dell that Round Rock had not provided adequate notice to Dell and dismissed any accused products beyond DRAC: "As to Plaintiff's direct infringement claims against 'servers implementing a remote monitoring system,' specifically the products ILOM and DRAC named in the Complaint, Defendants' motions should be denied. However, *as to any other products potentially accused by Plaintiff*, Defendants' motions should be granted." Dkt. No. 40 [Report] at 10 (emphasis added). Round Rock did not object to the Magistrate's Report, and this Court adopted the Magistrate's Report in its entirety. Dkt. 51 [Mem. Adopting Report].

Despite the Court's unambiguous dismissal of any products not named in the Complaint, Round Rock now seeks to add three technologies that would expand the accused products in this case well beyond servers implementing a DRAC-based remote monitoring system. The KACE K-1000 technology was first developed by an independent company known as KACE Networks before that company was acquired by Dell in February 2010, and it therefore shares no architecture in common with DRAC. *See* Mar Decl. Exh. A [KACE Press Release]. The K-1000 does not include a DRAC card, and it is fully functional without using or communicating with a DRAC. *Id.* Exh. C [KACE Product Overview].

SAN Headquarters (SAN HQ) is a tool designed to collect performance, alarm, and health status of storage arrays, not servers. *Id.* Exh. D [SAN Tech. Report]. The SAN HQ technology was first developed by an independent company known as EqualLogic before it was acquired by Dell in 2007, and it therefore shares no architecture in common with DRAC. *Id.* Exh. B [SAN Press Release]. The SAN HQ does not include a DRAC card, and it is fully functional without using or communicating with a DRAC. *Id.* Exh. D [SAN Tech. Report].

Last, Round Rock's third new accused technology—servers "that comply with the Intelligent Platform Management Interface (IPMI) standard or use an IPMI card"—is not even limited to a specific product or servers implementing remote monitoring systems that include a DRAC. IPMI is an industry-standard specification first developed by Intel in the 1990s that has been adopted by more than 150 companies. *Id.* Exh. E [IPMI Adopters List]. Totaling 590 pages, the current IPMI specification details the preferred architecture and mode of communication for dozens of components found in a server and computer network, the protocol for messages transmitted across a network, and the standardization of interfaces. *Id.* Exh. F [IPMI Table of Contents].

By merely identifying IPMI-compliant servers as accused products, Round Rock seeks to sweep in a multitude of Dell servers, regardless of whether those servers implement a DRAC-based remote monitoring system. Round Rock also improperly seeks to shift the burden to Dell to decipher which aspect of the 590-page IPMI standard allegedly relates to Round Rock's patents and which servers are swept in by this broad categorization. Round Rock does not list a single Dell product name or model number that constitutes an IPMI-compliant server, and Round Rock does not explain what is meant by an "IPMI card" (a term conspicuously absent from the IPMI specification).

In sum, the Court has already considered this issue in the context of Dell's Motion to Dismiss and determined that this case should be limited to servers that implement a remote monitoring system that includes a DRAC. Consistent with that ruling, the Court should deny Round Rock's attempt to accuse the KACE K-1000, SAN Headquarters, or IPMI-compliant products.

**B.    The Inclusion of Six Newly Accused Technologies that Operate with DRAC Justifies the Adoption of a More Expanded Case Schedule Proposed by Dell So That It Has Adequate Time to Conduct a Proper Investigation and Prepare Its Defenses.**

Since Round Rock filed this lawsuit six months ago, Dell has diligently investigated its allegations in order to identify appropriate witnesses, collect and preserve evidence, and find prior art. Until the current motion, Round Rock refused to name a single Dell product except for DRAC. Dell therefore reasonably focused its investigation on remote server monitoring systems that include a DRAC, relying on Round Rock's pleadings and the Court's ruling limiting the scope of this case. To date, Dell has interviewed over thirty potential witnesses, searched for and located numerous DRAC-related technical, marketing, and financial documents, and has begun collecting and reviewing prior art with the understanding that a remote monitoring system with

DRAC was the sole accused product in the case. Mar Decl. ¶ 14.

While Dell does not oppose the addition of the six new technologies (four software programs that are part of Dell's OpenManage Suite and two hardware components) limited to implementations where the remote monitoring systems includes a DRAC,[3] Dell must revisit its investigation and identify additional witnesses who are knowledgeable about these new technologies and search for and collect additional documents. Dell may also have to re-conduct its prior art search to accommodate Round Rock's expanded interpretation of the scope of the ten patents in this case. Under the current scope of the case, there will already be a substantial amount of discovery into the following issues:

- Ten patents totaling 335 claims at issue;

- Technology that is nearly twenty- years old;

- Nine third-party inventors;

- Assignment history between Micron Technology and non-practicing entity Round Rock Research owned by Plaintiff's counsel;

- Numerous other third parties with relevant information concerning prior art, inventorship, development of the alleged invention, chain of title, and laches; and

- A complex patent prosecution history featuring 106 related patent applications that led to the issuance of the ten patents-in-suit.

With discovery already open and invalidity contentions due in early March 2012 under the Court's proposed schedule, the addition of these six additional software and hardware technologies justifies expanding the Court's proposed case schedule to provide Dell adequate time to investigate these new technologies, conduct the necessary discovery, and prepare its defenses. Since the Court first proposed its schedule on November 7, 2011, Round Rock has

---

[3] To the extent Round Rock seeks to accuse Technologies 4-9 as stand-alone products or in remote monitoring systems that do not include a DRAC, this should be rejected in accordance with Magistrate Mazzant's Report and Recommendation and this Court's November 21 order.

added a tenth patent (the '053 patent) and sought to add nine new accused technologies into the case. In the Addendum to this Opposition, Dell has proposed a case schedule that provides a short extension (2–5 months) for each of the Court's proposed deadlines to account for the addition of the tenth patent and the six technologies that operate with DRAC. Dell respectfully requests that the Court adopt Dell's proposed schedule.

## V. CONCLUSION

For the foregoing reasons, Dell requests that the Court deny Round Rock's motion for reconsideration with regard to the KACE K-1000, SAN Headquarters, and IPMI-compliant products. Dell further requests that the Court accept Dell's proposed scheduling order to provide Dell sufficient time to investigate any new products added to the case.

Dated:  December 20, 2011

*/s/ Deron Dacus*
Roderick M. Thompson (admitted *pro hac vice*)
rthompson@fbm.com
Douglas R. Young (admitted *pro hac vice*)
dyoung@fbm.com
Eugene Mar (admitted *pro hac vice*)
emar@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Deron Dacus (TX Bar No. 00790553)
ddacus@rameyflock.com
RAMEY & FLOCK
100 East Ferguson, Ste. 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413

ATTORNEYS FOR DEFENDANT DELL INC.

## ADDENDUM: DELL'S PROPOSED CASE SCHEDULE

| Pretrial Event | Court's Proposed Date | Dell's Proposed Date |
| --- | --- | --- |
| **Rule 26(f) meeting *** | **12/15/11** | **12/15/11** |
| **File case management plan *** | **12/22/11** | **12/22/11** |
| Deadline to serve PLR 3-1 and 3-2 Infringement Contentions | 12/22/11 | 1/5/12 |
| **Rule 16(b) Scheduling Conf. *** | **1/5/12** | **1/5/12** |
| Rule 26(a)(1) initial disclosures (for liability and damages) | 3/9/12 | 4/6/12 |
| Deadline to serve PLR 3-3 and 3-4 Invalidity Contentions | 3/9/12 | 6/1/12 |
| Deadline to add additional parties | 3/9/12 | 7/13/12 |
| Deadline to amend pleadings (leave needed to amend infringement or invalidity contentions) | 3/9/12 | 7/13/12 |
| Exchange proposed terms for construction (PLR 4-1) | 3/23/12 | 6/22/12 |
| Deadline to file motion to dismiss | 4/6/12 | 7/6/12 |
| Exchange privilege logs | 4/6/12 | 12/1/12 |
| Exchange preliminary claim construction and extrinsic evidence (PLR 4-2) | 4/13/12 | 7/13/12 |
| Deadline to file joint claim construction statement (PLR 4-3) | 5/4/12 | 8/3/12 |
| Deadline to submit **required** tutorial | 5/4/12 | 11/2/12 |
| Deadline to file agreed list of technical advisors (limit 3) | 5/4/12 | 8/3/12 |
| Claim construction prehearing conference | 5/11/12 | Parties agree not necessary |
| Discovery deadline – Claim Construction | 6/7/12 | 9/7/12 |
| Deadline to file opening claim construction brief (PLR 4-5(a)) | 6/22/12 | 9/21/12 |
| Deadline to file responsive claim construction brief (PLR 4-5(b)) | 7/6/12 | 10/12/12 |
| Deadline to file Motion for Summary Judgment of Indefiniteness | 7/6/12 | 10/26/12 |
| Deadline to file Response to Motion for Summary Judgment of Indefiniteness | 7/13/12 | 11/9/12 |
| Deadline to file Reply to Motion for Summary Judgment of Indefiniteness | 7/20/12 | 11/16/12 |
| Deadline to file Claim Construction chart (PLR 4-5(d)) | 7/20/12 | 11/23/12 |
| **Claim Construction Hearing *** | **8/9/12** | **12/14/12 or when court is available** |
| Rule 26(a)(1) initial disclosures related to damages | 9/5/12 | Already disclosed above on 4/6/12 |
| Deadline for party with burden of proof to | 9/19/12 | 2/1/13 |

- 11 -

| | | |
|---|---|---|
| designate expert witnesses and reports | | |
| Deadline to disclose willfulness opinion (PLR 3-7) | 10/5/12 | 2/14/13 |
| Deadline for party without burden of proof to designate expert witnesses and reports | 10/19/12 | 3/1/13 |
| Deadline to notify the Court of a mediator | | 4/5/13 |
| Discovery deadline | 11/5/12 | 4/5/13 |
| **Deadline to file dispositive motions (including *Daubert* motions) *** | **11/19/12** | **4/19/13** |
| Deadline to complete required mediation | 11/27/12 | 5/6/13 |
| Deadline for pretrial disclosures | 1/3/13 | 6/14/13 |
| Deadline to notify court of daily transcript or realtime request | 1/3/13 | 6/14/13 |
| Deadline to file Joint Pretrial Order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | 2/1/13 | 7/12/13 |
| **Pretrial Conference & trial scheduling *** | **3/4/13** | **8/2/13 or when court is available** |

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 20th day of December 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                           /s/ Deron Dacus
                                           Deron Dacus

26975\2881062.3