**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**Sherman Division**

| | |
|---|---|
| **ROUND ROCK RESEARCH, LLC** ) | |
| ) | |
| **Plaintiff,** ) | **No. 4:11-CV-332-MHS-ALM** |
| ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ORACLE CORPORATION and** ) | |
| **DELL INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the conference required by Fed. R. Civ. P. 26(f) was held, and
   identify the counsel who attended for each party, including name, address, bar number,
   phone and fax numbers, and email address.

   The Rule 26(f) conference was held by teleconference on December 14, 2011 at 5
   P.M. Central Standard Time. The following counsel participated:

| Party | Counsel |
|---|---|
| Round Rock Research, LLC | Paul A. Bondor, admitted *pro hac vice* |
| | pbondor@desmaraisllp.com |
| | Jonas R. McDavit, admitted *pro hac vice* |
| | jmcdavit@desmaraisllp.com |
| | DESMARAIS LLP |
| | 230 Park Avenue |
| | New York, NY 10016 |
| | Telephone: (212) 351-3400 |
| | Fax: (212) 351-3401 |
| | |
| | James C. Tidwell |
| | Texas State Bar No. 20020100 |
| | jct@wtmlaw.net |
| | WOLFE, TIDWELL & MCCOY, LLP |
| | 320 N. Travis, Suite 205 |
| | Sherman, TX 75090 |
| | Telephone: (903) 868-1933 |
| | Fax:  (903) 892-2397 |

| Party | Counsel |
|---|---|
| Dell Inc. | Roderick Thompson, admitted *pro hac vice*<br>rthompson@fbm.com<br>Eugene Y. Mar, admitted *pro hac vice*<br>emar@fbm.com<br>FARELLA, BRAUN + MARTEL<br>235 Montgomery St.<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Fax (415) 954-4480<br><br>Deron Dacus<br>Texas State Bar No. 00790553<br>ddacus@rameyflock.com<br>RAMEY FLOCK, LLP<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702<br>Telephone: (903) 597-3301<br>Fax (903) 597-2413 |
| Oracle Corp. | John M. Guaragna<br>john.guaragna@dlapiper.com<br>Texas State Bar No. 24043308<br>DLA PIPER LLP (US)<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701-3799<br>Telephone: (512) 457.7000<br>Fax: (512) 457.7001 |

2. List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties.  Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

| Party | Counsel |
|---|---|
| Round Rock Research, LLC | Paul A. Bondor, admitted *pro hac vice*<br>pbondor@desmaraisllp.com<br>Jonas R. McDavit, admitted *pro hac vice*<br>jmcdavit@desmaraisllp.com<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 351-3400<br>Fax: (212) 351-3401 |

| Party | Counsel |
|---|---|
| | James C. Tidwell<br>Texas State Bar No. 20020100<br>jct@wtmlaw.net<br>WOLFE, TIDWELL & MCCOY, LLP<br>320 N. Travis, Suite 205<br>Sherman, TX 75090<br>Telephone: (903) 868-1933<br>Fax:  (903) 892-2397 |
| Dell Inc. | Roderick Thompson, admitted *pro hac vice*<br>rthompson@fbm.com<br>FARELLA, BRAUN + MARTEL<br>235 Montgomery St.<br>San Francisco, CA 94104<br>Telephone:  (415) 954-4400<br>Fax: (415) 954-4480<br><br>Deron Dacus<br>ddacus@rameyflock.com<br>Texas State Bar No. 00790553<br>RAMEY FLOCK, LLP<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702<br>Telephone:  (903) 597-3301<br>Fax: (903) 597-2413 |
| Oracle Corp. | John M. Guaragna<br>john.guaragna@dlapiper.com<br>Texas State Bar No. 24043308<br>DLA PIPER LLP (US)<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701-3799<br>Telephone: (512) 457.7000<br>Fax: (512) 457.7001 |

3.  List the correct names of the parties to the action.

　　　Round Rock Research, LLC ("Round Rock"), Dell Inc. ("Dell"), and Oracle
Corporation ("Oracle").

4.  List any related cases pending in any state or federal court.  Include the case numbers, the
courts, and how they are related.

　　　Round Rock: None.  Despite Dell's assertion below, the first case Dell lists relates
to different instances of Dell's infringement of Round Rock's patented technology and

involves different patents and accused products.  Further, each of the additional third-party cases listed below relate to different technology, patents, parties, and industries, and have no bearing on the issues of infringement and damages in this case.

Dell contends the following cases are related to this matter:

- *Round Rock Research v. Dell Inc*., No. 1:11-cv-00976-RGA (D. Del.) – this matter features the same parties at issue as this case and concerns 10 additional patents from Round Rock's patent portfolio.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. ASUSTeK Computer Inc*., No. 1:11-cv-00978 (D. Del.) - this matter asserts 9 patents in total, all of which are also asserted in the *Round Rock v. Dell* (D. Del) case.

- *Round Rock Research v. Acer, Inc*., No. 1:11-cv-00977 (D. Del.) – this matter features 9 patents in total, all of which are also asserted in the *Round Rock v. Dell* (D. Del) case.

- *Round Rock Research v. Lenovo Group Ltd*., No. 1:11-cv-01011 (D. Del.) - this matter features 8 patents in total, all of which are also asserted in the *Round Rock v. Dell* (D. Del) case.

- *Round Rock Research v. V.F. Corporation*, No. 1:11-cv-1245 (D. Del.) – this matter features 5 separate patents from Round Rock's patent portfolio.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. PepsiCo, Inc.*, No. 1:11-cv-1244 (D. Del.) – this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. J.C. Penney Company, Inc.*, No. 1:11-cv-1243 (D. Del.) - this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. Hanesbrand Inc.*, No. 1:11-cv-1242 (D. Del.) - this matter

features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case. Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. The Gap, Inc.*, No. 1:11-cv-1241 (D. Del.)  - this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case. Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. Fruit of the Loom, Inc.*, No. 1:11-cv-1240 (D. Del.) - this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. Dole Food Company Inc.*, No. 1:11-cv-1239 (D. Del.) - this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. American Apparel, Inc.*, No. 1:11-cv-1238 (D. Del.) – this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Round Rock Research v. Macy's Inc.*, No. 1:11-cv-1237 (D. Del.) - this matter features the same 5 patents as the *Round Rock Research v. V.F. Corporation* case. Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

- *Sandisk Corp. v. Round Rock Research*, No. 3:11-cv-05243 (N.D. Cal.) – this matter features 11 separate patents from Round Rock's patent portfolio.  Dell contends there are overlapping issues concerning standing and damages because Round Rock purportedly acquired all of its patents from Micron Technology and has been seeking a portfolio-wide license.

5. Briefly describe in 3 pages or less: (a) What this case is about and (b) Each claim or defense.

Plaintiff Round Rock's Statement:

This is a straightforward case of patent infringement.  Dell, a well-known manufacturer and seller of computer equipment and services, has incorporated Round Rock's patented technology in numerous products and product lines.  Although Round Rock sought to resolve that infringement by offering Dell a license, Dell has refused to license the patented technology, and has chosen instead to continue its infringement.  This case seeks to stop that unlawful infringement, and to recover damages resulting from that infringement.

On June 8, 2011, Round Rock filed its original Complaint for Patent Infringement, alleging that Dell directly and indirectly infringe U.S. Patent Nos. 6,088,816; 6,145,098; 6,170,067; 6,199,173; 6,243,838; 6,266,721; 6,425,006; 6,553,416; and 6,681,342. (D.I. 1.)  On November 11, 2011, Round Rock sought leave to amend its Complaint to add an additional count of infringement based on U.S. Patent No. 6,095,053 (the "'053 Patent").  (D.I. 46.)  Defendants did not oppose that motion, which the Court granted on November 16, 2011 (D.I. 49.)  Dell answered Round Rock's Second Amended Complaint on December 1, 2011.  (D.I. 57.)  By stipulation, Oracle's answer is due on December 30, 2012.  (D.I. 55, 56.)  Round Rock and Oracle Corporation have resolved their dispute with a signed settlement and license agreement, and accordingly anticipate that Oracle will be dismissed from this action shortly.

On August 15, 2011 Defendants filed motions to dismiss Round Rock's Complaint.  (D.I. 22, 23.)  On October 25, 2011, the Magistrate Judge Mazzant issued a Report and Recommendation that granted-in-part and denied-in-part Defendants' motions to dismiss, and granted Round Rock leave to amend its complaint.  (D.I. 40.)  On November 8, 2011, Round Rock amended its complaint to comply with the Court's October 25, 2011 Order.  (D.I. 44.)  On November 21, 2001 the Court adopted Judge Mazzant's Report.  (D.I. 51.)  On December 5, 2011 Round Rock moved for reconsideration of the Court's order simply to clarify the scope of the Court's order.  (D.I. 59.)  On December 20, 2011, Dell filed an opposition.  (D.I. 60).  That motion is pending.

On September 7, 2011, Defendants moved to transfer this case to the Western District of Texas under 28 U.S.C. § 1404.  (D.I. 32.)  On October 21, 2011, the Magistrate Judge Mazzant issued a Report and Recommendation that denied Defendants' motion to transfer.  (D.I. 39.)  On November 17, 2001 the Court adopted Judge Mazzant's Report.  (D.I. 50.)

Dell manufactures, markets, and sells computer servers implementing remote monitoring systems that incorporate Round Rock's patented technology.  Dell infringes the Patents-in-Suit by making, selling, offering for sale, and/or importing into the United States infringing systems and by using the infringing methods.  Dell induces and contributes to others' infringement of the claimed systems and methods of the Patents-in-Suit.  Dell's infringement has caused damage to Round Rock and Dell is liable to Round Rock in an amount adequate to compensate Round Rock for that infringement, not less than a reasonable royalty plus interest and costs as fixed by this Court under 35 U.S.C. § 284.

<u>Defendant Dell's Statement</u>

Plaintiff Round Rock Research is a New York-based non-practicing entity whose sole business is to license patents it has purchased from others.  Round Rock is owned by plaintiff's counsel, John Desmarais.  In 2009, Round Rock acquired some 4,200 patents and applications (including the 10 patents at issue in this case and the 10 patents at issue in the Delaware action) from Micron Technology allegedly at Micron's behest.  Round Rock's disclosure of financial interest in this case shows that Micron appears to receive some portion of any license or recovery Round Rock receives from Defendants in this action and the other related actions listed above, and, presumably, whatever it can obtain from any company that it persuades to take a license to its portfolio.

Since the Round Rock-Micron transaction, Round Rock has hired a licensing agent and approached companies from various industries such as computers, mobile handset devices, and retailers and attempted to persuade them purchase  portfolio-wide licenses at exorbitant prices.  If Round Rock is unsuccessful in its initial attempts to obtain a large license fee, Round Rock has increasingly  resorted to filing lawsuits.  Round Rock sued Dell in this action in July 2011 on 9 patents related to server management and monitoring technology.  Round Rock filed a second suit against Dell in the District of Delaware in October 2011 on 9 other  patents covering a different group of technologies.  It has since added a tenth patent to both cases and sought to enlarge the accused products.  In addition, as noted above, it has since filed more than a dozen other lawsuits with the same aim—to pressure companies to pay huge license fees.

The technology at issue in this case—server monitoring and management—has a long history marked by the development of many products in this area by leading companies such as Dell, IBM, Intel, Compaq, Hewlett Packard and Sun Microsystems.  With the rise in popularity of computer servers and advancements in the networking technology in the late 1980s and early 1990s, Dell began developing and providing remote monitoring technology for their servers during that time span.  For instance, as early as 1995, nearly two years prior to the filing of the patents at issue, Dell was providing to the public a remote server monitoring and management tool known as SafeSite to be used with its PowerEdge XE or SP servers.  By the fall of 1996, the first remote monitoring system including DRAC (Dell Remote AssistantCard), the accused product in this case, was released to the public by Dell for use with the PowerEdge 2100 server.  This was nearly one year prior to the filing of the patents at issue in this case.  Since that time, Dell has continued to develop and enhance its server and remote monitoring technologies with subsequent generations of products.

Based on its initial investigation, Dell believes the 10 patents-in-suit trace their origins to a set of provisional patent applications first filed in May 1997 by a company called NetFRAME Systems, Inc.  One month later, in June 1997, Micron acquired NetFRAME to enter into the high-end enterprise server market in a transaction valued at around $14 million.  In an apparent attempt to increase the value of its company just prior to acquisition, NetFRAME's provisional patent applications sought to cover a wide range of aspects of server monitoring and

management technology that had been developed and used by industry players, including NetFRAME, since the late 1980s and early 1990s.

After the acquisition of NetFRAME, Micron immediately embarked on an aggressive campaign to secure patent protection on as many aspects of the network server business as possible, including many techniques and processes that were well-known in the industry and already being deployed by competitors.  In total, Micron filed 106 patent applications that claim priority back to the May 1997 NetFRAME provisionals, including a stunning 68 applications filed on October 1, 1997.  Most, if not all, of these separate but overlapping patent applications cross-reference and "incorporated by reference" the disclosures of the other simultaneously filed applications and some combination of the provisionals.

On information and belief, Micron employed a strategy of overlapping and repetitive claiming in this large number of simultaneously filed patent applications so that the overlapping claims would be assigned to a variety of different patent examiners, thereby increasing the chances that some of the overly broad claims would issue even if other overlapping patent applications were rejected by the Patent Office.  By employing such a strategy, Micron achieved intertwined and repetitive claims on many aspects of the server market, such that even if one of the patents was invalidated in a subsequent proceeding, Micron would have at its disposal additional, overlapping patents to assert or leverage against industry players.

By 2001, Micron's foray into the server business had proved financially unsuccessful, and Micron spun off its computer manufacturing business to Gores Technology Group under the name of MicronPC, and later, MPC Computers.  Meanwhile, Micron retained ownership of the patent portfolio it had acquired from NetFRAME and prosecuted, before eventually selling the portfolio as part of the sale of 4,200 patents and applications to Round Rock in 2009.  Significantly, despite Micron's knowledge of Dell and its server products (Micron is a Dell supplier), Micron never asserted any of the patents in suit against Dell.

Dell expects that this Court will be asked  to address issues concerning whether the accused technology in this case, servers implementing a DRAC-based remote monitoring system, infringe any of the 335 total claims from the 10 patents-in-suit.  DRAC is a proprietary technology independently developed by Dell and its business partners that is separate and distinct from the NetFRAME products that gave birth to the patents-in-suit.  In addition, Dell anticipates that it will assert that each of the 10 patents-in-suit is rendered invalid by prior art products from companies such as IBM, Intel, Compaq, Hewlett Packard, Sun Microsystems, and Dell additional prior art publications and patents, and/or products that were offered for sale by NetFRAME Systems prior to May 1996. Dell also believes that one or more of the 10 patents are invalid for failure to satisfy the requirements of 35 U.S.C. §112 and discovery may reveal that the patents are invalid and/or unenforceable because of the failure to identify all the proper inventors for each patent.

As set forth above and in Dell's Answer, the 10 patents-in-suit may be unenforceable due to unclean hands as a result of (i) Micron's patent filing strategy, or (ii) Micron and its patent

prosecutors' failure to properly cite relevant prior art and other materials relevant to patentability during the prosecution of the 10 patents-in-suit.  Additionally, the '342 patent-in-suit may be unenforceable due to prosecution laches.  Finally, Dell expects this Court will have to address issues concerning damages, including a reasonable royalty if appropriate and Round Rock's willful infringement allegations.

6.  List anticipated additional parties that may be included, when they might be added, and by whom.

> Round Rock does not anticipate the inclusion of any additional party.

> Dell anticipates that it will explore through discovery whether Plaintiff Round Rock owns substantially all rights to the patents-in-suit or its purported assignment is defective for any reason.  Depending on the results of the discovery, Micron Technology, Inc. (and/or perhaps other persons or entities) may need to be added as a necessary and indispensable party.

7.  List anticipated interventions.

> None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1) (other than those pertaining to damages).  If not, describe the arrangements that have been made to complete the disclosures.

> The parties have not exchanged initial disclosures.  The parties have proposed alternative schedules for when initial disclosures would be exchanged.  (see the parties schedule proposals below.)  Round Rock submits that initial disclosures should be exchanged on March 9, 2012.  Dell has proposed exchanging initial disclosures on April 2, 2012.

9.  Describe the proposed discovery/case management plan, including;

> a.  In accordance with Rule 26(f):

>> i.  Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made (*see also* Proposed Dates For Scheduling, ¶ 22);

>>> The parties have proposed alternative schedules for when initial disclosures would be exchanged.  (see the parties schedule proposals below.)  Round Rock and the Court proposes that initial disclosures should be exchanged on March 9, 2012.  Dell has proposed exchanging initial disclosures on April 6, 2012.

ii.   The subjects on which discovery may be needed, when discovery should
be completed, and whether discovery should be conducted in phases or be
limited to or focused on limited issues (*see also* Proposed Dates For
Scheduling, ¶ 22);

*The parties agree* that damages discovery will be coextensive with
fact discovery in this case.

*Round Rock's position*:  Round Rock anticipates that discovery
will be needed on the issues of infringement and damages, including but
not limited to (a) features and operation of Dell's servers and the use of
those servers, (b) Dell's respective sales and revenue data, along with its
policies, procedures, and history regarding the licensing of patents, (c)
Dell's knowledge of the patents-in-suit, and (d) the basis for Dell's
affirmative defenses, including any defenses alleging invalidity of the
Patents-in-Suit.  The foregoing list is not meant to be exhaustive, and
Round Rock reserves the right to discover additional subjects as the case
progresses.

The parties have proposed alternative schedules for discovery.
(see Proposed Dates For Scheduling, ¶ 22.)  Round Rock proposes that all
fact discovery, including discovery related to claim construction, should
be completed by April 13, 2012 and that expert discovery should be
completed by September 7, 2012.

*Dell's position:*  Because Round Rock has asserted 10 patents
against technology dating back into the 1990s, Dell expects that extensive
discovery will be needed to investigate issues of invalidity, non-
infringement, damages, standing/ownership, and enforceability.
Specifically, Dell anticipates that discovery will be needed on the
following issues:

• The bases for Round Rock's infringement contentions;
• Prior art remote monitoring and management technology
practiced or sold by NetFRAME and other third parties in the 1990s;
• The development of industry-wide standards in the field of
remote monitoring and management and participation by Micron and/or
NetFRAME in the development of these standards;
• The bases for Round Rock's damages claim, including its
licensing history and auctioning of covenants-not-to-sue;
• The Micron-Round Rock transaction that included the sale
of 4,200 patents and applications, which include the 10 patents in suit in
this case;

- The relationships between Round Rock and Micron, as well as between Mr. Desmarais and Round Rock, including the nature and scope of their financial interests in the Patent-in-suit and in the outcome of this litigation;
- Micron's acquisition of NetFRAME in 1997, including the acquisition of the provisional applications filed by NetFRAME in May 1997 just weeks prior to the acquisition;
- The bases for Round Rock's prayer for injunctive relief;
- The conception, reduction to practice, and diligence in developing the alleged invention disclosed in the patents-in-suit by the former NetFRAME engineers;
- The scope of the alleged inventions disclosed in the patents-in-suit and the identification of the proper inventors for each patent-in-suit;
- Micron's strategy of simultaneously prosecuting 106 related patent applications on remote monitoring and management;
- The bases for Round Rock's standing to bring suit, including the alleged ownership and assignment history of the patents-in-suit; and
- Micron's knowledge of Dell's DRAC products during the late 1990s and early 2000s and its actions or inactions in enforcing its patents relating to the laches and equitable estoppel defenses.

Third-party discovery will be also extensive in this case, including 9 inventors, 2 sets of patent prosecutors from 2 different law firms, Micron, Round Rock's auctioneer ICAP Ocean Tomo, Round Rock's agent IPValue, prior art technology from companies like IBM, and standard-setting organizations. To accommodate for the expected discovery, Dell proposes that all discovery (expert, liability, and damages) close in April 2013.

iii. Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

The parties discussed production of Electronically Stored Information (ESI) during the Rule 26(f) conference. The parties generally agreed that an agreed-upon framework for ESI Discovery would be helpful and appropriate. The parties agreed to continue to discuss ESI discovery with the intention to submit a Joint ESI Discovery Plan.

iv. The steps already taken or that will be taken for preserving discoverable information, including ESI;

Round Rock has taken reasonable steps to preserve potentially relevant and discoverable information, including ESI.

Dell has taken reasonable steps to preserve potentially relevant and discoverable information, including ESI, and has sent a letter to Round Rock detailing the scope of its preservation efforts.

v. Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production;

*With respect to inadvertent production, the parties propose the following:* Consistent with Fed. R. Evid. 502, if a party notifies another party that it has disclosed documents that are protected by the attorney-client privilege or work product doctrine and/or any other applicable privilege or immunity, or a party receiving documents for inspection or production discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection either as to the specific material or information disclosed or as to any other material or information relating thereto on the same or related subject. Upon request or discovery of such materials, the receiving party must immediately, but in no case later than ten (10) days from said request or discovery, return all paper copies and destroy all electronic copies of such disclosed document(s). After returning all paper copies and destroying all electronic copies, the receiving party may challenge the propriety of the asserted privilege or immunity by submitting a written challenge to the Court.

*The parties further propose the following:* The parties agree that testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in another case be subject to discovery in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion or other materials to a testifying expert, who then relies upon such information, opinion or other materials in forming his/her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying expert or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purpose of this litigation.

*The parties further agree* that, with respect to privilege logs*,* the parties do not have to log any communications transmitted after the filing of this lawsuit.

vi.   Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

A.    <u>Testifying Experts.</u>

*Round Rock proposes*: the parties' may have up to three (3) testifying experts.

*Dell proposes*:  the parties may have up to five (5) testifying experts.

*Explanation of Round Rock's position*:  Given the routine issues presented by this case, one technical expert, one damages expert, and one additional expert should be adequate, absent some good cause shown at some future point.

*Explanation of Dell's position*:  This case is hardly routine.  The 10 patents asserted by Round Rock cover a range of hardware and software components related to server management and monitoring.  As a result, multiple technical experts may be needed to testify about the different hardware and software elements at issue in this case, and different experts may be needed to testify about the validity and infringement issues.  In addition, because of the convoluted prosecution history of the related 106 patent applications, an expert on the patent prosecution process may be necessary.  Finally, Dell intends to provide expert testimony regarding damages in this case.

B.    <u>Interrogatories.</u>

*The parties propose* that each party may serve up to a total of 25 interrogatories as permitted under the Federal Rules of Civil Procedure.

C.    <u>Requests for Admission</u>

*Round Rock proposes*: Each party may serve up to 25 requests for admission  That customary limit should be sufficient for the parties, absent good cause shown at some future date.

*Dell proposes*:  Each party may serve up to 40 requests for admission.  Because of the high number of claims and issues in this case, additional requests for admission may be useful in narrowing the issues of the case.

D.    Requests for Production

*Round Rock proposes*:  Based this Court's past practices and past scheduling orders, Round Rock understands that Requests for Production are not required.

*Dell proposes*:  Based on the Federal Rules of Civil Procedure and Dell's understanding of general practice in this District, Dell understands that Requests for Production are required.  Dell proposes that each party may serve up to 75 requests for production.

E.    Fact Depositions

*Round Rock proposes*: Each Side is permitted to take up to 70 hours of deposition testimony, inclusive of third party depositions.  The parties agree that no single witness shall be deposed for more than seven (7) hours.  The Court may grant additional time for good cause shown. Expert depositions are addressed separately below.

*Dell proposes*:

(a) For the 9 inventors in the case: 63 total hours of deposition
(b) An additional 70 hours per party for third-party depositions
(c) 14 hour limit on 30(b)(6) depositions per party plus additional 14 hours total for all party witnesses per party

*Explanation of Round Rock's position*:

Dell's estimates of the discovery required for this straightforward case are significantly overstated.  Both parties could accomplish the necessary discovery with seventy hours of depositions, which could be enlarged at a later date for good cause shown.  Dell's proposal to limit particular categories of deponents is unnecessary and appears designed to impede Round Rock's necessary discovery.

In particular, because 30(b)(6) testimony will be a necessary tool for efficient discovery from Dell, Round Rock currently anticipates at least four 30(b)(6) depositions of Dell witnesses:  at least one corporate technical representative, at least one corporate marketing representative, at

least one corporate financial representative, and at least one corporate licensing representative.  Round Rock anticipates that those depositions can be completed by its proposed close of fact discovery in July 2012.

Accordingly, the Court should reject Dell's proposed 14-hour limit on that important avenue of efficient discovery.

*Explanation of Dell's position*:

Because of the high number of third-party witnesses who may have relevant knowledge regarding issues pertaining to assignment history, ownership, laches, invalidity, enforceability, and damages, Defendants request that a collective total of 63 hours of deposition be set aside for the 9 inventors, and each party is permitted to a take an additional 70 hours of third-party depositions.  Third-party witnesses who have relevant knowledge include the 9 named inventors on the 10 asserted patents, the 2 patent prosecution firms who prepared the provisional and regular patent applications, Micron Technology, Plaintiff's auctioneer ICAP Ocean Tomo, Plaintiff's licensing agent IPValue, Plaintiff's investor Gemas Capital, standard setting organizations who have issued specifications relevant to remote monitoring and management, and technology companies such as IBM, Hewlett Packard, and Intel with prior art products.

Limiting each party to 14 hours of 30(b)(6) deposition time in addition to 14 additional hours total of deposition time for party witnesses is appropriate here to ensure that parties do not harass each other's witnesses with unnecessary depositions.  The deposition discovery that Round Rock anticipates taking from Dell (described above) can be sufficiently completed within this framework.

F.      Expert Depositions.

*The parties propose*:  Each expert witness may be deposed for up to 7 hours.  If the expert serves more than one report that expert may be deposed for up to 10 hours.

b.   Of whom and by when plaintiff anticipates taking oral depositions.

Round Rock anticipates taking oral depositions of Dell's corporate representatives and other fact witnesses with knowledge of relevant facts, including at least Dell's employees identified in its Motion to Transfer, as well as the depositions of Dell's experts.  Round Rock also anticipates deposing at least one corporate technical representative, at least one corporate marketing representative, at least one corporate financial representative, and at least one

corporate licensing representative from Dell.  Round Rock anticipates that those depositions can be completed by its proposed close of fact discovery in July 2012.

c.   Of whom and by when defendant anticipates taking oral depositions.

At this time, Dell anticipates deposing the following individuals or

companies:

- Round Rock Research
- Micron Technology
- IPValue
- ICAP Ocean Tomo
- Gemas Capital
- Wilson Sonsini Goodrich & Rosati
- Knobbe Martens Olson & Bear
- John Desmarais
- Dallas Martin
- Gerry DeBlasi
- Karl Johnson
- Walter Wallach
- Ken Nguyen
- Carlton Amdahl
- Ahmad Nouri
- Ji-hwan Liu
- Tahir Sheikh
- Srikumar Chari
- Kenny Bright
- Other former NetFRAME employees
- IBM
- Intel
- Hewlett Packard
- Distributed Management Task Force

Dell anticipates that the above depositions can be completed by the proposed close of fact discovery in April 2013.

d.   When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports (*see also* Proposed Dates For Scheduling, ¶ 22).

For applicable deadlines related to expert witnesses, please see the Round Rock and Dell's proposed schedules included herein.

e.   When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

Round Rock anticipates taking expert depositions of Dell's experts in August and September 2012, and completing them by September 7, 2012.

f.   When the opposing party anticipates taking expert deposition and the anticipated completion date.

Dell anticipates taking expert depositions during the month of March 2013 and should be completed by April 5, 2013.

g.   Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

As set forth in the proposed schedules included herein, Round Rock proposes that there should be separate deadlines for the completion of fact discovery and expert discovery.  Dell proposes that there be a single deadline for fact and expert discovery.  For the applicable deadlines proposed by each party, please see Paragraph 22.

h.   The need for specific limits on discovery related to Claim Construction, including depositions of fact or expert witnesses.

The parties do not believe there needs to be specific limits on discovery related to Claim Construction; rather they should be included in the overall limits on discovery proposed above.

i.   Whether the Court should authorize the filing under seal of any documents containing confidential information.

The parties agree that the Court should authorize the filing under seal of documents containing confidential information.  The parties are in the process of negotiating a Protective Order, which they will file with the Court.

j.   If the parties disagree on any part of the discovery plan, describe the opposing views.

Disagreements are noted within the body of the plan and in the parties' respective proposed schedules.

10. Specify any discovery beyond the initial disclosures that has taken place to date.

None.  Round Rock will produce its Local Patent Rule 3-1 and 3-2 Disclosures to Dell on December 22, 2011.

11. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.

    a.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

        Settlement discussions have been and continue to be conducted between Round Rock and Dell.

    b.  Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

        Round Rock has had open settlement discussions with counsel for Dell but have not been able to reach a resolution.  To date, Round Rock has requested accelerated production of sales and financing information from Dell, and Dell has requested that Round Rock accelerate production of licenses and covenants not to sue pertaining its patent portfolio.

    c.  State whether a demand and an offer have been made.

        Round Rock made a demand of Dell several months ago.  Dell has not responded with a counter-offer.  Dell contends that without information concerning Round Rock's other licenses and covenants not to sue, Dell has been handicapped in its ability to properly evaluate Round Rock's demand.

    d.  If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

        The parties propose Judge Robert Faulkner as a mediator.

12. State whether a Claim Construction Prehearing Conference should be held after the parties file the Joint Claim Construction and Prehearing Statement provided for in P.R. 4-3.

    The parties would like to provide the Court with any information that the Court would find helpful, but at this time, the parties do not believe a Claim Construction Prehearing Conference will be necessary.

13. State whether the parties anticipate live testimony at the Claim Construction Hearing.

    Based on past experience, live testimony is not likely to be necessary.

14. State the proposed order of presentation at the Claim Construction Hearing.

*The parties jointly propose that*:  The hearing will be conducted term by term with each party presenting its proposed construction.  The parties will alternate its order of presentation on a term by term basis (e.g. Round Rock will present first on Term 1 of its choosing; Dell will present first on Term 2 of its choosing, etc.).

15. Specify the number of hours each party needs for the Claim Construction Hearing.

Round Rock anticipates that the Claim Construction Hearing will take less than 3 hours.

Dell requests that 3 hours be set aside for the Claim Construction Hearing because there are 10 patents and up to 335 claims involved.

16. State whether a jury demand has been made and if it was made on time.

Round Rock made a timely jury demand when it filed the Complaint on June 8, 2011 (D.I. 1).

Dell made a timely jury demand when it filed its Answer on December 1, 2011. (Dkt. 51).

17. Specify the number of hours each party will need to present evidence and cross-examine witnesses in the trial of this case.

Based on the information available, Round Rock proposes that each side be given twenty (20) hours to present their case.

Based on its investigation to date, Dell proposes that each side be given 40 hours to present their case.

18. List any pending motions that could be ruled on at the Scheduling Conference.

Round Rock's Motion for Reconsideration of the Court's November 21, 2011 Order Adopting the Report and Recommendation of Magistrate Judge Mazzant. (D.I. 59.)

19. List all other pending motions.

None.

20. Indicate other matters peculiar to this case, including discovery, that deserve the special

attention of the Court at the Scheduling Conference.

Round Rock's Statement:

The parties have discussed the appropriate parameters for e-discovery, but have not yet come to agreement.  Round Rock's proposal includes many aspects of Dell's proposal below, with certain modifications consistent with the standard ESI rules promulgated recently by the District Court for the District of Delaware, which will govern other litigation between the parties.

The major areas of disagreement in this case are simply the overall number of custodians for whom email discovery will be conducted, and the number of search terms that is appropriate for the case.  Round Rock has proposed that the number of email custodians should include the party witnesses on each party's initial disclosure and trial witness lists, plus up to five additional custodians to be selected by the opposing party.  With respect to each such custodian, Round Rock proposes that email discovery be limited to ten search terms per custodian, with (as contemplated by both parties' proposals) with disjunctive search strings (use of "OR") counting as two search terms (unless they are variants of the same word) and the use of conjunctive search strings (use of "AND") counting as one search term.

Accordingly, *Round Rock proposes*:

1. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.  (Agreed)

2. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests. (Agreed)

3. Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A of the District Court of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information need not be preserved.

4. Within 30 days after January 5, 2012, each party shall disclose:

(a)     Custodians.  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

(b)     Non-custodial data sources.[1] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preesration and production consideration, from the most likely to the least likely.

5. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  (Agreed)

6. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify appropriate search terms and appropriate timeframes.

7. E-mail production requests are permitted for party witnesses on each party's initial disclosures and trial witness lists, plus up to five additional custodians to be selected by the requesting party.

8. The parties may jointly agree to modify the limit on number of custodians without the Court's leave, and the Court may also consider additional contested requests for good cause shown.

9. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The parties may jointly agree to modify this limit without the Court's leave, and the Court may also consider additional contested requests for good cause shown.

10. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.  (Agreed)

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any

---

[1] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage, or maintain the ESI in the system or container (e.g., an enterprise system or database).

other federal or state proceeding.  (Agreed)

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.  (Agreed)

Dell's Statement:

Although the parties have discussed the contours of adopting the Model Order Regarding E-Discovery in Patent Cases, which was developed by the E-Discovery Committee, including Chief Judge Randall Rader (Fed. Cir.), former Magistrate Judge Chad Everingham (ED Tex), Chief Judge James Ware (ND Cal), and Judge Virginia Kendall (ND Ill), the parties have not reached an agreement.  Accordingly, *Dell proposes* as follows:

1. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

2. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

3. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

4. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

5. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

6. Dell originally proposed that each requesting party limit its email production requests to a total of five custodians per producing party for all such requests.   As a result of the Rule 26(f) conference, Dell has offered to provide email production from a total of 7 custodians, with 4 that are of Dell's choosing and 3 that are of Round Rock's choosing.  The identification of any custodian for email production is subject to further good faith meet and confer (and relief from the Court if necessary) to determine the relevance of that custodian's email to the issues of this case.

7. The parties may jointly agree to modify the limit on number of custodians without the Court's leave. The Court shall consider contested requests for up to three

additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

8. Dell originally proposed that each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  After the Rule 26(f) conference, Dell offered to increase the total to seven search strings per custodian per party, with disjunctive search strings (use of "OR") counting as two search strings and the use of conjunctive search strings (use of "AND") counting as one search string. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to three additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

9. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

21. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 of the Order to Meet, Report and Appear at Scheduling Conference, listing the date of the original and any amendments.

On November 22, 2011, the parties filed their respective Disclosure of Interested Persons as directed in paragraph 3 of the Order to Meet, Report and Appear at Scheduling Conference. (D.I. 52, 53, 54.)

22. <u>Proposed Dates for Scheduling.</u>  Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case.  Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial.  The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The court's suggested dates and events may be appropriate for this case.  <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the court's calendar.**

<u>Round Rock's Statement</u>:  Despite Dell's repeated claims, this case remains a straightforward patent case.  All of the patents at issue address closely related technology directed toward the remote management and monitoring of servers, and all of the accused products function in strikingly similar ways.  Nor has the scope of the action expanded, as Dell claims; on the contrary, from the first complaint, Round Rock's infringement claims have been directed to, and remain directed to "'servers implementing a remote monitoring system,' such as ILOM or DRAC," precisely as the Court found in resolving the motions to dismiss.  As all parties recognized, there was nothing about the addition of the '053 patent that substantially enlarged the issues in litigation, and the Court permitted that amendment accordingly.  Nor, despite Dell's new assertions, is there anything about the assignment history of the patents, nor the pendency of unrelated litigation with different parties, different products, different technologies and different industries that justifies the extended schedule Dell proposes.  On the contrary, if the parties direct their discovery efforts to the actual issues in the case: infringement, validity, and damages based on the patents at issue between these parties in this litigation, Round Rock's proposed schedule provides more than sufficient time for both parties to prepare their cases for a trial in October 2012.

<u>Dell's Statement</u>:  Since the Court proposed its original schedule on November 7, this case has expanded, and Round Rock has filed a pending motion asking the Court to expand it further.  On November 14, Round Rock filed its Second Amended Complaint, adding a 10th patent to the case and bringing the total number of claims up to 335 across the 10 patents.  In addition, Round Rock has filed a Motion for Reconsideration of this Court's Order adopting the Magistrate's Recommendation on Dell's Motion to Dismiss to add 9 new accused technologies into the case.  While Dell opposes the inclusion of 3 of the new accused technologies on the bases that it is not part of a remote monitoring system that includes a DRAC, the addition of 6 previously unidentified technologies hampers Dell's ability to prepare its defenses and conduct a thorough investigation before invalidity contentions and claim construction exchanges are due.

In short, this is no ordinary patent case.  It is a complex case involving a large number of patents and claims, complex technology and extensive 15-year-old prior art products, and a over-inclusive list of accused products.  It will also involve novel issues of patent ownership, standing and prosecution practices. Thus, Dell requests the Court adopt its proposed schedule to provide Dell with 2-5 additional months per deadline to complete its factual investigation into the newly accused technologies and re-search for prior art as necessary under Round Rock's expanded view of the case.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | Round Rock's PROPOSED DATES | Dell's Proposed Date |
|---|---|---|---|
| **Rule 26(f) meeting\*** | **December 15, 2011** | **December 15, 2011** | **December 15, 2011** |
| **File case management plan\*** | **December 22, 2011** | **December 22, 2011** | **December 22, 2011** |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions with respect to Dell (P.R. 3-1 and 3-2) | December 22, 2011 | December 22, 2011 | January 5, 2012 |
| **Rule 16(b) scheduling conf.\*** | **January 5, 2012** | **January 5, 2012** | **January 5, 2012** |
| Rule 26(a)(1) initial disclosures (except damages, unless the parties agree otherwise) | March 9, 2012 | March 9, 2012 (both liability and damages) | April 6, 2012 (both liability and damages) |
| Deadline to serve Invalidity Contentions (P.R. 3-3 ad P.R. 3-4) | March 9, 2012 | March 9, 2012 | June 1, 2012 |
| Deadline to add additional parties | March 9, 2012 | March 9, 2012 | July 13, 2012 |
| Deadline to amend pleadings. Parties must request leave pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions.  A request for leave is also required if the amendment seeks to add a new patent. Otherwise, leave is not required. | March 9, 2012 | March 9, 2012 | July 13, 2012 |
| Exchange proposed terms for construction (P.R. 4-1) | March 23, 2012 | March 9, 2012 | June 22, 2012 |
| Deadline to file motions to dismiss | April 6, 2012 | December 22, 2011 | July 6, 2012 |
| Exchange privilege logs | April 6, 2012 | March 9, 2012 | December 1, 2012 |
| Exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | April 13, 2012 | March 16, 2012 | July 13, 2012 |
| Deadline to file Joint Claim Construction and Prehearing | May 4, 2012 | March 23, 2012 | August 3, 2012 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | Round Rock's PROPOSED DATES | Dell's Proposed Date |
|---|---|---|---|
| Statement (P.R. 4-3) | | | |
| Deadline to file **required** tutorial | May 4, 2012 | March 30, 2012 | November 2, 2012 |
| Deadline to file agreed list of proposed technical advisors (limit three) | May 4, 2012 | March 30, 2012 | August 3, 2012 |
| Claim Construction Prehearing Conference | May 11, 2012 10:00am Sherman, Texas | April 6, 2012 (if desired by the Court) | August 10, 2012 (if desired by the Court) |
| Discovery Deadline – Claim Construction | June 7, 2012 | April 13, 2012 | September 7, 2012 |
| Deadline to file opening Claim Construction brief (P.R. 4-5(a)) | June 22, 2012 | April 13, 2012 | September 21, 2012 |
| Deadline to file response to Claim Construction Brief (P.R. 4-5(b)) | July 6, 2012 | April 27, 2012 | October 12, 2012 |
| Deadline to file Motion for Summary Judgment of Indefiniteness | July 6, 2012 | April 27, 2012 | October 26, 2012 |
| Deadline to file reply to Claim Construction brief (P.R. 4-5(c)) | July 13, 2012 | May 11, 2012 | |
| Deadline to file response to Motion for Summary Judgment of Indefiniteness | July 13, 2012 | May 11, 2012 | November 9, 2012 |
| Deadline to file reply to Motion for Summary Judgment of Indefiniteness | July 20, 2012 | May 18, 2012 | November 16, 2012 |
| Deadline to file Claim Construction chart (P.R. 4-5(d)) | July 20, 2012 | May 11, 2012 | November 23, 2012 |
| **Claim Construction Hearing (i.e. *Markman* hearing) (P.R. 4-6)\*** | **August 9, 2012 at 9:00am at the U.S. Courthouse Annex Sherman, Texas** | **June 1, 2012 at 9:00am or when court is available** | **December 12, 2012 or when court is available** |
| Rule 26(a)(1) initial disclosures related to damages | September 5, 2012 | July 13, 2012 | Already disclosed above on April 6, 2012 |
| Fact Discovery Deadline | | July 27, 2012 | No separate fact discovery cut-off |
| Deadline for party with burden of proof to designate expert | September 19, 2012 | August 3, 2012 | February 1, 2013 |

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | Round Rock's PROPOSED DATES | Dell's Proposed Date |
|---|---|---|---|
| witnesses & reports | | | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | October 5, 2012 | August 3, 2012 | February 14, 2013 |
| Deadline for party without the burden of proof to designate expert witnesses & reports | October 19, 2012 | August 17, 2012 | March 1, 2013 |
| Deadline to notify the Court of a mediator | | August 31, 2012 | April 5, 2013 |
| Expert Discovery deadline | November 5, 2012 | September 7, 2012 | April 5, 2013 |
| **Deadline to file dispositive motions (including *Daubert* motions)*** | **November 19, 2012** | **September 14, 2012** | **April 19, 2013** |
| Deadline to complete **required** mediation | November 27, 2012 | September 21, 2012 | May 6, 2013 |
| Deadline for pretrial disclosures | January 3, 2013 | September 28, 2012 | June 14, 2013 |
| Deadline to notify court of daily transcript or realtime request | January 3, 2013 | October 5, 2012 | June 14, 2013 |
| Deadline to file Joint Pretrial Order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | February 1, 2013 | October 5, 2012 | July 12, 2013 |
| **Pretrial Conference & trial scheduling*** | **March 4, 2013, at 9:00 a.m. in Sherman, Texas** | **October 19, 2012 or when court is available** | **August 2, 2013 or when Court is available** |

Dated:  December 22, 2011

By: /s/ Paul A. Bondor
    Paul A. Bondor
    pbondor@desmaraisllp.com
    Lead Attorney

Jonas R. McDavit
jmcdavit@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169

Respectfully submitted,

By: /s/ Roderick Thompson
    Roderick Thompson
    rthompson@fbm.com

Eugene Y. Mar
emar@fbm.com
FARELLA, BRAUN + MARTEL
235 Montgomery St.
San Francisco, CA 94104
Telephone: (415) 954-4400

(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*Round Rock Research, LLC*

And

By: /s/ James C. Tidwell
    James C. Tidwell
    Texas State Bar No. 20020100
    jct@wtmlaw.net

WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*Round Rock Research, LLC*

Fax (415) 954-4480

*Lead Counsel for Defendant*
*Dell Inc.*

And

By: /s/ Deron Dacus
    Deron Dacus
    Texas State Bar No. 00790553
    ddacus@rameyflock.com

RAMEY FLOCK, LLP
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-3301
Fax (903) 597-2413

*Local Counsel for Defendant*
*Dell Inc.*