# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROUND ROCK RESEARCH, LLC | § | |
| | § | |
| V. | § | CASE NO. 4:11CV332 |
| | § | (Judge Schneider/Judge Mazzant) |
| ORACLE CORPORATION and DELL, INC. | § | |

## DISCOVERY ORDER

This Discovery Order applies to all discovery and disclosures. Absent a subsequent order, this Discovery Order will control until the disposition of this case.

1. **Initial Disclosures:** To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling/Docket Control Order. Initial Disclosures consist of the disclosures required by Federal Rule of Civil Procedure 26(a)(1) and the information listed below:

   a. the correct names of the parties to the lawsuit;

   b. the name, address, and telephone number of any potential parties;

   c. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   d. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

   e. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  f. any settlement agreements relevant to the subject matter of this action.

  Additionally, each party must produce a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and ***that is relevant to the claim or defense of any party***. Initial disclosures include materials related to damages by agreement of the parties.

2. **Damages Disclosures:** To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Damages Disclosures must be completed by the date set in the Scheduling/Docket Control Order. Damages Disclosures consist of the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) including a complete computation of any category of damages claimed by any party to the action. The parties must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

3. **Privileged Information:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in the Scheduling Order. No later than thirty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

4. **Duty to Supplement:** After disclosures are made pursuant to the controlling discovery and scheduling orders, each party is under a duty to supplement or correct

its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

5. **Discovery Limitations:** Absent further order of this Court, discovery in this cause is limited to the disclosures described in this order and the Local Patent Rules, together with 25 interrogatories, 40 requests for admissions, depositions of the parties, expert depositions, depositions on written questions of custodians of business records for third parties, and 110 hours of deposition time per side. "Side" means a party or a group of parties with a common interest. Time will count whether used in direct examination or cross-examination of any witness. Each side will be limited to five (5) testifying expert witnesses. No single witness will be deposed for more than seven (7) hours. An expert witness may be deposed for up to seven (7) hours. If the expert serves more than one report, that expert may be deposed for up to ten (10) hours. The Court may grant additional time for good cause shown.

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

6. **No Excuses:** A party is not excused from the requirements of this Discovery Order

because it has not completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss or to change venue.

7. **Disputes:** Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties must proceed in accordance with Local Rule CV- 26(f).

8. **Protective Orders:** The Court will enter a Protective Order in this case. If the parties believe a modified order is necessary, they may submit an agreed proposed order to the Court. If the parties are unable reach an agreement, they must submit competing motions to the Court limited to five pages each. The parties must identify the provision on which they cannot agree and explain the reasons for their disagreement. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause

9. **Courtesy Paper Copies & Markman Hearing Binders:** Each party must submit to the court a paper courtesy copy of any motion totaling more than ten pages in length, including exhibits. Such courtesy copies need not be submitted in binders.

For each claim construction brief filed, the filing party must submit two paper courtesy copies to the court and one paper courtesy copy to the technical advisor, if

applicable. Each claim construction courtesy copy must be submitted in a ringed binder with appropriately tabbed dividers. If appropriate, due to the volume of exhibits, a party may contact the court or the technical advisor to make alternate submission arrangements.

**It is SO ORDERED.**

**SIGNED this 6th day of January, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE